IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2021
```

| | |
|---|---|
| SARAH VALELLY, Individually and on Behalf of All Other Persons Similarly Situated, | : : : |
| Plaintiff, | : Civil Action No. 19-CV-07998 (VEC) : |
| v. | : : |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | : [PROPOSED] STIPULATED ORDER : FOR THE PRODUCTION AND : EXCHANGE OF CONFIDENTIAL : INFORMATION : |
| Defendant. | : : |

Pursuant to Federal Rule of Civil Procedure 26(c), this matter comes before the Court by stipulation of plaintiff Sarah Valelly ("Plaintiff") and defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Defendant") for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either Plaintiff or Defendant (each a "Party" and collectively the "Parties") and their respective counsel or by any non-party in the course of discovery in the above-captioned action (the "Litigation") to the extent set forth below (the "Stipulation and Order"); and the Parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.  This Stipulation and Order is being entered into to facilitate the production, exchange, and discovery of documents and information that any Party or non-party believes in good faith merit confidential treatment. This Stipulation and Order shall govern the handling

of all responses to discovery requests, documents, depositions, deposition exhibits, interrogatory responses, admissions, transcripts of depositions, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties to the Litigation (such information or material is hereinafter referred to as "Discovery Material").

2. As used herein:

(a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, to the extent that the Party or non-party designating the Discovery Material as confidential in good faith reasonably believes that such Discovery Material contains nonpublic information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information, or other information, the disclosure of which would, in the good faith judgment of the Producing Party (as defined below) be harmful to the conduct of the Producing Party's business or personal affairs or the business or personal affairs of any of the Producing Party's customers or clients.

(b) "Producing Party" shall mean the Party or non-party producing Confidential Information in connection with this Litigation, including in depositions, document productions, or otherwise.

(c) "Receiving Party" shall mean the Party or non-party receiving Confidential Information in connection with this Litigation, including in depositions, document productions, or otherwise.

3. Any Party or non-party may designate Discovery Material as Confidential Information by affixing the notation "CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated as confidential, providing written communication to the respective counsel for the Parties hereto, or by other appropriate means. Either Party may designate Discovery Material as Highly Confidential Information (as defined below) by affixing the notation "HIGHLY CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated highly confidential, providing written communication to the respective counsel for the Parties hereto, or by other appropriate means. In addition, the Producing Party may also redact non-party non-public personal information in Discovery Material. The procedure for challenging such redactions is the same as the procedure for challenging a confidentiality designation. The Parties acknowledge that certain personal identifying information, such as certain customer account information, is relevant to allegations in this Action, and shall meet and confer in good faith to discuss mechanisms by which discovery into such allegations can occur without the disclosure of such information.

4. A Producing Party may designate a document as Confidential Information after such document has been produced by following the procedures set forth below in Paragraph 15.

5. Once designated, any such document shall be treated as Confidential Information. The Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and the absence of such a challenge shall not preclude or prejudice a subsequent challenge thereto.

6. In the event of a dispute regarding the propriety of designations of Discovery Material made under this Order, the Parties shall follow the procedures set forth in Section 3.B ("Discovery Disputes") of Judge Caproni's Individual Practices in Civil Cases. The Discovery Material in dispute shall continue to be treated as Confidential Information unless and until the Court rules otherwise.

7. Use and Disclosure of Confidential Information

    (a) Except with the prior written consent of the Producing Party or by order of the Court, the Receiving Party may not use Confidential Information for any purpose other than the prosecution, defense, or settlement of the Litigation and shall not furnish, show, disclose, or provide access by any other manner inconsistent with this Stipulation and Order to any person or entity other than:

    1) any Party, or personnel of any Party actually engaged in assisting counsel in the conduct of this Litigation and who have been advised of their obligations hereunder;

    2) former personnel of any Party, who would have had access to the Confidential Information during the term of their employment, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, execute a written agreement, in the form attached as Exhibit A hereto (the "Confidentiality Undertaking"), to comply with and be bound by this Stipulation and Order's terms. If the former personnel or their counsel refuse to execute the Confidentiality

4

        Undertaking, then they shall not be furnished with Confidential Information;

3) counsel for any Party named in this Litigation and their associated attorneys, temporary attorneys, paralegals, other professional personnel (including support staff), and service vendors (including outside copying and litigation support services, class notice and claims administrators, and e-discovery vendors) who are assisting such counsel in the conduct of this Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

4) experts or consultants retained by the Parties or their counsel to furnish assistance or technical or expert services in connection with the conduct of this Litigation or to give testimony in the course of the conduct of this Litigation and the employees of such experts or consultants when working in connection with the conduct of this Litigation; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with Paragraph 8 hereof;

5) the Court and Court personnel, if filed in accordance with Paragraph 13 hereof, as well as mediators (whether appointed by the Court or retained by the parties) and their staff;

6) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony or acknowledgment by a Party's counsel that the person was the author or a recipient of the document, provided

    that the only Confidential Information that may be furnished, shown, or disclosed to said person shall be the documents for which there is evidence that said person was the author, addressee, or a recipient;

7) an officer before whom a deposition is taken in this Litigation, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

8) trial and deposition witnesses and their counsel, during the course of, to the extent necessary, and in preparation for trial or depositions in this Litigation, provided, however, that such Confidential Information is disclosed in accordance with Paragraphs 10 and 11, respectively, hereof, and that prior to disclosure, the disclosing Party shall request that such persons and their counsel execute a copy of the Confidentiality Undertaking; if such persons or their counsel refuse to execute the Confidentiality Undertaking, then (subject to order of the Court) they shall not be furnished with Confidential Information; and

9) any other person agreed to by the Parties or ordered by the Court.

(b) Nothing in this Stipulation and Order shall be construed as a waiver of the right of any Party to object to the disclosure of Confidential Information to a potential adverse witness or deponent.

(c) In connection with the prosecution, defense, or settlement of the Litigation, the Producing Party shall use Confidential Information produced in this Litigation in a manner consistent with this Stipulation and Order.

8. Discovery Material shall be utilized by recipients only for the purpose of this Litigation and for no other purposes. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph 7(a)(2), (4), and (8) hereof, counsel for the Receiving Party shall obtain a Confidentiality Undertaking signed by the expert or consultant, in the form of Exhibit A attached hereto.

9. All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, the deposition, or pages thereof, may be designated as Confidential Information by any Party. If any deposition or pretrial testimony is designated as Confidential Information, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Confidential Information.

10. In the event that a Party seeks to use Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Confidential Information through such use. Prior to any hearing or trial in which Confidential Information may be referenced, counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Receiving Party may use such Confidential Information only after taking such steps as agreed to by the Parties or as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

11. Counsel for the respective Parties must maintain a record of all executed Confidentiality Undertakings, but they need not be produced to opposing counsel.

12. A Party may designate as Confidential Information subject to this Stipulation and Order any Discovery Material produced or given by any non-party to this Litigation, or any portion thereof that qualifies as Confidential Information pursuant to Paragraph 2(a). In the case of such Discovery Material, the designation shall be made by stamping the documents CONFIDENTIAL in the lower left portion of each page of the designated document, or where documents are provided in native format, by designating them as CONFIDENTIAL in a field or on the face of the media on which the data is delivered. In the case of testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Confidential Information at any time up to thirty (30) days after the transcript is received by the counsel designating the testimony as Confidential Information. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13. Filing of Confidential Information:
    (a) When filing documents containing Confidential Information with the Court, the Parties shall follow Section 5 of Judge Caproni's Individual Practices in Civil Cases and the protocols for electronic filings in the Southern District of New York. All pleadings, briefs, or memoranda which reproduce, paraphrase, or disclose any documents which have been designated by a Party as comprising or containing

        Confidential Information shall, to the extent practicable, identify such documents by the production number ascribed to them at the time of production.

    (b) Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs, or memoranda to the Court. Such courtesy copies shall note in the caption or in otherwise conspicuous fashion that they contain or disclose Confidential Information under this Stipulation and Order.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Stipulation and Order.

15. The unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation shall not waive any such designation. If the Producing Party notifies the Receiving Party of an unintentional failure to designate materials as confidential, the Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within ten days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall destroy all Discovery Material that was identified as incorrectly designated. A Receiving Party shall not be in breach of this Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate, but shall cooperate in good faith with the Producing Party's effort to ensure that its material remains confidential. Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such

Discovery Material at the appropriately designated level pursuant to the terms of this Stipulation and Order.

16. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation and Order.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

18. A Producing Party may also designate Discovery Material as "Highly Confidential Information." This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information." The provisions of this Stipulation and Order, including all usage, dissemination, and disclosure limitations, shall be applicable to "Highly Confidential Information" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation and Order, no disclosure of Highly Confidential Information may be made to any persons other than (i) persons identified in Paragraph 7(a)(3), (4), (5), (6), (7), (8), and (9), if furnished, shown, or disclosed in accordance with Paragraph 8 hereof, (ii) the Court and Court personnel, if filed in accordance with Paragraph 12 hereof, and (iii) Plaintiff, subject to the following conditions: (a) Plaintiff's counsel will only disclose Highly Confidential Information to

Plaintiff that counsel believes in its sole discretion is necessary to facilitate representation of Plaintiff's interests in this Litigation; (b) upon termination of the Litigation, Plaintiff will certify that she has destroyed all Highly Confidential Information pursuant to the terms set forth in paragraph 31 hereof; (c) Plaintiff may not discuss the content of Highly Confidential Information with anyone other than Plaintiff's counsel and experts or consultants retained in connection with this matter; and (d) before receiving or reviewing any Highly Confidential Information, Plaintiff will execute a written agreement attesting to her understanding of and agreement to the restrictions set forth herein governing Plaintiff's access to Highly Confidential Information. Highly Confidential Information may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel. Nothing in this Paragraph shall otherwise preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulation and Order. In the event that Plaintiff decides to accept employment in the financial industry, Plaintiff will disclose that fact to Defendant. Upon the acceptance of such employment, the parties shall promptly meet and confer in good faith to develop new protocols governing the disclosure (if any) of Highly Confidential Information to Plaintiff.

19. A Producing Party's unintentional disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the bank examiner privilege, or any other privilege, immunity, or protection from disclosure ("Privileged Documents"), shall not constitute a waiver with respect to

such Privileged Documents or generally of such privilege, immunity, or protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same. The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party. Upon written notification of inadvertent production of privileged materials (hereinafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless the Court later designates the Identified Materials as not privileged or protected.

(a) The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, electronic rooms, and any other location that is used to store the discovery documents. The Receiving Party may make no use of the Identified Materials during any aspect of this Litigation or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected.

(b) The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

20. If a Receiving Party receives Discovery Material that, on its face, appears to be a Privileged Document and does not appear to have been intentionally produced or made available, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged. The Receiving Party shall

immediately notify the Producing Party in writing that the Receiving Party possesses Discovery Material that appears to be a Privileged Document and identify such Discovery Material. In the event alleged Privileged Documents were unintentionally disclosed, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return, destruction, or deletion of the Identified Materials pursuant to Paragraph 19. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Materials, and note the fact that the Materials were discovered through an unintentional production, but the basis for such a motion may not be the fact or circumstances of the production. This provision does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, the bank examiner privilege, or any other potentially applicable privilege or doctrine. This provision also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in this Stipulation and Order.

21. This Stipulation and Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion or request to the Court. Moreover, Parties will confer in good faith about immaterial deviations from or modifications to this Stipulation and Order, and such changes may be effectuated without a court order.

22. The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by either Party and agrees that under such circumstances the

Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

23. The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Stipulation and Order. All disputes concerning Discovery Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

24. Nothing herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials, or information designated as Confidential Information or Highly Confidential Information that have been obtained lawfully by such Party independently of the proceedings in this Litigation.

25. In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

26. Any Party issuing a subpoena to a Non-Party shall either enclose a copy of this Stipulation and Order or notify the Non-Party that the Stipulation and Order has been filed in this Action and is obtainable upon request.

27. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same penalties and sanctions as if this Stipulation and Order had been entered by the Court.

28. Procedure for Handling Legal Demands for Confidential Information:

(a) If a Receiving Party is served with a subpoena, document demand, or other similar request under applicable federal or state law (a "Demand") and the Discovery Material sought by the Demand was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Confidential Information.

(b) If, within ten business days of receiving such notice in Paragraph 28(a), the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Confidential Information, the Receiving Party shall object to the Demand, citing this Stipulation and Order and the Producing Party's objection to the Demand, and shall not thereafter produce such Confidential Information, except as court ordered or otherwise required by law, unless the Producing Party communicates in writing that it no longer objects to the Demand or fails to fulfill its responsibility to pursue the objection as set forth in this paragraph. The Producing Party shall be responsible for promptly pursuing the objection to the Demand, including by attempting in good faith to meet and confer with the party seeking the Confidential Information to determine whether the objection can be resolved without court intervention, and, if necessary, seeking a protective order, filing a motion to quash, or otherwise seeking appropriate judicial relief. Other than giving notice to the Producing Party and objecting to the Demand as set forth herein, the Receiving Party has no obligation to oppose the Demand.

(d) Nothing herein shall be construed as requiring anyone covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

(e) In the event that Confidential Information is produced to a non-party to this Stipulation and Order in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential Information by the Parties to this Stipulation and Order.

29. This Stipulation and Order shall continue to be binding after the conclusion of this Litigation except that (i) there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal); and (ii) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

30. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of this Litigation.

31. Within sixty (60) days after the final termination of this Litigation by settlement or exhaustion of all appeals (the "Final Termination"), all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, including copies of electronic documents maintained in databases or other electronic locations. In the event

the physical objects and documents are to be destroyed, the Receiving Party shall certify in writing within sixty (60) days of the Final Termination of this Litigation that it has undertaken reasonable effort to destroy such physical objects and documents and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, copies of court filings, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. To the extent that persons retain documents containing Confidential Information upon the Final Termination of this Litigation, said persons shall maintain the confidentiality of this Confidential Information in accordance with the terms of this Stipulation and Order. Nothing in this paragraph shall be construed to require a Receiving Party to destroy Confidential Information retained on back-up tapes or cloud back-ups or to require the Receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of Confidential Information. The destruction or deletion of the folders where the Confidential Information is stored (e.g., the deletion of the Confidential Information from the document review platform used by counsel) shall constitute reasonable effort to destroy all such Confidential Information. Nothing in this paragraph shall impose upon any Party an obligation to search and review any individual files or folders (such as email) for references to Confidential Information.

32. When any Receiving Party sends any Discovery Material marked Confidential to others designated in this Order as authorized to receive Discovery Material, the Receiving Party shall encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in

hard copy/paper form, the Receiving Party shall ship the Discovery Material using secure packaging tape via Federal Express or United Parcel Service and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

33. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

34. This Stipulation and Order may be changed by further order of the Court and is without prejudice to the right of either Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. All modifications of, waivers of, and amendments to this Stipulation and Order must be in writing and approved by, or on behalf of, the Parties.

Counsel for the Parties:

| **WOLF POPPER LLP** | **DAVIS POLK & WARDWELL LLP** |
|---|---|
| By: /s/ Robert C. Finkerl<br>Robert C. Finkel<br>Adam J. Blander<br>Antoinette Adesanya<br>845 Third Avenue<br>New York, NY 10022<br>Tel: 212-759-4600<br><br>*Attorneys for the Plaintiff and the Putative Class* | By: /s/ Paul S. Mishkin<br>Paul S. Mishkin<br>Lara Samet Buchwald<br>Alexa B. Lutchen<br>450 Lexington Avenue<br>New York, New York 10017<br>Tel: 212- 450-4000<br><br>*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated* |

**SO ORDERED.**

Date: 6/23/2021
New York, NY

_____
VALERIE CAPRONI
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information (except to the extent that I am an officer, director, employee, agent, or contractor of the Producing Party and have received the Confidential Discovery Material through sources other than this litigation, in which case this provision does not apply). By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Printed Name: _____

Signature: _____