**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2022

DIRECT DIAL:  (212) 451-9667
EMAIL:          ablander@wolfpopper.com

March 11, 2022

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: **Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,
          Case No. 1:19-cv-07998 (VEC)**

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and March 2, 2022 Order approving the parties' proposed sealing procedures (Dkt. 86), plaintiff Sarah Valelly and defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") move for leave to file under seal or in redacted form various materials submitted by plaintiff in support of her motion for class certification.[1]

This letter motion follows a meet and confer process, where defense counsel advised plaintiff that it wishes to redact and/or seal certain documents and information that defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and its affiliate, non-party Bank of America, N.A. (also represented by defense counsel, and hereinafter referred to as "BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Materials").

The positions of the parties and non-party BANA are set forth below. Plaintiff ultimately takes no position on the sealing requests, but sets forth certain points to which Merrill and BANA respond below.

---

[1] Pursuant to the Court's Order, plaintiff served her opening papers on defense counsel last Friday, March 4, 2022, by email. She is e-filing those papers herewith.

Wolf Popper LLP          NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS          wolfpopper.com

Honorable Valerie E. Caproni
March 11, 2022
Page 2

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to seal three categories of their sensitive business information, which Plaintiff has referenced in her opening memorandum of law, a supporting declaration, and the exhibits to her motion:

- The first category is BANA's methodology for setting interest rates, including the specific factors considered when determining rates, its competitive analysis, and references to proposed rate changes. Non-party BANA views this information as highly sensitive; it is internal methodology used by the Deposit Pricing working group, and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The second category concerns the financial implications of BANA's rate decisions. Non-party BANA views this second category of information as highly sensitive; it is the output of some of the highly sensitive methodologies used by the Deposit Pricing working group or the Finance team to model financial impacts of potential future rate changes. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The third category concerns financial information relates to the total amount of cash or accounts in Merrill Lynch investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts. Merrill Lynch views this third category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types. Merrill Lynch does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill Lynch. Current and former Merrill Lynch employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified content to be redacted and/or sealed based on a tailored application of these three categories.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates […] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products."). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these three categories of highly sensitive business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access). Discussions about the cost or profit to BANA of interest rates adjustments and metrics information related to Merrill Lynch's cash and account holdings, are highly sensitive and akin to the "pricing, costs, revenue, and profit information" and "financial metrics" that courts have held "could result in significant harm to [a party] without providing much value in the monitoring of the federal courts." *Id.* at *3 (S.D.N.Y. May 5, 2020). Moreover, strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to shield sensitive, nonpublic, and proprietary information concerning its rate setting methodology, including from third-party industry participants with which BANA might

Honorable Valerie E. Caproni
March 11, 2022
Page 4

compete.  Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

One day prior to the filing of this letter, BANA and Merrill Lynch learned that Plaintiff had apparently chosen to take the position that none of the confidential and proprietary—and largely non-party—information in the exhibits in support of Plaintiff's motion for class certification should be sealed or redacted.  After correspondence today, Plaintiff has ultimately asserted that it takes no position on the sealing requests.  Merrill Lynch and BANA nevertheless respond to Plaintiff's points below in an effort to further clarify the basis for their respective sealing requests.

Plaintiff suggests that the methodology and specific factors that BANA considers when determining interest rates for its longstanding products, such as the RASP sweep program, may be stale.  That is not accurate.  The methodology has not changed since the time period at issue in the litigation.  BANA's sweep products, including the RASP program, are still active offerings to clients and customers.  The deposit pricing working group ("Deposit Pricing Working Group") that conducts market research and analysis to determine interest rates continues to meet on a weekly basis to discuss sweep products using the same methodology and specific factors.  And courts in this district have specifically held that a company's "interest in protecting the sensitive business information of its active business units . . . outweighs the public's presumed right of access."  *Valassis Commc'ns*, 2020 WL 2190708 at *3.

Plaintiff further suggests, without any support, that dozens of people participated in or were privy to the discussions of and factors considered by the Deposit Pricing Working Group.  This statement is not accurate. The Deposit Pricing Working Group was a small group that included just a handful of longstanding employees responsible for rate determinations.  Two of the employees on the Deposit Pricing Working Group, Aileen Gleason and Sheldon Luo, testified in their depositions that they had been with BANA and responsible for deposit pricing for over a decade each.  Sheldon Luo, in particular, has been with BANA and Merrill Lynch for over twenty years, and has also been responsible for determining interest rates on sweep products since at least 2001.  Luo Tr. 13:6–12.  That recommendations were shared internally does not alter the analysis, and does not mean that the group responsible for rate setting was more than a small, core working group.

**Plaintiff's Statement**

There is a high standard for redacting court documents.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v.Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  The standard should be particularly high in a class action where class members have an interest in following the litigation.

Wolf Popper LLP  NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS  wolfpopper.com

Honorable Valerie E. Caproni
March 11, 2022
Page 5

BANA seeks redaction of three categories of information. The first category is the cost to BANA of increasing interest rates paid to investors. This information does not merit confidential protection. *Simpson v. Peloton Interactive, Inc.*, No. 20-CV-7630 (VEC), 2020 U.S. Dist. LEXIS 203646, at *4 (S.D.N.Y. Oct. 28, 2020) (only "*valuable* insights into a company's *current* business practices that a competitor would seek to exploit" merit redactions) (citation omitted) (emphasis added). That such facts may "embarrass" BANA does not "overcome[e] the presumption of immediate public access." *Id.* at *2 (citation omitted). The second category is the amount of cash in Merrill Lynch investment accounts swept or otherwise transferred to affiliated entities during certain periods of time in the past. These figures are over three years old and do not merit confidentiality. The third category is BANA's "methodology" for setting interest rates. Only the methodology for setting rates, at most, is proprietary information that justifies confidential treatment. And plaintiff questions whether a methodology that relies on market benchmarks and selective competitors' rates, is truly proprietary.[2]

Notwithstanding the foregoing, in light of defense counsel's representations to plaintiff earlier today that the methodology at issue is still employed by BANA and that disclosure of the relevant materials will harm it and Merrill Lynch, plaintiff takes no position on defendant's request.

\* \* \*

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff's Memorandum of Law In Support of Motion for Class Certification | Portions of this memorandum of law should be redacted because it contains financial information related to the total amount of cash swept or account balances; references to specific factors, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Ex A – Excerpts of Luo Transcript | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |

---

[2] Notwithstanding defendant's contention, tens of BANA and Merrill Lynch personnel were involved in rate setting. For example, Exhibit C, which defendant seeks to have the Court seal, was distributed to 26 Merrill Lynch or BANA employees.

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Ex C - BANA_00003830-33 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex G - Pl Exhibit 82-83 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; specific factors considered when determining whether to change rates; the methodology used in part for internal financial forecasting; financial implications of specific rate decisions; and competitive analysis. |
| Ex I - Excerpts of Gleason Transcript | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex J - BANA_00035654-55 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; specific factors considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex L - BANA_00002699 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; references to proposed rate changes; specific factors considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex M – Transcript of January 28, 2022 Conference | Portions of the transcript should be redacted because they contain references to specific factors considered when determining whether to change rates. Defendants will be submitting a request to file this redacted version of the transcript on the docket on or before the March 14, 20222 deadline. *See* ECF Nos. 82, 83. |

Wolf Popper LLP    NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS    wolfpopper.com

Honorable Valerie E. Caproni
March 11, 2022
Page 7

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Ex N - BANA_00047779 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to methodology used in part for internal financial forecasting; and references to proposed rate changes. |
| Ex P - BANA_00007926–27 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; and references to methodology used in part for internal financial forecasting |
| Ex Q - BANA_00048172 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; and the financial implications of specific rate decisions. |
| Ex R - Pl Exhibit 26 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; specific factors considered when determining whether to change rates; financial implications of specific rate decisions; and competitive analysis.. |
| Ex T - Pl Exhibit 27 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; and financial implications of specific rate decisions. |
| Ex U - Pl Exhibit 106 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; and references to methodology used in part for internal financial forecasting. |
| Ex V - Pl Exhibit 29 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; and financial implications of specific rate decisions. |
| Ex W - Pl Exhibit 32 | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; and the financial implications of specific rate decisions. |
| Ex X - BANA_00044932 | This document should be sealed because it contains specific factors considered when determining whether to change rates; and references to proposed rate changes. |

**Wolf Popper LLP**     NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS     wolfpopper.com

Honorable Valerie E. Caproni
March 11, 2022
Page 8

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Ex Y - BANA_00008663 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; specific factors considered when determining whether to change rates; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex DD - Pl Exhibit 75 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; and competitive analysis. |
| Ex EE - Excerpts of Foskett Transcript | This document should be sealed because it contains competitive analysis. |
| Ex FF - MLPFS_00033900-02 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances. |
| Ex GG - Merrill Lynch's Responses and Objections to Plaintiff's First Se[t of Interrogatories] | Portions of this document should be redacted because they contain the number of specific accounts maintained and the number of statement-linked accounts. |
| Ex JJ - Officer Merrill Report | Portions of this expert report should be redacted because they quote from other Relevant Materials and contain financial information related to the total amount of cash swept or account balances; references to specific factors, methodology and model in connection with rate-setting; the financial implications of specific rate decisions; forecasted rate changes; and competitive analysis. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| **WOLF POPPER LLP** | **DAVIS POLK & WARDWELL LLP** |
| *Robert C. Finkel* | *Lara Samet Buchwald* |
| Robert C. Finkel | Paul S. Mishkin |
| Adam J. Blander | Lara Samet Buchwald |
| Antoinette Adesanya | Alexa B. Lutchen |
| 845 Third Avenue | 450 Lexington Avenue |

Wolf Popper LLP     NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS     wolfpopper.com

Honorable Valerie E. Caproni
March 11, 2022
Page 9

New York, New York 10022
Tel.: 212.759.4600

New York, New York 10017
Tel.: 212.450.4000

*Attorneys for Plaintiff and the
Putative Class*

*Attorneys for Defendant Merrill Lynch,
Pierce, Fenner & Smith Incorporated and
Non-party Bank of America, N.A.*

cc:   All counsel of record (via ECF)

> Application GRANTED.

SO ORDERED.

*[signature]*   3/14/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE