**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/2022

March 15, 2022

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated</u>,
   Case No. 1:19-cv-07998 (VEC)

Dear Judge Caproni:

We represent Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") in the above-referenced action. Pursuant to Rule 5.B.ii. of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter motion requesting that the public transcript of the Court's January 28, 2022 conference (ECF No. 82) (the "Transcript") be narrowly redacted to protect certain confidential and competitively sensitive information produced in this litigation by non-party Bank of America, N.A. ("BANA"). The Court has already approved the filing of the Transcript with the same redactions requested herein in connection with its use as an exhibit to Plaintiffs' Motion for Class Certification. *See* ECF Nos. 95 (Ex. M to Class Certification Motion), 96 (Order Granting Letter Motion to Seal).

The Transcript contains commercially sensitive information concerning Merrill Lynch's methodology for rate setting, which Merrill Lynch maintains as confidential in the ordinary course of business and does not disclose to the public or to competitors. This information could be used by competitors to disadvantage Merrill Lynch if publicized. *See* ECF No. 90 at 2–4.

The Second Circuit has recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing. *Hanks* v. *Voya Retirement Insurance & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

"Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as that contained in the Transcript. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" (citation omitted)). Merrill Lynch respectfully submits that limited redactions are warranted here to shield the sensitive, nonpublic, and proprietary information concerning non-party BANA's rate setting methodology, including from third-party industry participants with which Merrill Lynch might compete. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-2014, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (recognizing that "[t]he interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law

Davis Polk

presumption [of access]" and granting protective order for documents that, if disclosed, could cause "significant competitive disadvantage") (internal citation and quotation marks omitted).

Merrill Lynch has sent these proposed redactions to Plaintiff's counsel, and Plaintiff has confirmed that she does not take any position with respect to the proposed redactions.

* * *

As required by Rule 5.B.iii. of Your Honor's Individual Practices, Merrill Lynch respectfully submits herewith: (i) an unredacted copy of the transcript, which, if Merrill Lynch's application were granted, would remain under seal; and (ii) a proposed public version of the Transcript reflecting Merrill Lynch's requested redactions.

We are available to provide any additional information that would help facilitate the Court's disposition of this request. We thank the Court for its consideration.

Respectfully submitted,

/s/ Lara Samet Buchwald

Lara Samet Buchwald

CC:     All counsel of record (via ECF)

Application GRANTED.

SO ORDERED.

*[signature: Valerie Caproni]*

3/16/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE