**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2022

May 10, 2022

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,
      Case No. 1:19-cv-07998 (VEC)

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the May 5, 2022 Order approving the parties' proposed sealing procedures (Dkt. 106), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") moves for leave to file under seal or in redacted form various materials submitted by Defendant in support of its opposition to Plaintiff's motion for class certification.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact and/or seal certain documents and information that Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Materials").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to seal three categories of their sensitive business information, which Plaintiff has referenced in her opening memorandum of law, a supporting declaration, and the exhibits to her motion. These categories, described below, are the same as those that were the subject of the parties' prior joint motion regarding redaction and sealing, which the Court granted in full (ECF No. 96). Defendant is not proposing to redact or seal any new categories of sensitive information this time.

- The first category is BANA's methodology for setting interest rates, including the specific factors considered when determining rates, its competitive analysis, and references to proposed rate changes. Non-party BANA views this information as highly sensitive; it is internal methodology used by the Deposit Pricing working group, and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The second category concerns the financial implications of BANA's rate decisions. Non-party BANA views this second category of information as highly sensitive; it is the output of some of the highly sensitive methodologies used by the Deposit Pricing working group or the Finance team to model financial impacts of potential future rate changes. BANA does not share this information with the public, it does not share this information with

---

[1] Pursuant to the Court's Order, Defendant served its opening papers on Plaintiff's counsel last Tuesday, May 3, 2022, by email. Defendant is e-filing those papers herewith.

  competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA.  Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The third category concerns financial information relates to the total amount of cash or accounts in Merrill Lynch investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts.  Merrill Lynch views this third category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types.  Merrill Lynch does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill Lynch.  Current and former Merrill Lynch employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified content to be redacted and/or sealed based on a tailored application of these three categories.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here.  *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates […] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products.").  For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand.  *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these three categories of highly sensitive business information represent "countervailing factors outweighing the presumption of public access."  *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access).  Discussions about the cost or profit to BANA of interest rates adjustments and metrics information related to Merrill Lynch's cash and account holdings, are highly sensitive and akin to the "pricing, costs, revenue, and profit information" and "financial metrics" that courts have held "could result in significant harm to [a party] without providing much value in the monitoring of the federal courts."  *Id.* at *3 (S.D.N.Y. May 5, 2020).  Moreover, strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy

**Davis Polk**  Honorable Valerie E. Caproni

those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to shield sensitive, nonpublic, and proprietary information concerning its rate setting methodology, including from third-party industry participants with which BANA might compete. Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

**Plaintiff's Statement**

As Plaintiff stated more fully in connection with Defendant's earlier motion to seal (ECF No. 96), the standard for redacting or sealing court documents is high – especially in a class action, which potentially affects the rights of unnamed parties. However, in light of the Court's prior order granting Defendant's motion to seal, and reserving all rights, Plaintiff takes no position on the Motion.

\* \* \*

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Merrill's Memorandum of Law In Opposition to Plaintiff's Motion for Class Certification | Portions of this memorandum of law should be redacted because it contains references to specific factors, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Merrill's Memorandum of Law In Support of Its Motion To Exclude The Opinions and Testimony of Plaintiff's Proposed Expert | Portions of this memorandum of law should be redacted because it contains references to specific factors, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Ex D – Rebuttal Expert Report of Andrea Eisfeldt, Ph.D. | Portions of this expert report should be redacted because they quote from other Relevant Materials and contain financial information related to the total amount of cash swept or account balances; references to specific factors, methodology and model in connection with rate-setting; the financial implications of specific rate decisions; forecasted rate changes; and competitive analysis. |
| Ex E – Excerpts of Luo Transcript | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex F - Excerpts of Gleason Transcript | This document should be sealed because it contains specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Ex H - Excerpts of Officer Transcript | This document should be sealed because it quotes from other Relevant Materials; contains specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex I - BANA_00010615 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex J - BANA_00048206 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; references to proposed rate changes; references to methodology used in part for internal financial forecasting; specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex K – BANA_00000978 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**WOLF POPPER LLP**

*/s/ Robert C. Finkel*
Robert C. Finkel
Adam J. Blander
Antoinette Adesanya
845 Third Avenue
New York, New York 10022
Tel.: 212.759.4600

*Attorneys for Plaintiff and the Putative Class*

**DAVIS POLK & WARDWELL LLP**

*/s/ Lara Samet Buchwald*
Paul S. Mishkin
Lara Samet Buchwald
Alexa B. Lutchen
450 Lexington Avenue
New York, New York 10017
Tel.: 212.450.4000

*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and Non-party Bank of America, N.A.*

cc:   All counsel of record (via ECF)

Application GRANTED.

SO ORDERED.

*[signature: Valerie Caproni]*   Date: 5/13/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE