**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

**MEMO ENDORSED**

DIRECT DIAL: (212) 451-9620
EMAIL: rfinkel@wolfpopper.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2022

July 12, 2022

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,
        Case No. 1:19-cv-07998 (VEC)**

Dear Judge Caproni:

Pursuant to Rule 5(B) of this Court's Individual Practices in Civil Cases and the July 1, 2022 Order approving the parties' proposed sealing procedures (Dkt. No. 124), plaintiff Sarah Valelly and defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") move for leave to file under seal or in redacted form various materials submitted by plaintiff in further support of her motion for class certification and in opposition to Merrill Lynch's *Daubert* motion to strike expert testimony.[1]

This letter motion follows a meet and confer process, where defense counsel advised plaintiff that it wishes to redact and seal certain documents and information that Merrill and its affiliate, non-party Bank of America, N.A. (also represented by defense counsel, and hereinafter referred to as "BANA"), have designated as confidential or highly confidential under the governing protective order (the "Relevant Materials").

The positions of the parties and non-party BANA are set forth below.  Reserving all rights, plaintiff takes no position on defendant's requests, with the exception of its request to redact four quotations from plaintiff's memoranda of law and from plaintiff's expert's rebuttal report, which plaintiff opposes.

---

[1] Pursuant to the Court's Order, plaintiff served her opening papers on defense counsel on June 30, 2022, by email. She is e-filing those papers herewith.

Wolf Popper LLP        NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS        wolfpopper.com

Honorable Valerie E. Caproni
July 12, 2022
Page 2

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to seal three categories of their sensitive business information, which Plaintiff has referenced in her reply memorandum of law, a supporting declaration, and the exhibits to her motion. These categories, described below, are the same as those that were the subject of the parties' prior joint motions regarding redaction and sealing, both of which the Court granted in full. (Dkt. Nos. 96, 120.) Defendant is not proposing to redact or seal any new categories of sensitive information at this time.

- The first category is BANA's methodology for setting interest rates, including the specific factors considered when determining rates, its competitive analysis, and references to proposed rate changes. Non-party BANA views this information as highly sensitive; it is the internal methodology used by the Deposit Pricing working group, and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The second category concerns the financial implications of BANA's rate decisions. Nonparty BANA views this second category of information as highly sensitive; it is the output of some of the highly sensitive methodologies used by the Deposit Pricing working group or the Finance team to model financial impacts of potential future rate changes. BANA does not share this information with the public, it does not share this information with with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

- The third category concerns financial information relates to the total amount of cash or accounts in Merrill Lynch investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts. Merrill Lynch views this third category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types. Merrill Lynch does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to

> Merrill Lynch. Current and former Merrill Lynch employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified content to be redacted and/or sealed based on a tailored application of these three categories.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates […] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products."). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these three categories of highly sensitive business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access). Discussions about the cost or profit to BANA of interest rates adjustments and metrics information related to Merrill Lynch's cash and account holdings, are highly sensitive and akin to the "pricing, costs, revenue, and profit information" and "financial metrics" that courts have held "could result in significant harm to [a party] without providing much value in the monitoring of the federal courts." *Id.* at *3 (S.D.N.Y. May 5, 2020). Moreover, strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny*

Honorable Valerie E. Caproni
July 12, 2022
Page 4


*Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Props., Inc. Litig.*, No. 15 CIV. 307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to protect sensitive, nonpublic, and proprietary information concerning its rate setting methodology, including from third-party industry participants with which BANA might compete. Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

Although Plaintiff does not object to the categories of sensitive business information that Merrill and non-party BANA seek to seal—the same categories that were the subject of the parties' prior joint motions, which the Court granted—Plaintiff objects to the redactions of four quotations. The objection is puzzling because these quotations fall squarely into the first category of sensitive business information, relating to "BANA's methodology for setting interest rates, including the specific factors considered when determining rates, its competitive analysis, and references to proposed rate changes." Indeed, the Court has previously approved redactions in Plaintiff's prior filings that are similar to, or even identical in part with, these quotations.[2] This fact belies Plaintiff's unfounded speculation that Merrill proposes to redact these quotations only because their public disclosure would "embarrass" BANA. Further, these redactions are consistent with information courts in this district routinely determine outweighs the public's presumed right of access. *See, e.g.*, *In re Am. Realty Cap. Props.*, 2019 WL 11863704, at *1 (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). By seeking to redact these quotations, Merrill and BANA are not proposing any *new* categories of information to be shielded from public view, but are merely following their prior redaction approach that has been approved by this Court.

**Plaintiff's Statement**

There is a high standard for redacting court documents. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). The standard should be particularly high in a class action where class members have an interest in following the litigation.

Reserving all rights while plaintiff's class certification motion is pending, plaintiff takes no position on the redacting or sealing of material that relate to the rate-setting methodology at issue

---

[2] By way of example, Merrill and BANA hereby reference the following redacted sentences in Plaintiff's previously filed motion for class certification filings as similar to the four quotations which plaintiff claims should be non-redacted. *See* Pl.'s Mot. for Class Cert. at 7 n.6; 12–13 (Dkt. No. 93); Dr. Officer's Expert Report ¶ 34 (Dkt. No. 95-19) at.

Wolf Popper LLP     NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS     wolfpopper.com

Honorable Valerie E. Caproni
July 12, 2022
Page 5

in this litigation, given defense counsel's representation that BANA still employs this methodology, and that its disclosure would harm BANA and Merrill Lynch.[3]

The quotations at issue, however, which discuss BANA's profit motives, lack any substantive discussion regarding methodology.[4] Disclosure of these quotations would not benefit any of BANA's competitors at BANA's expense. When plaintiff sought clarification from defense counsel on this point, counsel relied instead on the fact that the Court has previously approved redaction requests relating to BANA's methodology. But plaintiff disagrees that the quotations relate to any proprietary methodology. That the disclosure of the quotations may potentially "embarrass" BANA does not "overcome[e] the presumption of immediate public access." *Simpson v. Peloton Interactive, Inc.*, No. 20-CV-7630 (VEC), 2020 U.S. Dist. LEXIS 203646, at *2 (S.D.N.Y. Oct. 28, 2020) (citation omitted).

\*     \*     \*

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff's Reply Memorandum In Further Support of Motion for Class Certification | Portions of this reply memorandum should be redacted because they contain references to the specific factors, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to the specific factors considered when determining such changes; and because they quote from other Relevant Materials. |
| Plaintiff's Memorandum In Opposition to Merrill's Motion to Exclude the Opinion of Professor Micah Officer | Portions of this memorandum of law should be redacted because they contain references to the specific factors, methodologies, competitive analysis, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to the specific factors considered when determining such changes; and because they quote from other Relevant Materials. |
| Ex AAA – Expert Rebuttal Report of Professor Micah Officer, Ph.D. | Portions of this expert report should be redacted because they quote from other Relevant Materials and contain financial information related to the total amount of cash |

---

[3] As previously noted, plaintiff "questions whether a methodology that relies on market benchmarks and selective competitors' rates, is truly proprietary." Dkt. No. 96 at 5.

[4] Plaintiff does not describe the quotations further in deference to defendant's wishes. Plaintiff respectfully submits that the quotes speak for themselves. The quotations at issue are:
    a) Quotation from Exhibit NN (BANA_00006391). *See* Reply Brief at 5, n. 8.
    b) Quotation from Exhibit H (MLPFS_000011770). *See* Reply Brief at 6, n. 9.
    c) Quotation from Ex. RR (BANA_00006218). *See Daubert* Opposition Brief at 18; Expert Rebuttal Report at 37, n. 139 & at 39, n. 143.
    d) Quotation from MLPFS_000011770. *See* Expert Rebuttal Report at 37, n. 129.

Wolf Popper LLP    NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS    wolfpopper.com

Honorable Valerie E. Caproni
July 12, 2022
Page 6

| | |
|---|---|
| | swept or account balances; references to the specific factors, methodologies, competitive analyses, and models in connection with rate-setting; the financial implications of specific rate decisions; and forecasted rate changes. |
| Ex LL – Eisfeldt Deposition Transcript | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex MM – BANA_00007189–93 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex NN – BANA_00006391–95 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; the specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex OO – Luo Deposition Transcript | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex PP – MLPFS_00017863–66 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and the specific factors including competitor benchmarks considered when determining whether to change rates. |
| Ex QQ – MLPFS_00011770–77 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for |

Wolf Popper LLP    NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS    wolfpopper.com

Honorable Valerie E. Caproni
July 12, 2022
Page 7

| | |
|---|---|
| | internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex RR – BANA_00006218–25 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex SS – BANA_00029401–23 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex TT – BANA_00006309–10 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; the specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex UU – BANA_00031087–1103 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; the specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex VV – BANA_00046302–03 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; the specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex WW – BANA_00027284–85 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |

Wolf Popper LLP        NEW YORK / PUERTO RICO / TEXAS / ILLINOIS / MASSACHUSETTS        wolfpopper.com

Honorable Valerie E. Caproni
July 12, 2022
Page 8

| | |
|---|---|
| Ex XX – BANA_00048206 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |
| Ex YY – BANA_00010614–15 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; the specific factors including competitor benchmarks considered when determining whether to change rates; and the financial implications of specific rate decisions. |
| Ex ZZ – BANA_00010753, BANA_0001075356 | This document should be sealed because it contains the specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**WOLF POPPER LLP**                                   **DAVIS POLK & WARDWELL LLP**


*/s/ Robert C. Finkel*                                 */s/ Lara Samet Buchwald*
Robert C. Finkel                                       Paul S. Mishkin
Adam J. Blander                                        Lara Samet Buchwald
Antoinette Adesanya                                    Cristina M. Rincon
845 Third Avenue                                       450 Lexington Avenue
New York, New York 10022                               New York, New York 10017
Tel.: 212.759.4600                                     Tel.: 212.450.4000

*Attorneys for Plaintiff and the*                      *Attorneys for Defendant Merrill Lynch,*
*Putative Class*                                       *Pierce, Fenner & Smith Incorporated and*
                                                       *Non-party Bank of America, N.A.*


cc:     All counsel of record (via ECF)

Application GRANTED.

SO ORDERED.

*[signature: Valerie Caproni]* Date: 8/4/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE