**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2023

# MEMO ENDORSED

April 11, 2023

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,
Case No. 1:19-cv-07998 (VEC)**

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the April 6, 2023 Order approving the parties' proposed sealing procedures (ECF No. 161), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or "Defendant") moves for leave to file in redacted form Plaintiff's Memorandum in Support of Motion for Reconsideration and/or Clarification ("Plaintiff's Motion") (ECF No. 160).

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact certain information in Plaintiff's Motion that Merrill Lynch and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to seal certain sensitive business information referenced in Plaintiff's Motion. The information that Merrill Lynch and BANA seek to redact here is the same as the information that was the subject of the parties' prior joint motions regarding redaction and sealing, all of which the Court granted in full (ECF Nos. 96, 120, 135), and the pending proposed redactions to the Court's decision on Merrill's Daubert Motion (ECF Nos. 154-156).

The redacted information reflects methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes. It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise. Non-party BANA views this information as highly sensitive and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified limited content to be redacted based on a tailored application of this category.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely

**Davis Polk**  Honorable Valerie E. Caproni

the competitively sensitive communications in the three narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates […] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products."). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill Lynch's respective competitive interests in protecting this category of highly sensitive business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access). Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to shield sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete. Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

**Plaintiff's Statement**

There is a high standard for redacting court documents. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). The standard should be particularly high in a class action where class members have an interest in following the litigation. As previously noted, plaintiff "questions whether a methodology that relies on market benchmarks and selective competitors' rates, is truly proprietary" (ECF No. 96 at 5).

Reserving all rights, Plaintiff takes no position on the requests made herein by Merrill Lynch and BANA, given defense counsel's representation that BANA still employs the methodology at issue, and that its disclosure could harm BANA and Merrill Lynch.

*   *   *

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff's Memorandum in Support of Motion for Reconsideration and/or Clarification | Portions of this memorandum of law should be redacted because it contains references to BANA's methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes. It also contains key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise. |

**Davis Polk**  Honorable Valerie E. Caproni

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| **WOLF POPPER LLP** | **DAVIS POLK & WARDWELL LLP** |
|---|---|
| */s/ Adam J. Blander* | */s/ Lara Samet Buchwald* |
| Robert C. Finkel | Paul S. Mishkin |
| Adam J. Blander | Lara Samet Buchwald |
| Antoinette Adesanya | Alexa B. Lutchen |
| 845 Third Avenue | 450 Lexington Avenue |
| New York, New York 10022 | New York, New York 10017 |
| Tel.: 212.759.4600 | Tel.: 212.450.4000 |
| *Attorneys for Plaintiff and the Putative Class* | *Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and Non-party Bank of America, N.A.* |

cc:   All counsel of record (via ECF)

---

Defendant's sealing request is GRANTED.  Plaintiff must re-file docket 165 on the public docket with redactions over the material highlighted therein.

SO ORDERED.

*[signature]*   Date: 4/17/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---