# WOLF POPPER

Robert C. Finkel
845 Third Avenue
New York, NY 10022
212-451-9620
rfinkel@wolfpopper.com

November 9, 2023

**By ECF**

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    ***Sarah Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, No. 19-cv-07998 (VEC)**

Dear Judge Caproni:

      On behalf of plaintiff Sarah Valelly, we write in advance of the upcoming November 16, 2023 conference to apprise the Court of the following matter concerning putative class periods, which may not be apparent from the parties' opening papers in support of summary judgment.

      Soon after plaintiff filed her action in August 2019, market interest rates went close to zero, and class-wide compensatory damages for the two-year period beginning March 2020 (the start of the Covid-19 pandemic) were virtually nonexistent. Accordingly, the proposed class period in plaintiff's motion for class certification dated March 4, 2022, which the Court dismissed without prejudice, ended in March 2020 (ECF 91).

      Interest rates began to rise again in 2022 and have continued to rise dramatically in 2023. The facts relating to this later period differ, at least in degree, from the facts alleged in the February 2021 Amended Complaint (ECF 55).

      First, market interest rates as reflected, for example, by the federal funds ("FF") rate, now exceed 5.0%, whereas for the earlier period the FF rate hit a high of 2.5%. Moreover, Merrill currently pays 0.01% on cash balances on accounts with assets under management up to $1 million, whereas in the earlier period Merrill paid 0.14% on those same cash balances. Given the even larger disparity between sweep rates and the FF rate, allegations that Merrill fails to pay a reasonable interest rate are even more compelling in this later period.

      Second, Merrill has apparently sought to amend its customer agreements in documents dated January 2023 to remove its prior contractual commitment to pay a reasonable rate of interest on retirement cash. A recent demand letter served on Merrill pursuant to the Massachusetts Consumer Protection Act, on behalf of a different Merrill investor (discussed further below), sought information on whether and how customers were notified of the purported amendment, which to date Merrill has declined to provide.

WOLF POPPER

Honorable Valerie E. Caproni
November 9, 2023
Page 2

      Because the Court denied plaintiff's prior class certification motion without prejudice and ordered the parties to proceed with summary judgment before class certification, there is no class period explicitly at issue before the Court. Defense counsel however has stated in correspondence that the class period as constituted by the current pleadings ends in March 2020. Moreover, plaintiff Valelly terminated her Merrill accounts in 2021, and is potentially situated differently than existing customers with respect to any ongoing claims.

      We have recently been retained by a current Merrill Edge IRA investor who initiated his IRA account in 2019, and sent Merrill a demand letter on October 11, 2023 advising Merrill that we intend to file a new complaint on behalf of this customer for the class period beginning in 2022. We believe that it is essential to protect the rights of Merrill customers, many of whom are also class members in the instant case, to commence this new action with respect to rates paid in 2022 and 2023.

      Depending on Your Honor's guidance at the November 16 conference, we would meet and confer with defense counsel with respect to the filing of the complaint and the coordination of the two actions. We look forward to discussing this and other matters at the conference.

      Respectfully,

      *s/Robert C. Finkel*

      Robert C. Finkel

cc:  All Counsel of Record