**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2024
```

# MEMO ENDORSED

December 28, 2023

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,
      Case No. 1:19-cv-07998 (VEC)

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the November 22, 2023 Order approving the parties' proposed sealing procedures (ECF No. 218), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or "Defendant") moves for leave to file under seal or in redacted form various materials submitted by both Plaintiff and Defendant in support of their respective *Daubert* motions to exclude the opinions and testimony of the opposing party's expert.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact or seal certain documents and information in the parties' motion papers that Merrill Lynch and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to seal or redact certain confidential and sensitive business information referenced in the parties' motion papers. The information that Merrill Lynch and BANA seek to seal or redact here is the same as the information that was the subject of the parties' prior motions regarding redaction and sealing in this case, all of which the Court granted in full (ECF Nos. 96, 120, 135, 167, 170, 210).

The first category of information to be sealed and redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes. It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise. Non-party BANA views this information as highly sensitive and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

The second category of information to be sealed and redacted reflects financial information relating to the total amount of cash or accounts in Merrill Lynch investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts. Merrill Lynch views this category of information as highly sensitive; while aggregate-

---

[1] Pursuant to the Court's Order, Defendant served its motion papers on Plaintiff's counsel on December 13, 2023, by email, and vice versa. The parties are e-filing those papers herewith.

**Davis Polk**   Honorable Valerie E. Caproni

level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types.  Merrill Lynch does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill Lynch. Current and former Merrill Lynch employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified limited content to be redacted or sealed based on a tailored application of these categories.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  "Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates [ . . .] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products.").  For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand.  *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill Lynch's respective competitive interests in protecting these categories of highly sensitive business information represent "countervailing factors outweighing the presumption of public access."  *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access).  Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage").  Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete.  Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

Plaintiff has expressed "skeptic[ism]" about Merrill's proposed redactions to footnote 28 of Plaintiff's opening memorandum.  *See infra.*  Merrill responds that these redactions are either precisely the same as or entirely consistent with redaction and sealing previously approved by the Court, as they contain references to specific factors considered and analyses conducted in connection with BANA's rate-setting process.  *See* ECF No. 210 (granting redactions to Plaintiff Ex. L – Deposition transcript (excerpts) of Aileen Gleason and sealing of Plaintiff Ex. DD – BANA_00005508).



Honorable Valerie E. Caproni

**Plaintiff's Statement**

Reserving all rights, and based on her desire to litigate this case on the merits rather than through confidentiality disputes, Plaintiff takes no position on the requests made herein by Merrill Lynch and BANA, and leaves the matter to the Court's discretion, with the following observations:

There is a high standard for redacting court documents. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). The standard should be particularly high in a class action where class members have an interest in following the litigation. Plaintiff is skeptical about some proposed redactions, which appear to be motivated to avoid public scrutiny of Merrill's rates rather than interests of confidentiality. For example, the proposed redactions in footnote 28 of plaintiff's opening brief are internal quotations concerning BANA's general profit-making considerations and its incentives in setting rates, rather than any proprietary methodology.

While Plaintiff restates that she takes no position on the instant request, she believes that greater transparency in connection with this litigation would lead to better informed Merrill customers.

\*   \*   \*

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Defendant's Memorandum in Support of Motion to Exclude the Opinions and Testimony of Plaintiff's Proposed Expert | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Defendant Ex. A – Expert Report of Professor Darius Palia | Portions of this expert report should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Defendant Ex. B – Deposition transcript (excerpts) of Professor Darius Palia | Portions of this transcript should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Defendant Ex. C – Rebuttal Expert Report of Professor Andrea Eisfeldt | Portions of this rebuttal expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Defendant Ex. D – Expert Report of Professor Andrea Eisfeldt | Portions of this expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Defendant Ex. E – Rebuttal Expert Report of Professor Darius Palia | Portions of this rebuttal expert report should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Defendant Ex. F – Deposition transcript (excerpts) of Aileen Gleason | Portions of this transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Defendant Ex. G – Deposition transcript (excerpts) of Sheldon Luo | Portions of this transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Defendant Ex. H – Deposition transcript (excerpts) of Jeremy Foskett | Portions of this transcript should be redacted because it contains references to specific factors and competitive analysis in connection with financial analysis. |
| Defendant Ex. J – First Supplemental Email Submission of Professor Darius Palia | Portions of this email submission should be redacted because it contains references to competitive analysis in connection with rate-setting. |

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff's Memorandum in Support of Motion to Exclude the Opinions and Testimony of Defendant's Proposed Expert | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Plaintiff Ex. A – Expert Report of Professor Andrea Eisfeldt | Portions of this expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. B – Rebuttal Expert Report of Professor Andrea Eisfeldt | Portions of this rebuttal expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. C – Deposition transcript (excerpts) of Professor Andrea Eisfeldt | Portions of this transcript should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. F – Deposition transcript (excerpts) of Aileen Gleason | Portions of this transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff Ex. K – Chart demonstrating weighted and equally-weighted RASP rates | This document should be sealed because it references the total amount of cash swept and account balances in connection with rate-setting. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| **WOLF POPPER LLP** | **DAVIS POLK & WARDWELL LLP** |
| */s/ Adam J. Blander* | */s/ Lara Samet Buchwald* |
| Robert C. Finkel | Paul S. Mishkin |
| Adam J. Blander | Lara Samet Buchwald |
| Antoinette Adesanya | Cristina M. Rincon |
| 845 Third Avenue | 450 Lexington Avenue |
| New York, New York 10022 | New York, New York 10017 |
| Tel.: 212.759.4600 | Tel.: 212.450.4000 |
| *Attorneys for Plaintiff and the Putative Class* | *Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and Non-party Bank of America, N.A.* |

cc:     All counsel of record (via ECF)

---

Application GRANTED.

1/2/2024

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE