**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2024

# MEMO ENDORSED

March 5, 2024

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:    Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,**
        **Case No. 1:19-cv-07998 (VEC)**

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the November 22, 2023 Order approving the parties' proposed sealing procedures (ECF No. 218), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or "Defendant") moves for leave to file in redacted form Plaintiff's reply memorandum in further support of her *Daubert* motion to exclude the opinions and testimony of Defendant's proposed expert.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact certain information in Plaintiff's reply memorandum that Merrill Lynch and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill Lynch and Non-Party BANA**

Merrill Lynch and non-party BANA seek to redact certain confidential and sensitive business information referenced in Plaintiff's reply memorandum.  The information that Merrill Lynch and BANA seek to redact here is the same information that was the subject of the parties' prior motions regarding redaction and sealing in this case, all of which the Court granted in full (ECF Nos. 96, 120, 135, 167, 170, 210, 233, 247).

The information to be redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates.  Non-party BANA views this information as highly sensitive and the same methodologies remain in use today.  BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA.  Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

Merrill Lynch and non-party BANA have identified limited content to be redacted or sealed based on a tailored application of these categories.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  "Courts in

---

[1] Pursuant to the Court's Order, Defendant served its motion papers on Plaintiff's counsel on February 23, 2024, by email, and vice versa.  The parties are e-filing those papers herewith.

**Davis Polk**   Honorable Valerie E. Caproni

this District [] routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates [ . . .] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products."). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill Lynch's respective competitive interests in protecting this category of highly sensitive business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access). Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow [ ] competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete. Current and former BANA and Merrill Lynch employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

**Plaintiff's Statement**

Reserving all rights, Plaintiff takes no position on the requests made herein.

*      *      *

| Relevant Material | Defendant's Proposal and its Basis |
|---|---|
| Plaintiff's Reply Memorandum in Further Support of Plaintiff's Motion to Exclude the Opinions and Testimony of Defendant's Expert | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis and methodologies considered by BANA in connection with rate-setting. |

**Davis Polk**   Honorable Valerie E. Caproni

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**WOLF POPPER LLP**                              **DAVIS POLK & WARDWELL LLP**

*/s/ Adam J. Blander*                              */s/ Lara Samet Buchwald*
Robert C. Finkel                                   Paul S. Mishkin
Adam J. Blander                                    Lara Samet Buchwald
Antoinette Adesanya                                Cristina M. Rincon
845 Third Avenue                                   450 Lexington Avenue
New York, New York 10022                           New York, New York 10017
Tel.: 212.759.4600                                 Tel.: 212.450.4000

*Attorneys for Plaintiff and the*                  *Attorneys for Defendant Merrill Lynch,*
*Putative Class*                                   *Pierce, Fenner & Smith Incorporated and*
                                                   *Non-Party Bank of America, N.A.*

cc:    All counsel of record (via ECF)

Application GRANTED.
                                3/5/2024
SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE