**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2024

**MEMO ENDORSED**

December 12, 2024

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,*
      Case No. 1:19-cv-07998 (VEC)

Dear Judge Caproni:

Pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the November 26, 2024 Order approving the parties' proposed sealing procedures (ECF No. 265), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" or "Defendant") moves for leave to file under seal or in redacted form various materials submitted by Defendant in support of its motion for summary judgment.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact or seal certain documents and information in its motion papers that Merrill and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill and Non-Party BANA**

Merrill and non-party BANA seek to seal or redact certain confidential and sensitive business information referenced in Merrill's motion papers.  The information that Merrill and BANA seek to seal or redact here fall into two categories and is the same as the information that was the subject of the parties' prior motions regarding redaction and sealing in this case, all of which the Court granted in full (ECF Nos. 96, 120, 135, 167, 170, 186, 210, 233, 247, 256).  Specifically, the information that Merrill and BANA seek to seal or redact here is the same as the information that the Court permitted the parties to seal or redact in the parties' prior motions for summary judgment (ECF No. 210).

The first category of information to be sealed and redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes.  It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise.  Non-party BANA views this information as highly sensitive and the same methodologies remain in use today.  BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA.  Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

The second category of information to be sealed and redacted reflects financial information relating to the total amount of cash or accounts in Merrill investment accounts, including account balances, the total

---

[1] Pursuant to the Court's Order, Merrill served its motion papers on Plaintiff's counsel on November 27, 2024, by email.  Merrill is e-filing those papers herewith.

**Davis Polk**  Honorable Valerie E. Caproni

amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts.  Merrill views this category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types.  Merrill does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill.  Current and former Merrill employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.

This approach is consistent not only with this Court's earlier sealing order (*see* ECF No. 210), it is also with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  435 F.3d 110, 119–20 (2d Cir. 2006).  "Courts in this District . . . routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the two narrowly tailored categories contemplated here.  *News Corp. v. CB Neptune Holdings, LLC*, No. 21-cv-04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products" (alterations in original)).  For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand.  *Hanks v. Voya Retirement Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these categories of highly sensitive business information represent "countervailing factors outweighing the presumption of public access."  *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access).  Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Props., Inc. Litig.*, Nos. 15 Misc. 40 (AKH), 15-CV-307 (AKH), 15-CV-6043 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow . . . competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage").  Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete.  Current and former BANA and Merrill employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

Plaintiff takes no position on Merrill's and BANA's request to seal confidential information, but makes several "observations," none of which are compelling.  Plaintiff's "observations" ignore that the information Merrill and BANA seeks to seal or redact is the same information the Court already permitted the parties to seal or redact on October 3, 2023 in connection with Merrill's prior motion for summary judgment.  Consistent with what the Court has previously permitted, the sensitive business information that Merrill and BANA seeks to redact or seal here—which are narrowly tailored and limited in nature—reflects important privacy interests that overcome the presumption of public access.  *See supra* at 2; *see also, e.g.*, *Red Hawk, LLC v. Colorforms Brand LLC*, No. 20-cv-09032 (JHR) (SLC), 2024 WL 551543, at *2

**Davis Polk**  Honorable Valerie E. Caproni

(S.D.N.Y. Feb. 9, 2024) (permitting "limited redactions that would seal specific pricing and sales figures," where redactions were "sufficiently narrowly tailored to protect competitively sensitive information without depriving the public of meaningful access").  Merrill's and BANA's confidential information was competitively sensitive then, and it remains sensitive now.  In fact, as highlighted by Plaintiff, there is a heightened level of attention around cash sweep litigation across the industry now, which makes it more important than ever to ensure that the internal processes and competitively sensitive information of Merrill and BANA is protected from disclosure to competitors.

Likewise, it is of no consequence that information related to rate setting was disseminated to a small internal group, or to employees who have since left Merrill or BANA because, as discussed above, *see supra* at 1–2, all employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.  Neither does the age of some of Merrill and BANA's confidential and proprietary data warrant denial of the present request, *see Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.")—particularly where non-party BANA still uses the same methodologies today.

**Plaintiff's Position**

Plaintiff respectfully asks the Court to reserve judgment on Merrill's application until determination of the underlying summary judgment motion.  Doing so will ensure that the Court's rulings on any acceptable redactions in the summary judgment decision are consistent with redactions in the underlying briefing.  To the extent the Court seeks to rule now, in light of the recent October 10, 2024 Order resolving Merrill's proposed redactions to the Daubert Decision (ECF 261), Plaintiff takes no position on the application, but makes the following observations:

1.     Merrill ignores black letter law that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."  *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1983) (emphasis added).  *See also Rowe v. Google LLC*, 2022 U.S. Dist. LEXIS 173468, at *5–6 (S.D.N.Y. Sept. 26, 2022) ("The presumption -- particularly strong for documents submitted in support of a summary judgment motion -- is that of public filing, rebuttable only with 'specific, on the record findings ... that closure is essential to preserve higher values.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006))). The standard is particularly high in a class action, especially where the subject matter of this litigation – sweep rates – is topical, with at least seven separate consolidated actions attacking sweep rates paid by other institutions pending before this and other courts.  Absent class members, investors, regulators, other litigants and the public as a whole have an interest in following this litigation.

2.     Many of the proposed redactions reflect stale data, covering periods over a decade old, and financial instruments no longer in common use.  Thus, for example, Merrill seeks to redact historical (and not even proprietary) data from 2004-06 concerning the application of a pass-through model.  *See* Expert Report of Darius Palia ("Palia Report"), Exhibit G to the Buchwald Decl. in Support of Summary Judgment, ¶¶ 58-62.[2]  Other redactions only reflect events up to 2021.  Plaintiff's class period ends in March 2020, with the advent of Covid-19 and the broad reduction of market interest rates.  Whereas, pre-Covid Merrill paid primarily 0.14% or 0.06% on Tiers 1 and 2 in a moderate interest rate environment, post-Covid Merrill pays investors in those tiers only 0.01%, notwithstanding a significantly higher interest rate environment, where similar cash preservation products pay hundreds of times more interest.  There is little reason to believe that Merrill's pre-Covid methodology (such as it was) is worthy of confidential treatment.  And, to the extent, Merrill is still using that pre-Covid methodology, that merely underscores why confidential treatment is improper: there is no "secret sauce" to a methodology that results in the payment of one basis point in interest, notwithstanding contemporaneous sky-high market interest rates.

---

[2] Plaintiff uses the Palia Report as an example of Merrill's overinclusive redactions.  Proposed redactions from other documents are similarly overinclusive.

3.     Merrill's interrogatory responses identified three officers responsible for rate-setting.  See Interrogatory Responses dated April 30, 2021, Nos. 10, 11, and 15.  This rate-setting work was disseminated more widely, however.  *See, e.g.*, a February 8, 2019 deposit pricing presentation (Exhibit Q to Merrill's summary judgment motion) circulated to an additional 24 individuals who (per the interrogatory responses), were not responsible for rate-setting.[3]  And, some of the 24 employees to whom the stale information was disseminated now work for competitors.  For example, Andy Sieg, formerly the President of Merrill Lynch Wealth Management, and one of the recipients, left Merrill in March 2023 and joined Citibank, as Head of Global Wealth, in September 2023, after a mandatory six-month leave.[4]   April Schneider, formerly the Head of Wealth Management Banking and Lending at Bank of America, joined Wells Fargo in January 2024, without any mandatory leave, as Head of Small and Business Banking.[5]  Among others, Sandy Bolton now works for FS Investments, Pedro Macedo works for Blackstone, Jeff Wallace works for USAA, and Stephen Mondello works for JP Morgan.  These individuals took Merrill's generic know-how and processes—which are reflected in Merrill's proposed redactions—with them.  Sieg's six-month leave evidences a reasonable period of time in which confidential business information would dissipate.  Here, Merrill seeks to redact information that is at a minimum 3-4 years old, and in some cases as much as a decade old.

\*     \*     \*

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Merrill's Memorandum in Support of Motion for Summary Judgment | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Merrill's Local Rule 56.1 Statement | Portions of this statement should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Merrill Ex. D – Expert Report of Professor Andrea Eisfeldt, Ph.D. | Portions of this expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Merrill Ex. F – Rebuttal Expert Report of Professor Andrea Eisfeldt, Ph.D. | Portions of this rebuttal expert report should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Merrill Ex. G – Expert Report of Dr. Darius Palia, Ph.D. | Portions of this expert report should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Merrill Ex. H – Rebuttal Expert Report of Dr. Darius Palia, Ph.D. | Portions of this rebuttal expert report should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and financial information related to the total amount of cash swept, account balances, and number of accounts. |

---

[3] *See* BANA_00044371 (redacted; Plaintiff's Exhibit A).

[4] https://perma.cc/K5TN-3BVZ (Dan Ennis, "Citi poaches BofA's Sieg as next global wealth chief,") (Banking Dive, March 31, 2023).

[5] https://perma.cc/KY6C-9LEU (April Schneider Linkedin).

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Merrill Ex. J – Deposition transcript (excerpts) of Sheldon Luo | Portions of this transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Merrill Ex. K – Deposition transcript (excerpts) of Aileen Gleason | Portions of this transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Merrill Ex. O – Deposition transcript (excerpts) of Dr. Darius Palia, Ph.D. | Portions of this transcript should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Merrill Ex. P – BANA_00000098 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |
| Merrill Ex. Q – BANA_00000460 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |
| Merrill Ex. R – BANA_00000978 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**WOLF POPPER LLP**                              **DAVIS POLK & WARDWELL LLP**

*/s/ Robert C. Finkel*                              */s/ Lara Samet Buchwald*
Robert C. Finkel                                    Paul S. Mishkin
Adam J. Blander                                     Lara Samet Buchwald
Antoinette Adesanya                                 Cristina M. Rincon
845 Third Avenue                                    450 Lexington Avenue
New York, New York 10022                            New York, New York 10017
Tel.: 212.759.4600                                  Tel.: 212.450.4000

*Attorneys for Plaintiff and the*                   *Attorneys for Defendant Merrill Lynch,*
*Putative Class*                                    *Pierce, Fenner & Smith Incorporated and*
                                                    *Non-party Bank of America, N.A.*

cc:     All counsel of record (via ECF)

| | |
|---|---|
| **From**: | Mondello, Stephen J - PENNINGTON NJ [stephen_mondello@ml.com] |
| **Sent**: | 2/13/2019 3:35:36 PM |
| **To**: | Banks, Keith - Gwim [keith.banks@bankofamerica.com]; Gleason, Aileen D [aileen.d.gleason@baml.com]; Schneider, April [april.schneider@bankofamerica.com]; Taube, Peter D [Peter.D.Taube@bankofamerica.com]; Pelzar, Michael [michael.pelzar@bankofamerica.com]; Mondello, Stephen J - PENNINGTON NJ [stephen_mondello@ml.com]; Bolton, Sandy - ISG [sandy.bolton@bankofamerica.com]; Motteler, Jason [jason.motteler@bankofamerica.com]; Luo, Sheldon - PENNINGTON NJ [xiangdong_luo@ml.com]; Chiarini, Donna [donna.m.chiarini@bankofamerica.com]; Rexach Williams, Clorice I [clorice.i.williams@baml.com]; Marrero, Eileen [eileen.marrero@bankofamerica.com]; Dworacek, Michael S - MSG [michael_dworacek@bankofamerica.com]; Calaman, Eric [eric.calaman@bankofamerica.com]; Tavarez, Jose L [jose.tavarez@ustrust.com]; Macedo, Pedro [pedro.macedo@bankofamerica.com]; Daniti, Kathleen [kathleen.daniti@ustrust.com]; Young, Charles - 2 [charles.m.young@bankofamerica.com]; Wallace, Jeff [jeff.wallace@bankofamerica.com]; Calabrese Bain, Jill A [jill.a.calabrese@baml.com]; Busconi, Jeffrey [jeffrey.busconi@bankofamerica.com]; Peter.D.Taube@bankofamerica.com; aileen.d.gleason@baml.com; andy.sieg@ml.com; april.schneider@bankofamerica.com; bridget_lynch@ml.com; charles.m.young@bankofamerica.com; clorice.i.williams@baml.com; donna.m.chiarini@bankofamerica.com; eileen.marrero@bankofamerica.com; eric.calaman@bankofamerica.com; glenn_wilson@ml.com; james.p.massman@ml.com; jason.motteler@bankofamerica.com; jeff.wallace@bankofamerica.com; jeffrey.busconi@bankofamerica.com; jill.a.calabrese@baml.com; jose.tavarez@ustrust.com; kathleen.daniti@ustrust.com; katy.knox@baml.com; keith.banks@bankofamerica.com; michael.pelzar@bankofamerica.com; michael_dworacek@bankofamerica.com; paul.c.reilly@ustrust.com; pedro.macedo@bankofamerica.com; sandy.bolton@bankofamerica.com; stephen_mondello@ml.com; xiangdong_luo@ml.com; Sieg, Andy [andy.sieg@ml.com]; Banks, Keith - Gwim [keith.banks@bankofamerica.com]; Gleason, Aileen D [aileen.d.gleason@baml.com]; Schneider, April [april.schneider@bankofamerica.com]; Taube, Peter D [Peter.D.Taube@bankofamerica.com]; Pelzar, Michael [michael.pelzar@bankofamerica.com]; Mondello, Stephen J - PENNINGTON NJ [stephen_mondello@ml.com]; Bolton, Sandy - ISG [sandy.bolton@bankofamerica.com]; Motteler, Jason [jason.motteler@bankofamerica.com]; Luo, Sheldon - PENNINGTON NJ [xiangdong_luo@ml.com]; Chiarini, Donna [donna.m.chiarini@bankofamerica.com]; Rexach Williams, Clorice I [clorice.i.williams@baml.com]; Marrero, Eileen [eileen.marrero@bankofamerica.com]; Dworacek, Michael S - MSG [michael_dworacek@bankofamerica.com]; Calaman, Eric [eric.calaman@bankofamerica.com]; Tavarez, Jose L [jose.tavarez@ustrust.com]; Reilly, Paul C [paul.c.reilly@ustrust.com]; Wilson, Glenn - PENNINGTON NJ [glenn_wilson@ml.com]; Macedo, Pedro [pedro.macedo@bankofamerica.com]; Daniti, Kathleen [kathleen.daniti@ustrust.com]; Knox, Katy [katy.knox@baml.com]; Young, Charles - 2 [charles.m.young@bankofamerica.com]; Wallace, Jeff [jeff.wallace@bankofamerica.com]; Calabrese Bain, Jill A [jill.a.calabrese@baml.com]; Massman, James P [james.p.massman@ml.com]; Lynch, Bridget A - CHICAGO IL [bridget_lynch@ml.com]; Busconi, Jeffrey [jeffrey.busconi@bankofamerica.com] |
| **Subject**: | Weekly GWIM Banking Discussion Document (Deposits & Loans) |
| **Attachments**: | Weekly GWIM Banking Discussion Document (Deposits and Loans) - 02.13.19.pptx |

All,
Attached is the GWIM Banking Strategy document for review this afternoon, Wednesday February 13 at 4pm EST.

REDACTED

- 

-

Application GRANTED.

SO ORDERED.

*Valerie Caproni* (signature)   12/13/24

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE