**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/25

# MEMO ENDORSED

January 27, 2025

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*,
      Case No. 1:19-cv-07998 (VEC)

Dear Judge Caproni:

Pursuant to Rule 5.B of the Court's Individual Practices in Civil Cases and the November 26, 2024 Order approving the parties' proposed sealing procedures (ECF No. 265), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" or "Defendant") moves for leave to file under seal or in redacted form various materials submitted by Plaintiff in opposition to Defendant's motion for summary judgment.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact or seal certain documents and information in Plaintiff's opposition papers that Merrill and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill and Non-Party BANA**

Merrill and non-party BANA seek to seal or redact certain confidential and sensitive business information referenced in Plaintiff's opposition papers. The information that Merrill and BANA seek to seal or redact here falls into three categories. Two categories are consistent with the parties' prior motions regarding redaction and sealing in this case, all of which the Court granted in full (ECF Nos. 96, 120, 135, 167, 170, 186, 210, 233, 247, 256, 274). The third category, which includes one document, is a new category of immaterial, but nevertheless, commercially sensitive training material. A significant majority of the information that Merrill and BANA seek to seal or redact here is the same as the information—namely, core pricing issues and competitive information—that the Court permitted the parties to seal or redact in the parties' prior motions for summary judgment (ECF No. 210).

The first category of information to be sealed and redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes. It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise. Non-party BANA views this information as highly sensitive and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information. The Court has regularly permitted narrowly tailored sealing of or redactions to this information. *See supra* at 1.

---

[1] Pursuant to the Court's Order, Plaintiff served her opposition papers on Defendant's counsel on January 10, 2025, by email. Plaintiff is e-filing those papers herewith.

**Davis Polk**  Honorable Valerie E. Caproni

The second category of information to be sealed and redacted reflects financial information relating to the total amount of cash or accounts in Merrill investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts.  Merrill views this category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types.  Merrill does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill.  Current and former Merrill employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information.  The Court also has regularly permitted narrowly tailored sealing of or redactions to this information.  See supra at 1.

The final category of information to be sealed and redacted—contained in only one exhibit—reflects Merrill's commercially sensitive internal training materials.  Merrill's training processes are not pertinent to the present litigation, or any decision on the pending motion.  Likewise, Merrill does not share this information with the public or with competitors.  Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business materials.

This approach is consistent not only with this Court's earlier sealing orders, *see supra* at 1, it is also consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  435 F.3d 110, 119–20 (2d Cir. 2006).  "Courts in this District . . . routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the three narrowly tailored categories contemplated here.  *News Corp. v. CB Neptune Holdings, LLC*, No. 21-cv-04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products" (alterations in original)); *see also Kidd v. Thomas Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (identifying documents which comprise "proprietary, confidential and commercially sensitive internal training materials . . . may remain under seal").  For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these categories of highly sensitive, proprietary business information represent "countervailing factors outweighing the presumption of public access."  *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access).  Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Props., Inc. Litig.*, Nos. 15 Misc. 40 (AKH), 15-CV-307 (AKH), 15-CV-6043 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow . . . competitors to copy those methodologies, thereby putting [the

company] at a competitive disadvantage"). Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete. Current and former BANA and Merrill employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

Plaintiff takes no position on Merrill's and BANA's request to seal confidential information but observes she is "skeptical of the confidentiality interests of some of Merrill's proposals"; Plaintiff's skepticism is not compelling. As highlighted above, a significant majority of the information that Merrill and BANA seek to seal or redact here is the same as the information the Court already permitted the parties to seal or redact on October 3, 2023, in connection with Merrill's prior motion for summary judgment. Consistent with what the Court has previously permitted, the sensitive business information and internal strategizing that Merrill and BANA seek to redact or seal here—which are narrowly tailored and limited in nature—reflects important privacy interests that overcome the presumption of public access. *See supra* at 2; *see also, e.g.*, *Red Hawk, LLC v. Colorforms Brand LLC*, No. 20-cv-09032 (JHR) (SLC), 2024 WL 551543, at *2 (S.D.N.Y. Feb. 9, 2024) (permitting "limited redactions that would seal specific pricing and sales figures," where redactions were "sufficiently narrowly tailored to protect competitively sensitive information without depriving the public of meaningful access"); *Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (permitting redactions that were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998))). Merrill's and BANA's confidential information was competitively sensitive in 2018, and it remains competitively sensitive now. In fact, given the heightened level of attention around cash sweep litigation across the industry now, it is important to ensure that the internal processes and competitively sensitive information of Merrill and BANA is protected from disclosure to competitors. Neither does the age of some of Merrill's and BANA's confidential information warrant denial of the present request, *see Encyclopedia Brown Prods., Ltd.*, 26 F. Supp. 2d at 614 ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

**Plaintiff's Position**

As Plaintiff noted in connection with Merrill's last redaction request, the presumption in favor of public access is particularly strong in the summary judgment context. *See* ECF 274 at 3 (citing cases). Plaintiff is skeptical of the confidentiality interests of some of Merrill's proposals. For example, in paragraph 24(c) and 40(j) of the Rule 56.1 statement, Merrill seeks to redact a discussion from December 2018 of a potential rationale behind its decision from over six years ago to limit certain sweep options. The rationale would likely be obvious to any competitor.

As with the prior joint letter, Plaintiff respectfully asks the Court to reserve judgment on Merrill's application until determination of the underlying summary judgment motion. Doing so will ensure that the Court's rulings on any acceptable redactions in the summary judgment decision are consistent with redactions in the underlying briefing. To the extent the Court seeks to rule now, Plaintiff takes no position on Merrill's request.

\*   \*   \*

| Relevant Material | Merrill's Proposal and its Basis |
| --- | --- |
| Plaintiff's Memorandum in Opposition to Merrill's Motion for Summary Judgment | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and the total number of online-linked and statement-linked accounts. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Plaintiff's Response to Merrill's Local Rule 56.1 Statement | Portions of this statement should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and contains financial information related to the total amount of cash swept, account balances, or accounts maintained. |
| Plaintiff Ex. 2 – Deposition transcript (excerpts) of Marshall Hill | Portions of this excerpted transcript should be redacted because it contains references to methodology used in new account asset tier assignment. |
| Plaintiff Ex. 5 – BANA_00032471 and BANA_00032472 | This document should be sealed because it reflects disaggregated financial information relating to total amounts of cash swept and competitive analysis. |
| Plaintiff Ex. 6 – BANA_00042898 | Portions of this document should be redacted because it contains references to methodology considered in connection with financial analysis. |
| Plaintiff Ex. 7 – Deposition transcript (excerpts) of Aileen Gleason | Portions of this excerpted transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Plaintiff Ex. 13 – Deposition transcript (excerpts) of Sheldon Luo | Portions of this excerpted transcript should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Plaintiff Ex. 14 – Deposition transcript of Professor Andrea Eisfeldt, Ph.D., dated June 16, 2022 | Portions of this excerpted transcript should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. 15 – MLPFS_00033900 and MLPFS_00033902 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances and contains references to competitive analysis in connection with rate setting or financial analysis. |
| Plaintiff Ex. 17 – MLPFS_00011774 | This document should be sealed because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. 19 – BANA_00002748 | This document should be sealed because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Plaintiff Ex. 20 – BANA_00024318 and BANA_00024319 | Portions of this document should be redacted because it contains references to specific factors, competitive analysis, and methodologies used in part for internal financial forecasting and specific factors including competitor benchmarks considered in connection with rate-setting. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Plaintiff Ex. 21 – BANA_00012987 and BANA_00012988 | Portions of this document should be redacted because it contains references to specific factors, competitive analysis, and methodologies used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |
| Plaintiff Ex. 22 – BANA_00008850 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. 23 – BANA_00008818 | This document should be sealed because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Plaintiff Ex. 24 – Deposition transcript (excerpts) of Debra Greenberg | Portions of this excerpted transcript should be redacted because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis; and number of statement-linked accounts. |
| Plaintiff Ex. 25 – MLPFS_00011759 and MLPFS_00011762 | This document should be sealed because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. 28 – BANA _00043908 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances and competitive analysis in connection with rate-setting or financial analysis. |
| Plaintiff Ex. 29 – BANA_00005505 and BANA_00005508 | This document should be sealed because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; specific references to proposed rate changes, including to specific factors considered when determining such changes; and reflects financial information relating to the total amount of cash in Merrill accounts. |
| Plaintiff Ex. 30 – BANA_00010614 and BANA_00010615 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; forecasted rate changes; and specific factors including competitor benchmarks considered when determining whether to change rates. |
| Plaintiff Ex. 31 – BANA_00041581 and BANA_00041583 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |
| Plaintiff Ex. 32 – BANA_00024318 and BANA_00024319 | This document should be sealed because it contains references to methodology used in part for internal financial forecasting and specific factors including competitor benchmarks considered when determining whether to change rates. |

**Davis Polk**  Honorable Valerie E. Caproni

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Plaintiff Ex. 34 – BANA_00004965 and BANA_00004966 | This document should be sealed because it contains references to specific factors and competitive analysis in connection with rate-setting or financial analysis; and reflects financial information relating to the total amount of cash in Merrill accounts, including account balances |
| Plaintiff Ex. 36 – Merrill's Responses and Objections to Plaintiff's First Set of Interrogatories | Portions of this response should be redacted because it contains financial information related to the total amount of cash swept or account balances. |
| Plaintiff Ex. 38 – MLPFS_00017728 | This document should be sealed because it contains commercially sensitive and proprietary internal training materials. |
| Plaintiff Ex. 41 – BANA_00003830 and BANA_00003833 | This document should be sealed because it contains financial information related to the total amount of cash swept or account balances; specific factors considered when determining whether to change rates; references to proposed rate changes; references to methodology used in part for internal financial forecasting; and the financial implications of specific rate decisions. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| **WOLF POPPER LLP** | **DAVIS POLK & WARDWELL LLP** |
| */s/ Adam J. Blander* | */s/ Lara Samet Buchwald* |
| Robert C. Finkel | Lara Samet Buchwald |
| Adam J. Blander | Cristina M. Rincon |
| Antoinette Adesanya | Chui-Lai Cheung |
| 845 Third Avenue | 450 Lexington Avenue |
| New York, New York 10022 | New York, New York 10017 |
| Tel.: 212.759.4600 | Tel.: 212.450.4000 |
| *Attorneys for Plaintiff and the Putative Class* | *Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and Non-party Bank of America, N.A.* |

cc: All counsel of record (via ECF)

---

The Court will reserve judgment on Defendant's motion pending decision on summary judgment. The filings at docket entries 268, 270, 272, 279, 281, and 283 will remain under seal until that time.

SO ORDERED.

*[signature]* 1/28/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE