**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/25
```

# MEMO ENDORSED

January 31, 2025

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*,
<u>Case No. 1:19-cv-07998 (VEC)</u>

Dear Judge Caproni:

Pursuant to Rule 5.B of the Court's Individual Practices in Civil Cases and the November 26, 2024 Order approving the parties' proposed sealing procedures (ECF No. 265), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" or "Defendant") moves for leave to file in redacted form Merrill's reply memorandum in further support of its motion for summary judgment and its Rule 56.1 statement of undisputed facts and responses to Plaintiff's counterstatement of additional material facts.[1]

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact certain information in the aforementioned papers that Merrill and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

**Position of Merrill and Non-Party BANA**

Merrill and non-party BANA seek to redact certain confidential and sensitive business information referenced in Merrill's reply memorandum and its Rule 56.1 statement of undisputed facts and responses to Plaintiff's counterstatement of additional material facts.

The information that Merrill and BANA seek to redact here falls into two categories and is consistent with the information that was the subject of the parties' prior motions regarding redaction and sealing in this case that the Court has previously granted—namely core pricing issues and competitive information— including in connection with the parties' prior motions for summary judgment and Merrill's present motion for summary judgment.  (*See* ECF Nos. 96, 120, 135, 167, 170, 186, 210, 233, 247, 256, 274.) Moreover, the information that Merrill seeks to redact in its Rule 56.1 statement and responses to Plaintiff's counterstatement is identical to the information that it seeks to redact in Plaintiff's Rule 56.1 counterstatement, on which the Court is presently reserving decision pending decision on Merrill's summary judgment motion (*see* ECF No. 285).

The first category of information to be redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes.  It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise.  Non-party BANA views this information as highly sensitive and the same methodologies remain in use today.  BANA does not

---

[1] Pursuant to the Court's Order, Merrill served Plaintiff's counsel by email on January 24, 2025 its reply memorandum and its Rule 56.1 statement of undisputed facts and responses to Plaintiff's counterstatement of additional material facts.  Merrill is e-filing those papers herewith.

share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information. The Court has regularly permitted narrowly tailored sealing of or redactions to this information. *See supra* at 1.

The second category of information to be redacted reflects financial information relating to the total amount of cash or accounts in Merrill investment accounts, including account balances, the total amount of cash swept, the number of specific accounts maintained, and the number of statement-linked accounts. Merrill views this category of information as highly sensitive; while aggregate-level information may be publicly reported from time to time, disaggregated information (for example, by product type or by month) is sensitive and used by the Merrill Edge channel and/or product teams in running the business, evaluating growth rates, and analyzing product types. Merrill does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could cause competitive harm to Merrill. Current and former Merrill employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information. The Court also has regularly permitted narrowly tailored sealing of or redactions to this information. *See supra* at 1.

This approach is consistent not only with this Court's earlier sealing orders, *see supra* at 1, it is also consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." 435 F.3d 110, 119–20 (2d Cir. 2006). "Courts in this District . . . routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the two narrowly tailored categories contemplated here. *News Corp. v. CB Neptune Holdings, LLC*, No. 21-cv-04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products" (alterations in original)). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand. *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these categories of highly sensitive, proprietary business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access). Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Props., Inc. Litig.*, Nos. 15 Misc. 40 (AKH), 15-CV-307 (AKH), 15-CV-6043 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow . . . competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage"). Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA

**Davis Polk**  Honorable Valerie E. Caproni

might compete. Current and former BANA and Merrill employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

**Plaintiff's Position**

As Plaintiff noted in connection with Merrill's last redaction request, the presumption in favor of public access is particularly strong in the summary judgment context. Plaintiff respectfully asks the Court to reserve judgment on Merrill's application until determination of the underlying summary judgment motion. Doing so will ensure that the Court's rulings on any acceptable redactions in the summary judgment decision are consistent with redactions in the underlying briefing. To the extent the Court seeks to rule now, Plaintiff takes no position on Merrill's request.

\* \* \*

| Relevant Material | Merrill's Proposal and its Basis |
|---|---|
| Merrill's Reply Memorandum in Further Support of its Motion for Summary Judgment | Portions of this memorandum of law should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis. |
| Merrill's Local Rule 56.1 Statement and Responses to Plaintiff's Counterstatement | Portions of this statement should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analysis; and contains financial information related to the total amount of cash swept, account balances, or accounts maintained. |

The parties thank the Court for its attention to this matter.

Respectfully submitted,

**WOLF POPPER LLP**

*/s/ Adam J. Blander*
Robert C. Finkel
Adam J. Blander
Antoinette Adesanya
845 Third Avenue
New York, New York 10022
Tel.: 212.759.4600

*Attorneys for Plaintiff and the Putative Class*

**DAVIS POLK & WARDWELL LLP**

*/s/ Lara Samet Buchwald*
Lara Samet Buchwald
Cristina M. Rincon
Chui-Lai Cheung
450 Lexington Avenue
New York, New York 10017
Tel.: 212.450.4000

*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and Non-party Bank of America, N.A.*

cc:     All counsel of record (via ECF)


The Court will reserve judgment on Defendant's motion pending decision on summary judgment.

        1/31/25

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE