**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

## MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2026_____

May 6, 2026

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     ***Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated***,
        <u>Case No. 1:19-cv-07998 (VEC)</u>

Dear Judge Caproni:

Pursuant to Rule 5.B of the Court's Individual Practices in Civil Cases, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") moves for leave to file in redacted form or under seal Plaintiff's Opposition to Merrill's Omnibus Motion *in Limine* (the "Opposition") and certain exhibits thereto.

This letter motion follows a meet and confer process, where defense counsel advised Plaintiff that it wishes to redact certain information in the aforementioned papers that Merrill and its affiliate, non-party Bank of America, N.A. ("BANA"), have designated as confidential or highly confidential under the governing protective order (referred to herein as "the Relevant Material").

The positions of the parties and non-party BANA are set forth below.

<u>**Position of Merrill and Non-party BANA**</u>

Merrill and non-party BANA seek to redact certain confidential and sensitive business information referenced in Plaintiff's Opposition and certain of the exhibits accompanying it.

In particular, the information to be redacted reflects the methodology for setting interest rates, including the specific factors considered when determining rates and references to proposed rate changes. It also includes key inputs into BANA's proprietary and confidential forecasting methodology, which is used for financial modeling and forecasting for the broader enterprise. The proposed redactions also reflect information about balances and accounts held in deposit products. Non-party BANA views this information as highly sensitive and the same methodologies remain in use today. BANA does not share this information with the public, it does not share this information with competitors, and if competitors were to acquire this information, they could make pricing decisions that could cause competitive harm to BANA. Current and former BANA employees are subject to robust policies and agreements that do not permit them to disclose these types of proprietary and sensitive business information. The Court has regularly permitted narrowly tailored sealing of or redactions to this information. *See supra* at 1.

The proposed redactions are consistent with information that the Court previously allowed Merrill to redact, including in connection with Merrill's prior motion for summary judgment. (*See* ECF Nos. 96, 120, 135, 167, 170, 186, 210, 233, 247, 256, 274, 300, 302.)

This approach is consistent not only with this Court's earlier sealing orders, it is also consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." 435 F.3d 110, 119–20 (2d Cir. 2006). "Courts in this District . . . routinely seal documents to prevent the disclosure of confidential business information," such as precisely the competitively sensitive communications in the two narrowly tailored categories contemplated here. *News Corp. v. CB Neptune*

**Davis Polk**    Honorable Valerie E. Caproni

*Holdings, LLC*, No. 21-cv-04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories for which courts have sealed or redacted sensitive business information, including "sales and revenue" information, "analytical testing," "qualitative market research," "confidential proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products" (alterations in original)).  For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing, especially with respect to the types of information at hand.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Non-party BANA's and Merrill's respective competitive interests in protecting these categories of highly sensitive, proprietary business information represent "countervailing factors outweighing the presumption of public access." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (granting a motion to "redact information related to the financial metrics" of a company's active businesses on the basis that need to protect the business sensitivity of such information outweighed the public's right to access).  Strategic discussions about when and how much to adjust interest rates on active products are the types of communications which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also In re Am. Realty Cap. Props., Inc. Litig.*, Nos. 15 Misc. 40 (AKH), 15-CV-307 (AKH), 15-CV-6043 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal proprietary methodologies on the basis that disclosure "would allow . . . competitors to copy those methodologies, thereby putting [the company] at a competitive disadvantage").  Here, non-party BANA seeks to shield competitively sensitive, nonpublic, and proprietary information concerning its rate setting methodology and proprietary and confidential forecasting methodology, including from third-party industry participants with which BANA might compete.  Current and former BANA and Merrill employees are also subject to strict policies and agreements that do not permit the disclosure of proprietary and sensitive business information.

Financial information relating to the total amount of cash or accounts in Merrill deposit accounts, including information about the amount of cash swept, account balances, and the number of accounts maintained, is proprietary and commercially sensitive.  This type of disaggregated information is used by Merrill to evaluate growth rates, analyze consumer behavior, and make strategic decisions about products—and disclosure of this data would be damaging if shared with competitors. *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *4 (S.D.N.Y. May 16, 2023) (finding that non-public financial statements, containing a company's "confidential balance sheet, revenue and expense figures, pricing, costs, revenue, [and] profit information about past and present business lines," could result in serious injury to company if publicly disclosed); *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17CV6559PGGKHP, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal information about "projected sales, net sales, and revenue figures" as well as "a chart detailing the financial impact of [the company's] go-to-market strategy"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (granting motion to seal proprietary material concerning marketing strategies, product development, costs, and budgeting).

**Plaintiff's Position**

Plaintiff incorporates her statement made in connection with the opening papers. *See* ECF 345 at 2.  Reserving all rights—and with an eye towards trial, which should be entirely public—Plaintiff takes no position on the instant request.

**Davis Polk**  Honorable Valerie E. Caproni

*     *     *

| Relevant Material | Proposal and Basis of Merrill and Non-party BANA |
|---|---|
| Plaintiff's Opposition to Merrill's Omnibus Motion in Limine | Portions of this document should be redacted because it contains references to specific factors, competitive analyses, methodologies, and models in connection with rate-setting or financial analysis; and specific references to proposed rate changes, including to specific factors considered when determining such changes. |
| Ex. A – Deposit Pricing Approval Request Email | Portions of this document should be redacted because it contains references to competitive analyses in connection with rate-setting or financial analysis; and specific references to total balances held in deposit products. |
| Ex. B – Weekly GWIM Banking Discussion Email | Portions of this document should be redacted because it contains references to competitive analyses in connection with rate-setting or financial analysis; and specific references to total balances held in deposit products. |
| Ex. C – Deposit 7+5 Email | Portions of this document should be redacted because it contains references to specific factors, methodologies, and models in connection with rate-setting or financial analysis; and specific references to forecasted rate changes, including to specific factors considered when preparing such forecasts. |
| Ex. D – Proposed GWIM Deposit Pricing Changes Email | Portions of this document should be redacted because it contains references to specific factors, competitive analysis, methodologies, and models in connection with rate-setting or financial analyses; and specific references to forecasted rate changes, including to specific factors considered when preparing such forecasts. |
| Ex. E – 7+5 GWIM Deposits Forecast Update | This document should be sealed because it contains references to specific factors, methodologies, and models in connection with rate-setting or financial analyses; and specific references to forecasted rate changes, including to specific factors considered when preparing such forecasts.  This document should be sealed in its entirety rather than redacted because nearly all of the material contained therein is proprietary forecasting and specific deposit information, which would commercially harm Merrill and non-party BANA if publicly disclosed. |
| Ex. F – GWIM Deposit Pricing Dashboard | Portions of this document should be redacted because it contains references to specific factors, competitive analyses, and methodologies in connection with rate-setting or financial analysis. |
| Ex. I – GWIM Deposit Pricing Strategy | Portions of this document should be redacted because it contains reference to specific factors, competitive analyses, methodologies, and models in connection with rate-setting or financial analysis; and specific references to total balances and accounts held in deposit products. |

**Davis Polk**    Honorable Valerie E. Caproni

The parties thank the Court for its attention to this matter.

Respectfully submitted,


**WOLF POPPER LLP**                          **DAVIS POLK & WARDWELL LLP**


/s/ Adam J. Blander                          /s/ Lara Samet Buchwald
Robert C. Finkel                             Greg D. Andres
Jeffrey W. Chambers (*pro hac vice*)         Lara Samet Buchwald
Adam J. Blander                              Cristina M. Rincon
Philip M. Black                              Chui-Lai Cheung
Emer C. Burke                                Anna Lee Nord
570 Lexington Avenue                         450 Lexington Avenue
New York, New York 10022                     New York, New York 10017
Tel.: 212.759.4600                           Tel.: 212.450.4000


*Attorneys for Plaintiff and Class*          *Attorneys for Defendant Merrill Lynch,*
*Counsel*                                    *Pierce, Fenner & Smith Incorporated and*
                                             *Non-party Bank of America, N.A.*


cc:    All counsel of record (via ECF)

---

Application GRANTED without prejudice to Plaintiff re-raising her argument that these materials cannot remain under seal during trial.


SO ORDERED.

*[signature]*                5/13/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---