**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH VALELLY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendant. | Case No. 19-cv-07998-VEC |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between Plaintiff Sarah Valelly ("Plaintiff"), on behalf of herself and all other members of the "Certified Class" (as defined below), on the one hand, and Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" or "Defendant"), on the other hand ("Plaintiff" and "Defendant," collectively, being the "Parties," and each a "Party"), and embodies the terms and conditions of the settlement of the above-captioned class action (the "Action").

## I. RECITALS

A. All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in Section 1 hereof entitled "Definitions."

B. On August 27, 2019, Plaintiff filed a complaint (the "Complaint") against Merrill in the United States District Court for the Southern District of New York (the "Court") alleging causes of action for (i) quasi-contract or implied contract; (ii) negligence and breach of suitability standards; (iii) breach of contract; and (iv) breach of the Massachusetts Consumer Protection Law. (ECF No. 1.)

C. On June 3, 2020, the Court issued an Opinion and Order granting Merrill's motion to dismiss each of the causes of action asserted in the Complaint and permitted Plaintiff to seek leave to amend. (ECF No. 31.)

D. On July 13, 2020, Plaintiff moved for leave to amend her Complaint. (ECF No. 34.)

E. On January 25, 2021, the Court issued an Opinion and Order granting Plaintiff's motion for leave to amend in part and directing Plaintiff to file an amended complaint. (ECF No. 54.)

F. On February 5, 2021, Plaintiff filed an amended complaint (the "Amended Complaint") asserting the same claims asserted in the Complaint; Plaintiff acknowledged that the Court dismissed Plaintiff's causes of action for (i) quasi-contract or implied contract and

(ii) negligence and breach of suitability standards without leave to replead, repleading those claims to preserve them for appeal. (ECF No. 55.) The sole causes of action asserted in the Amended Complaint that were not dismissed by the Court without leave to replead were for (i) breach of contract, based on Merrill's alleged failure to pay a "reasonable rate of interest" on cash swept through Merrill's "RASP" (as defined below); (ii) breach of the implied covenant of good faith and fair dealing based on Merrill's alleged failure to assign customers to an asset tier based on the total assets held in accounts that were "visibly linked" online but were not "statement linked"; and (iii) breach of the Massachusetts Consumer Protection Law based on the same alleged conduct as (ii). (*Id.*)

G. On March 29, 2021, Merrill filed its answer to the Amended Complaint. (ECF No. 59.)

H. The parties thereafter engaged in fact and expert discovery, including third-party discovery. Plaintiff produced over 1,000 pages of documents and Merrill and its affiliate, Bank of America, N.A. ("BANA"), produced over 480,000 pages of documents. Merrill deposed the Plaintiff; Plaintiff initially conducted six depositions of Merrill and BANA employees, and conducted two additional depositions in July and August 2026, shortly before the scheduled trial. In addition, the parties filed expert reports in 2022 in connection with class certification and filed additional expert reports on the merits of the Action in 2023. In connection with such expert discovery, both of Plaintiff's experts were deposed, and Merrill's expert was deposed at both the class certification and merits stages.

I. On March 11, 2022, Plaintiff filed a motion for class certification. (ECF No. 91.)

J. On May 10, 2022, Merrill opposed Plaintiff's motion for class certification (ECF No. 110) and filed a motion to exclude the opinions and testimony of Plaintiff's proposed expert witness, Dr. Micah J. Officer. (ECF No. 112.)

K. On August 17, 2022, the Court dismissed Plaintiff's motion for class certification without prejudice to resubmit the motion at a later date. (ECF No. 145.)

L. On March 21, 2023, the Court issued an Opinion and Order granting Merrill's motion to exclude the opinions and testimony of Plaintiff's proposed expert witness, Dr. Micah J. Officer. (ECF No. 149.)

M. On April 4, 2023, Plaintiff moved for reconsideration of certain portions of the Court's Opinion and Order granting Merrill's motion to exclude the opinions and testimony of Plaintiff's proposed expert witness, Dr. Micah J. Officer. (ECF No. 159.)

N. On June 28, 2023, the Court issued an Opinion and Order denying Plaintiff's motion for reconsideration of the Court's March 21, 2023 decision. (ECF No. 182.)

O. The parties engaged in a period of expert discovery from June 16, 2023 through August 4, 2023. (ECF No. 169.)

P. On September 29, 2023, Merrill moved for summary judgment (ECF No. 191), and Plaintiff moved for partial summary judgment (ECF No. 192). Merrill also moved to exclude the opinions and testimony of Plaintiff's expert witness, Dr. Darius Palia. (ECF No. 201.)

Q. The Court dismissed the parties' motions for summary judgment without prejudice. (ECF No. 213.)

R. On December 13, 2023, Merrill renewed its motion to exclude the opinions testimony of Plaintiff's expert witness, Dr. Darius Palia (ECF No. 222), and Plaintiff moved to

exclude the opinions and testimony of Merrill's expert witness, Dr. Andrea Eisfeldt (ECF No. 223).

S. On September 27, 2024, the Court issued an Opinion and Order granting in part and denying in part Merrill's motion to exclude the opinions and testimony of Plaintiff's expert witness, Dr. Darius Palia, and denying Plaintiff's motion to exclude the opinions and testimony of Merrill's expert witness, Dr. Andrea Eisfeldt. (ECF No. 257.)

T. On November 27, 2024, Merrill moved for summary judgment. (ECF No. 267.)

U. On July 23, 2025, the Court issued an Opinion and Order granting Merrill's motion for summary judgment as to Plaintiff's causes of action arising from Merrill's alleged failure to assign customers to an asset tier based on the total assets held in accounts that were "visibly linked" online but were not "statement linked," and denying Merrill's motion for summary judgment as to Plaintiff's causes of action arising from Merrill's alleged failure to pay a "reasonable rate of interest" on cash swept in connection with RASP. (ECF No. 297.)

V. On August 22, 2025, Plaintiff moved to certify a class. (ECF No. 305.)

W. On February 26, 2026, the Court issued an Opinion and Order certifying Plaintiff to act as a representative of a class consisting of all persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP at any time during the period December 15, 2016 through March 15, 2020 and appointing Wolf Popper LLP as class counsel. (ECF No. 325.)

X. On April 3, 2026, the Court appointed JND Legal Administration ("JND") as notice administrator. JND, at the direction of Class Counsel, thereafter provided notice of the February 26, 2026 class certification Order to Class Members, and provided them an opportunity to opt out of the Certified Class. JND reported that it provided notice to all Class Members identified by

Merrill in its business records which reflected approximately 1.1 million individual account IDs. (ECF No. 386.) On September 28, 2026, JND submitted a Declaration to this Court advising that, as of September 25, 2026, 69 putative Class Members had requested exclusion from the Certified Class. (ECF No. 396.)

Y. On April 17, 2026, the Parties both filed motions *in limine* to preclude certain evidence and argument. (ECF Nos. 346, 348, 351.)

Z. On May 28, 2026 and July 14, 2026, the Court granted in part and denied in part the parties' motions *in limine*. (ECF No. 383 (Tr. of May 28, 2026 Hr'g); ECF No. 385.)

AA. The Court also directed the parties to brief the issue of whether trial should be bifurcated and, on July 14, 2026, ordered that trial would be bifurcated. (ECF No. 385.)

BB. The Parties filed a Joint Pretrial Order on August 14, 2026. (ECF Nos. 391, 392.)

CC. In 2025, the Parties agreed to engage in mediation and subsequently retained David M. Murphy of Phillips ADR Enterprises to act as mediator in the Action. The Parties participated in an in-person mediation session at defense counsel's office on December 4, 2025, which was followed by an additional joint remote mediation session on December 31, 2025.

DD. At the time of settlement, trial in this Action was set to commence on October 13, 2026.

EE. Following mediation and further negotiations, on September 1, 2026, the Parties reached an agreement to settle the Action, which was memorialized in a term sheet executed and finalized on September 5, 2026 (the "Term Sheet"), that contemplated that the parties would "enter into all documents necessary and customary for a class-wide settlement."

FF. This Stipulation (together with the exhibits hereto) reflects the final and binding settlement agreement between the Parties and supersedes the Term Sheet.

GG. Plaintiff, through Class Counsel (as defined below), stipulates that she conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Complaint and Amended Complaint. Based upon her investigation, prosecution, and mediation of the Action, and taking into consideration the immediate and significant monetary benefit that members of the Certified Class will receive from the "Settlement" (as defined below), weighed against the significant risks of continued litigation and trial, Plaintiff and Class Counsel stipulate that they have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Plaintiff and to the other members of the Certified Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Stipulation.

## II. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any concession by Plaintiff that the Action lacks merit, and without any admission or concession by Merrill of any breach, fault, misconduct, wrongdoing, liability, and/or damages or lack of merit of its defenses, it is hereby STIPULATED AND AGREED, by and among the Parties, and their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all "Released Plaintiff's Claims" (as defined below) and all "Released Defendant's Claims" (as defined below), as against all "Released Parties" (as defined below), shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without fees or costs to any Party, upon and subject to the following terms and conditions.

### 1. Definitions

As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control:

1.1 "Action" means the civil action captioned *Sarah Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Civil Action No. 19-cv-07998-VEC, pending in the United States District Court for the Southern District of New York before the Honorable Valerie E. Caproni.

1.2 "Administrator" means the individual who will be appointed by the Court to administer the Settlement. The Administrator may designate other individuals to assist in allocating the Net Settlement Fund; all such designated appointees shall have appropriate qualifications, skills, and relevant experience as determined by the Administrator in its sole discretion.

1.3 "Claim" means any debts, demands, rights, actions, suits, judgments, defenses, losses, damages, penalties, punitive damages, costs, expenses, attorneys' fees, compensation, accounts, bonds, agreements, dues, disputes, rights of setoff or rescission, obligations, liens, causes of action, rights of appeal, or liabilities of any kind whatsoever, whether based on any law or contract, federal, state, local, or statutory or common law or equity or any other law, rule or regulation; seeking damages, injunctive, or declaratory relief; class, or individual in nature; fixed or contingent; accrued or unaccrued; liquidated or unliquidated; at law or in equity; matured or unmatured; foreseen or unforeseen; suspected or unsuspected; secured or unsecured; known or unknown (including each and every "Unknown Claim" as defined below); hidden; and/or non-contingent.

1.4 "Certified Class" means all persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP at any time during the "Class

Period" (as defined below). Excluded from the Certified Class is any "Person" (as defined below) who timely and validly requested exclusion from the Certified Class.

1.5 "Class Counsel" means Wolf Popper LLP.

1.6 "Class Member" means any Person that is a member of the Certified Class.

1.7 "Class Period" means the period from December 15, 2016 through March 15, 2020.

1.8 "Consolidated Action" means *In re Merrill Lynch Cash Sweep Programs*, Case No. 1:23-cv-10768-MMG-BCM (S.D.N.Y.).

1.9 "Costs Fund" means $500,000, which shall be part of the "Notice and Administration Expenses" (as defined below).

1.10 "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in Section 11.1 below.

1.11 "Escrow Agent" means Huntington Bank.

1.12 "Fee and Expense Application" means any application for an award of attorneys' fees, a service award for Plaintiff, and/or payment of "Litigation Expenses" (as defined below) incurred in prosecuting the Action.

1.13 "Final," with respect to a court order means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order, shall be extended beyond this time by order of the issuing court,

by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the "Plan of Allocation" (as defined below) of the "Net Settlement Fund" (as defined below), or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.14 "Judgment" means the "[Proposed] Final Order and Judgment" to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.15 "Litigation Expenses" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action, for which Class Counsel intends to apply to the Court for payment from the "Qualified Settlement Fund" (as defined below).

1.16 "Mediator" means David M. Murphy.

1.17 "Merrill's Counsel" means Davis Polk & Wardwell LLP.

1.18 "Net Settlement Fund" means the Settlement Amount less: (i) Court-awarded attorneys' fees and Litigation Expenses, and interest thereon; (ii) "Notice and Administration Expenses" (as defined below); (iii) any service award payable to Plaintiff; (iv) "Taxes" (as defined below); and (v) any other fees or expenses approved by the Court.

1.19 "Notice" means, collectively, the "Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Long-Form Notice"), the "Postcard Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Postcard Notice"), the "Email Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Email Notice"), and the Summary Notice (as defined below) which, subject to approval of the Court,

shall be substantially in the form attached hereto as Exhibits A-1–A-4. For the avoidance of doubt, the Long-Form Notice shall not be mailed or emailed to Class Members but shall be referenced in the Postcard Notice, Email Notice, and Summary Notice.

1.20 "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Certified Class and the administration of the Settlement, including, but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to members of the Certified Class; (ii) applying the Plan of Allocation; (iii) communicating with Persons regarding the proposed Settlement process and Plan of Allocation; (iv) distributing the proceeds of the Settlement (whether to Merrill for the benefit of Class Members who are then-current Merrill accountholders or directly to Class Members who are no longer Merrill accountholders); and (v) fees related to the Qualified Settlement Fund and investment of the Qualified Settlement Fund.

1.21 "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.22 "Plan of Allocation" means the proposed Plan of Allocation of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice and related materials.

1.23 "Preliminary Approval Order" means the "[Proposed] Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement," which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

1.24 "Qualified Settlement Fund" means an account maintained at a financial institution where the Settlement Amount will be held in escrow.

1.25 "RASP" means Merrill's "Retirement Asset Savings Program."

1.26 "Released Defendant Parties" means Merrill, Bank of America, N.A., BofA Securities, Inc., and Bank of America Corporation, together with their respective past and present direct or indirect parents, subsidiaries, corporate affiliates, predecessors, and successors; each of those entities' respective past or present officers, directors, and agents acting within the scope of their duties on behalf of the foregoing entities; and each of those entities' respective past or present employees for any act connected in any way to their employment.

1.27 "Released Defendant's Claims" means any and all claims of Defendant against the "Released Plaintiff Parties" (as defined below) relating in any way to any Party or counsel's conduct in this Action, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Action, except for claims relating to the enforcement of the Settlement.

1.28 "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.29 "Released Plaintiff's Claims" means any and all claims, rights, and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments,

losses, damages and liabilities, including both known Claims and "Unknown Claims" (as defined below), whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Defendant Parties that the Released Plaintiff Parties (i) asserted in the Action against the Released Defendant Parties, (ii) could have asserted in the Action against the Released Defendant Parties, or (iii) could assert against the Released Defendant Parties in any other action or forum with respect to the claims in the Action, including claims arising out of or relating to RASP (as defined below), as offered in connection with self-directed retirement accounts, and claims relating to or arising from Merrill's alleged failure to assign customers to an asset tier based on the total assets held in accounts that were "visibly linked" online but were not "statement linked," as alleged in the Action. Released Plaintiff's Claims do not include: (i) claims being litigated in the Consolidated Action; (ii) claims relating to the enforcement of this Stipulation or of the Settlement; or (iii) any claims of Persons who submitted a timely and valid request for exclusion from the Certified Class that is accepted by the Court. This release is intended to release, to the maximum extent allowable under law, any claims, rights, and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known Claims and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law or any other law, rule, or regulation, that could

be brought to recover damages from the Released Defendant Parties on behalf of a Class Member by any other party, as well as any right to recovery on account thereof, that were or could have been brought in the Action relating to the subject matter of the Action. For the avoidance of doubt, to the extent the Consolidated Action is deemed to include Claims for the Class Period arising out of or relating to RASP as offered in connection with self-directed retirement accounts, such self-directed Claims in the Consolidated Action are being released by this Settlement.

1.30 "Released Plaintiff Parties" means (i) each and every Class Member, Plaintiff, and Class Counsel, and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest. Released Plaintiff Parties does not include any Person who timely and validly submits a request for exclusion from the Certified Class that is accepted by the Court.

1.31 "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.32 "Settlement Amount" means the total principal amount of thirty-nine million U.S. dollars ($39,000,000) to be paid by wire transfer to the Qualified Settlement Fund.

1.33 "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

1.34 "Stipulation" means this Stipulation of Settlement.

1.35 "Summary Notice" means the "Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses" for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3 hereto.

1.36 "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Qualified Settlement Fund and the expenses and costs incurred in connection with the taxation of the Qualified Settlement Fund (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

1.37 "Unknown Claim" means any Claim that Plaintiff, any other Class Member, or Merrill does not know or suspect to exist in his, her, their, or its favor at the time of the releases contained in this Stipulation, which if known by him, her, they, or it might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, themselves, or itself from the Certified Class. With respect to any and all Released Plaintiff's Claims and Released Defendant's Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and Merrill shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiff, other members of the Certified Class, or Merrill may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or

believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendant's Claims, but Plaintiff and Merrill shall expressly, fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss, and each Class Member shall be deemed to have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed and upon the Effective Date and by operation of the Judgment shall have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendant's Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and Merrill acknowledge, and other members of the Certified Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claim" in the definition of Claim, and thereby in the definitions of Released Plaintiff's Claims and Released Defendant's Claims, was separately bargained for and is a material term and condition of this Stipulation and of the Settlement.

**2. Scope and Effect of Settlement**

2.1 The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiff's Claims and Released Defendant's Claims.

2.2 Upon the Effective Date, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintain in any court of law or equity, arbitration tribunal, or administrative forum any and all of

the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party shares in the Settlement Amount. Claims to enforce the terms of this Stipulation are not released.

2.3 Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims against Released Plaintiff Parties. Nothing contained in this Stipulation of Settlement shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

2.4 Upon entry of the Judgment, on the Effective Date, and notwithstanding the terms set forth in Section 2.2 above, Class Counsel, on behalf of the Certified Class, shall take all steps necessary, if any, to dismiss the Action with prejudice on behalf of Plaintiff and all Class Members promptly, reserving to the Court the power to oversee and enforce this Stipulation and the Settlement until all sums have been distributed in accordance with the Settlement.

**3. The Settlement Consideration**

3.1 In full and complete settlement of the Claims asserted in the Action against Merrill and the Released Defendant Parties and in consideration of the releases specified in Sections 2.2–2.4 above, all of which the Parties agree are good and valuable consideration, Merrill shall pay, or cause to be paid, the Settlement Amount into the Qualified Settlement Fund within ten (10) business days after the later of (i) the Court's preliminary approval of the Settlement or (ii) receipt of both a properly completed W-9 Form for the Qualified Settlement Fund and wiring instructions from the Administrator. In no event shall Merrill be required to pay more than the Settlement Amount under any circumstances in order to obtain the releases specified in Sections 2.2 and 2.3. Class Counsel shall provide the Escrow Agent with an executed copy of this Stipulation, and the

Escrow Agent shall agree to accept and hold the Settlement Amount in escrow pursuant to the terms and conditions of this Stipulation. Prior to the funding of the Qualified Settlement Fund, Class Counsel and Merrill's Counsel shall arrange a telephone call among Merrill, the Escrow Agent, Class Counsel, Merrill's Counsel, and the depositee bank for the purpose of confirming the wire and check funding instructions and information.

3.2 With the sole exceptions of Merrill's obligation to pay or cause to be paid the Settlement Amount into the Qualified Settlement Fund as provided for in Section 3.1 above, Merrill's "CAFA Notice" obligation pursuant to Section 6.1 below, Merrill's obligation to provide records identifying Class Members and providing account data pursuant to Sections 9.2–9.3 below, and Merrill's obligation to make direct payments to Class Members who are then-current Merrill accountholders as directed by Class Counsel and/or the Administrator pursuant to Section 7.3 below, Merrill, the Released Defendant Parties, and Merrill's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund, distributions, or other payments from the Qualified Settlement Fund, or the filing of any federal, state, or local returns.

3.3 The Escrow Agent shall hold the Settlement Amount deposited pursuant to Section 3.1 in a Qualified Settlement Fund either (i) insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits, or (ii) backed by the full faith and credit of the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

3.4 The Escrow Agent shall not disburse any part of the Qualified Settlement Fund except as provided in this Stipulation or by an order of the Court.

3.5 Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

**4. Use and Tax Treatment of Qualified Settlement Fund**

4.1 The Qualified Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court, including a service award; and (v) to pay Class Members.

4.2 The Net Settlement Fund shall be distributed to Class Members as provided in Sections 7.1–7.5 below. All funds held in the Qualified Settlement Fund, and all earnings thereon, shall be, and shall be deemed to be, in the custody of the Court and shall remain subject to the

jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.

4.3 Once Merrill has deposited the Settlement Amount into the Qualified Settlement Fund in accordance with Section 3.1 above, and until if at some time it accepts a portion of such funds in order to make direct distributions to Class Members who are then-current Merrill accountholders as directed by Class Counsel and/or the Administrator, Merrill shall be deemed to have relinquished control over the Settlement Amount to the Escrow Agent, and Merrill and the Released Defendant Parties shall have no responsibilities or liabilities relating to, arising out of, or in any way whatsoever connected with the Settlement Amount and the Qualified Settlement Fund.

4.4 The Parties and the Escrow Agent agree to treat the Qualified Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder. The Parties and the Escrow Agent further agree that the Qualified Settlement Fund shall be established by the Administrator pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In addition, the Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a) For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Administrator or its designee. The Administrator or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Qualified Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in Section 4.4 hereof) shall be consistent with Section 4.4 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be paid out of the Qualified Settlement Fund.

(b) In all events, Merrill, Merrill's Counsel, and the Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority. In the event any Taxes are owed by Merrill and the Released Defendant Parties on any earnings on the funds on deposit in the Qualified Settlement Fund, such amounts shall also be paid out of the Qualified Settlement Fund.

(c) Taxes with respect to the Settlement Amount and the Qualified Settlement Fund shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Administrator out of the Qualified Settlement Fund without prior order from the Court or

approval by Merrill. The Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).

4.5 This is not a claims-made settlement. As of the Effective Date, Merrill, and/or any other Person funding the Settlement on Merrill's behalf, shall not have any right to the return of the Qualified Settlement Fund or any portion thereof for any reason.

**5. Attorneys' Fees and Litigation Expenses**

5.1 Class Counsel will apply to the Court, on behalf of itself and on behalf of additional counsel for Plaintiff, for an award from the Qualified Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including an award to Plaintiff, plus earnings on such amounts at the same rate and for the same periods as earned by the Qualified Settlement Fund.

5.2 The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Qualified Settlement Fund to Class Counsel immediately after entry of the order awarding such attorneys' fees and Litigation Expenses, as ordered by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

5.3 Any payment of attorneys' fees and Litigation Expenses pursuant to Sections 5.1–5.2 above shall be subject to Class Counsel's several obligation to make refunds or repayments to the Qualified Settlement Fund of any paid amounts, plus the interest earned thereon, if the

Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed by a Final non-appealable court order. Class Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by a Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by a Final non-appealable court order. Class Counsel, as a condition of receiving any such award of attorneys' fees and Litigation Expenses, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph and Sections 5.1–5.2 above.

5.4 With the sole exception of Merrill's obligation to pay the Settlement Amount into the Qualified Settlement Fund as provided for in Section 3.1 above, Merrill and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel that may occur at any time.

5.5 Merrill and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or Litigation Expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

5.6 Merrill and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of members of the Certified Class, whether or not paid from the Qualified Settlement Fund. The

Qualified Settlement Fund will be the sole source of payment from Merrill for any award of attorneys' fees and expenses, including Litigation Expenses, ordered by the Court.

5.7 The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or Litigation Expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein. Neither Plaintiff nor Class Counsel may cancel or terminate the Stipulation or the Settlement in accordance with Section 12.1 below or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses, including Litigation Expenses, in the Action.

**6. Notice and Administration Expenses**

6.1 Notwithstanding the fact that the Effective Date will not have occurred, the Escrow Agent, without further approval of Merrill or the Court, may withdraw from the Qualified Settlement Fund up to the amount allocated in the Costs Fund to pay any reasonable Notice and Administration Expenses actually incurred. Merrill shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA Notice"), if any, at its own expense.

**7. Distribution to Class Members**

7.1 The Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the

Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Except as stated in Sections 3.1, 6.1, 9.2, and 9.3 hereof, none of the Released Defendant Parties shall have any responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the Qualified Settlement Fund, or the actions or decisions of the Administrator or Escrow Agent, and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiff, any member of the Class, and Class Counsel in connection with such administration.

7.2 The Administrator shall determine each Class Member's *pro rata* share of the Net Settlement Fund, as defined in the Plan of Allocation referenced in the Notice, or in such other plan of allocation as the Court may approve.

7.3 Merrill has no role in the development of, and will take no position with respect to, the Plan of Allocation. Other than Merrill's obligation to make direct payments to Class Members who are then-current Merrill accountholders as directed by Class Counsel and/or the Administrator, Merrill and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the application of any Plan of Allocation, the distribution of the Net Settlement Fund, or any losses incurred in connection with any of the foregoing. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement, or this Stipulation, that any particular plan of allocation be approved by the Court. Plaintiff and Class Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with Section 12.1 below or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.

7.4 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Class Members.

7.5 If, after the payment of all amounts to be paid under this agreement and additional distributions become, in Class Counsel's view, no longer feasible, any positive remainder in the Qualified Settlement Fund shall be distributed to a charitable organization proposed by Class Counsel and subject to Merrill's consent and Court approval.

**8. Administration of the Settlement**

8.1 Class Counsel alone shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Administrator. Other than Merrill's obligation to make direct payments to Class Members who are then-current Merrill accountholders as directed by Class Counsel and/or the Administrator, the Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement, or the allocation of the Net Settlement Fund.

8.2 Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Class Members. All members of the Certified Class shall be bound by all of the terms and conditions of this Stipulation and the Settlement, including the terms and conditions of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Class Member shares in the Settlement Amount.

8.3 All proceedings with respect to the administration, processing, and determination of the Net Settlement Fund described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the allocation of the Net Settlement Fund amongst Class Members, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

8.4 No Person shall have any claim of any kind against the Released Defendant Parties or Merrill's Counsel with respect to the matters set forth in this section (i.e., Sections 8.1–8.5 hereof), or otherwise related in any way to the administration of the Settlement, including, without limitation, distributions.

8.5 No Person shall have any claim against Plaintiff, Class Counsel, their damages expert, the Released Defendant Parties, or the Administrator, or other agent designated by Class Counsel (other than the Escrow Agent), based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

**9. Terms of the Preliminary Approval Order**

9.1 Concurrently with its application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The form of the Preliminary Approval Order is a material term and condition of this Stipulation and the Settlement. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Certified Class.

9.2 As soon as practicable but in any event no later than November 9, 2026, Merrill shall use its best efforts to provide Class Counsel with one or more computer readable files with records identifying the following, to the extent not already provided: (i) Class Members; (ii) each self-directed Merrill Edge account each Class Member owned with respect to a retirement account at issue in this litigation; (iii) whether the Class Member presently retains each of their self-directed retirement accounts held during the Class Period with Merrill; (iv) the sweep tier and cash held in RASP in each such self-directed account at the end of each month for each month throughout the Class Period; (v) the rate of interest paid pursuant to RASP on each such self-directed account on a monthly basis; and (vi) all known physical addresses and email addresses in Merrill's possession, custody, or control, for Class Members.

9.3 Merrill shall use its best efforts to obtain and provide to Class Counsel any additional information reasonably requested by Class Counsel related to identifying Class Members and their account and RASP cash holding information that is obtainable by Merrill without undue burden.

**10. Terms of the Judgment**

10.1 If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Merrill shall jointly request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B. The form of the Judgment is a material term and condition of this Stipulation and the Settlement.

**11. Effective Date of Settlement**

11.1 The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a) entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b) payment of the Settlement Amount into the Qualified Settlement Fund pursuant to Section 3.1 above;

(c) approval by the Court of the Settlement, following notice to the Certified Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

**12. Waiver or Termination**

12.1 Merrill and Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United States; or (v) the Court makes any order purporting to alter, amend, or modify any material term or condition of this Stipulation or the Settlement. For the avoidance of doubt, Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

12.2 In addition to the foregoing, Merrill shall also have the right to terminate the Settlement in the event the "Termination Threshold" (as defined below) has been reached.

Simultaneously herewith, Plaintiff and Merrill are executing a confidential "Supplemental Agreement" (the "Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Merrill shall have the sole option in its discretion to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Certified Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court in camera or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of Sections 12.8–13.1 below, which shall continue to apply.

12.3 The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, the Administrator shall promptly, and in any event no later than two (2) business days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier, notify Class Counsel and Merrill's Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email to Class Counsel and Merrill's Counsel.

12.4 If, before the Settlement becomes Final, Merrill files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under the Bankruptcy Code, or any similar law, and in the event of the entry of a Final

order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Qualified Settlement Fund by or on behalf of Merrill to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Qualified Settlement Fund by others, then, at the election of Plaintiff, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Merrill, and Merrill and Plaintiff and the members of the Certified Class shall be restored to their litigation positions as of August 31, 2026.

12.5 In addition to all of the rights and remedies that Plaintiff has under the terms of this Stipulation, Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been deposited into the Qualified Settlement Fund according to the schedule provided for in Section 3.1 above.

12.6 If an option to withdraw from and terminate this Stipulation and the Settlement arises under Sections 12.1–12.5 above: (i) neither Merrill nor Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Merrill or Plaintiff, as applicable.

12.7 With the exception of the provisions of Sections 12.8–13.1 hereof, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 31, 2026; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions

or negotiations leading to this Stipulation, shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Merrill or against or to the prejudice of Plaintiff, in any court filing, deposition, at trial, or otherwise.

12.8 In the event the Settlement is terminated, as provided herein, or fails to become effective, the Settlement Amount, together with any interest thereon, shall be returned to Merrill in accordance with instructions provided by Merrill's Counsel to Class Counsel.

**13. No Admission**

13.1 Except as set forth in Section 13.2 below, this Stipulation and the Settlement and any related terms and conditions, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with such settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of this Stipulation and of the Settlement, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Merrill or any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Merrill or any of the Released Defendant Parties with respect to the truth of any allegation or assertion by Plaintiff or the Certified Class, or the validity of any cause of action, claim, or allegation that has been or could have been alleged or asserted in the Action or in any litigation or other forum, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or other forum, including, but not limited to, the Released Plaintiff's Claims, or

of any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages of, by, or on the part of Merrill, the Released Defendant Parties, or any Person or entity whatsoever. Specifically, Merrill and the Released Defendant Parties expressly deny any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages, and also expressly deny any misrepresentation, misleading statement, or omission with respect to any statement or written document approved or made by Merrill and/or the Released Defendant Parties;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Merrill and any of the Released Defendant Parties as evidence of, a presumption, concession, or admission of any misrepresentation, misleading statement, or omission with respect to any statement or written document approved or made by Merrill or the Released Defendant Parties, or against or to the prejudice of Plaintiff, or any other member of the Certified Class as evidence of any infirmity in the claims of Plaintiff, or the other members of the Certified Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiff, any other member of the Certified Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiff, other members of the Certified Class, or their respective counsel, in any other

civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiff, or any other member of the Certified Class, as evidence of a presumption, admission, or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial or in any proceeding other than this Settlement; and

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Plaintiff or any other member of the Certified Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint or the Amended Complaint would not have exceeded the Settlement Amount.

13.2 Notwithstanding Section 13.1 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, laches, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Stipulation and the Settlement.

**14. Miscellaneous Provisions**

14.1 The Parties: (i) acknowledge that it is their intent to consummate this Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

14.2 The Parties intend this Settlement to be a final and complete resolution of all disputes between the Certified Class and Merrill with respect to the Action. The Settlement shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of experienced mediators.

14.3 The Released Plaintiff Parties shall not make or publish any critical, denigrating, or disparaging written or oral statements about any of the Released Defendant Parties. The Released Defendant Parties shall not make or publish any critical, denigrating, or disparaging written or oral statements about any of the Released Plaintiff Parties.

14.4 All of the exhibits to this Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

14.5 This Stipulation, along with its Exhibits, and the Supplemental Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

14.6 Class Counsel represents and warrants that it is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Certified Class pursuant to this

Stipulation to effectuate its terms and is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Certified Class which it deems appropriate.

14.7 This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the settling Parties as to the subject matter hereof and supersede any prior or contemporaneous oral agreements or understandings between the Parties.

14.8 Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any Party hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

14.9 Pursuant to the "Stipulated Order for the Production and Exchange of Confidential Information" so ordered on June 23, 2021 (ECF No. 65-1, the "Protective Order"), to which the Parties agreed, and to which the Released Parties hereby agree to be bound, within 60 days of the Effective Date, each Party and their counsel shall, at the option and demand of the producing Party, return to the producing Party or destroy all Discovery Material designated as "Confidential Information," and all copies thereof, as provided in Paragraph 31 of the Protective Order. This obligation extends to any documents provided by the Parties in connection with settlement discussions or the effectuation of this Settlement. For the avoidance of doubt, nothing in this paragraph shall modify, extend, or enlarge any obligations contained in the Protective Order.

14.10 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent electronically shall be deemed originals.

14.11 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) on the day when they are delivered by hand to the recipient law firm or organization; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by e-mail; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiff or Class Counsel:

WOLF POPPER LLP
Robert C. Finkel
570 Lexington Avenue
New York, NY 10022
rfinkel@wolfpopper.com

If to Merrill or Merrill's Counsel:

DAVIS POLK & WARDWELL LLP
Lara Samet Buchwald
450 Lexington Avenue
New York, New York 10017
lara.buchwald@davispolk.com

14.12 This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

14.13 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

14.14 Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

14.15 The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

14.16 No opinion or advice concerning the tax consequences of the proposed settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member. Class Counsel further understands that they shall be responsible for their own taxes, if any, resulting from the Settlement and any payments made pursuant to this Settlement.

14.17 Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

14.18 This Stipulation shall not be construed more strictly against one Party than another merely because it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

14.19 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

14.20 Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, any attorney-client privilege, joint defense privilege, or work product protection.

14.21 Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

14.22 All designations and agreements made, or orders entered during the course of the Action, relating to the confidentiality of documents or information shall survive this Stipulation.

14.23 This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

14.24 This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

14.25 Merrill shall determine the form of the CAFA Notice to be provided and identify those who will receive the CAFA Notice. Merrill shall be responsible for the mailing of the CAFA Notice and for all expenses and costs related thereto and shall provide a copy of the CAFA Notice and a statement of service to Class Counsel.

14.26 This Court retains continuing jurisdiction to address or resolve all matters relating to the administration of the Settlement, including any further requests for information from the Administrator.

14.27 The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Class Counsel's

Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

14.28 Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs in connection with the Settlement.

14.29 Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation and the Settlement confidential, except that the Parties may disclose such information to auditors, agents, advisors, regulators, insurance carriers who are subject to confidentiality obligations, and counsel in the Consolidated Action, provided that they are first informed of confidentiality obligations and agree to be bound by them and treat the information as subject to the governing protective order in the Consolidated Action; or as otherwise required by law. Notwithstanding the foregoing, the Parties agree that this Stipulation shall be filed publicly via ECF.

14.30 Plaintiff and Class Counsel represent and warrant that none of Plaintiff's claims or causes of action referred to in the Complaint or Amended Complaint in this Action or this Stipulation have been assigned, encumbered, or in any manner transferred in whole or in part.

14.31 The Parties further understand and agree that Merrill denies all of the Certified Class's and Plaintiff's claims, causes of action, and allegations asserted in this Action; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

**IN WITNESS WHEREOF**, the Parties have caused the Stipulation to be executed, by their duly authorized attorneys.

Dated: September 30, 2026

**WOLF POPPER LLP**

By: */s/ Robert C. Finkel*
Robert C. Finkel
Adam J. Blander
Emer C. Burke
570 Lexington Avenue
New York, New York 10022
Telephone: (212) 759-4600
rfinkel@wolfpopper.com
ablander@wolfpopper.com
eburke@wolfpopper.com

*Attorneys for Plaintiff and Class Counsel*

**DAVIS POLK & WARDWELL LLP**

By: */s/ Lara Samet Buchwald*
Greg D. Andres
Lara Samet Buchwald
Cristina M. Rincon
Chui-Lai Cheung
Anna Lee Nord
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
greg.andres@davispolk.com
lara.buchwald@davispolk.com
cristina.rincon@davispolk.com
chui-lai.cheung@davispolk.com
anna.nord@davispolk.com

*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH VALELLY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendant. | Case No. 19-cv-07998-VEC<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |

WHEREAS:

A. On September 30, 2026, Sarah Valelly ("Plaintiff"), on behalf of herself and all other members of the Certified Class, on the one hand, and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" and, together with Plaintiff, the "Parties"), on the other hand, entered into a "Stipulation of Settlement" (the "Stipulation") in the above-entitled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged, or that could have been alleged (as described further in the "Released Plaintiff's Claims"), in Plaintiff's Complaint, filed on August 27, 2019, and Amended Complaint, filed on February 5, 2021, on the merits and with prejudice (the "Settlement");

B. The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C. The Parties to the Stipulation have consented to the entry of this Order; and

D. All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in Section 3 below).

2. The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; and

(iv) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing shall be held before this Court on _, 2027, at ______ (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Certified Class and should be approved by the Court; (b) determine whether a Judgment should be entered; (c) determine whether the proposed Plan of Allocation as described in the Notice (as defined below) should be approved; (d) determine Class Counsel's application for an award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses; (e) hear any objections by Class Members to the Settlement, the Plan of Allocation, or the award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Certified Class.

4. The Court approves the form, substance, and requirements of the "Postcard Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Postcard Notice"), and the "Email Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Email Notice"), substantially in the forms annexed hereto as Exhibits A-1 and A-2.

5. The Court approves the form of the "Summary Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6. The Court approves the form of the "Long-Form Notice of Settlement, and Motion for Attorneys' Fees and Expenses" (the "Long-Form Notice"), substantially in the form annexed hereto as Exhibit A-4.

7. JND Legal Administration (the "Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below.

8. Merrill has advised that contact information for Class Members was already provided to the Administrator in connection with the notice of pendency campaign alerting Class Members of the February 26, 2026 Class Certification Order. Merrill will provide email and mailing address information that is current as of September 30, 2026 for all customers whose accounts remained active through 2026 within fourteen (14) calendar days of this Order. No later than forty-nine (49) calendar days after the entry of this Order, or ______________, 2026 (the "Notice Date"), the Administrator shall cause a copy of the Email Notice to be emailed to all Class Members for whom Merrill provided a valid email address; a copy of the Postcard Notice mailed to all Class Members for whom Merrill provided a valid mailing address and for whom a valid email address is not available or for whom the email containing the Email Notice is returned as undeliverable; and a copy of the Long-Form Notice to be posted on a case-specific website.

9. Within seven (7) calendar days of the Notice Date, the Administrator shall cause the Summary Notice to be transmitted over *PR Newswire*.

10. At least forty-five (45) calendar days prior to the Settlement Hearing, or _________, 202_, Class Counsel shall serve Merrill's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Certified Class of the Settlement and its terms

and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

12. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Certified Class, regardless of whether such Persons obtain by any means any distribution from the Settlement Amount.

13. All Persons falling within the definition of the Certified Class were given the opportunity to be excluded from, or to "opt out" of, the Certified Class before the Parties entered into the Settlement. By agreement of the Parties, all such Persons will now be given another opportunity to be excluded from, or "opt out" of, the Certified Class. Any such Person seeking exclusion must validly request exclusion from the Certified Class (each such request, a "Request for Exclusion") pursuant to the directions set forth in the Long-Form Notice. Requests seeking exclusion on behalf of more than one Class Member will be deemed invalid. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Long-Form Notice shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Amount, and shall not be bound by the Stipulation or the Final Judgment.

14. Within two (2) business days of receiving any Request for Exclusion, the Administrator shall deliver a copy of each such Request for Exclusion to Class Counsel and Merrill's Counsel. The Administrator shall also provide any written retractions of Requests for Exclusion within two (2) business days of receipt.

15. Any Class Member (or any other Person with standing to be heard) may appear at the Settlement Hearing and object if they have any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and/or Litigation Expenses should not be awarded; provided that any such Class Member (or any other Person with standing to be heard) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by U.S. mail to Wolf Popper LLP, Robert C. Finkel, 570 Lexington Avenue, New York, New York 10022; Davis Polk & Wardwell LLP, Lara Samet Buchwald, 450 Lexington Avenue, New York, New York 10017, no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____________, 202__. Any Class Member who does not make his, her, or its objection in the manner and by the date provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the Stipulation and the Email Notice, Postcard Notice, Long-Form Notice, and Summary Notice (collectively referred to herein as the "Notice"), or to the award of fees, costs, and expenses to Class Counsel, or Plaintiff, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses to Class Counsel, or Plaintiff, are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witness(es) they

may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16. Any objections, filings, and other submissions by an objecting Class Member must follow directions set forth in the Long-Form Notice.

17. Any Class Member who does not object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses.

18. No Person who is not a member of the Certified Class or Plaintiff's counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees, and unreimbursed costs and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or ______________, 202__, any objections thereto shall be filed and served no later than twenty-one

(21) calendar days before the Settlement Hearing, or ______________, 202__, and any reply papers shall be filed and served no later than seven (7) days before the Settlement Hearing, or ______________, 202__.

21. The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

22. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or unreimbursed costs and expenses.

23. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Qualified Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Plaintiff nor Class Counsel nor the Administrator shall have any obligation to repay any amount actually and properly incurred or disbursed pursuant to Section 6.1 of the Stipulation.

24. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, prior agreements, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the

Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Plaintiff's Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

26. The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video- or teleconference without further notice to Class Members.

27. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without notice to Class Members.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

29. In the event the Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the Action as of August 31, 2026 and the Court will set a new trial schedule for the Action. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

30. If not already performed, Merrill shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Merrill is responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Merrill shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

IT IS SO ORDERED.

DATED this ____ day of ___________, 2026

_______________________________________
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account at any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement.

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

To receive future notice by email, please contact the Administrator at info@MLRetirementAccountLitigation.com.

*Valelly v. Merrill Lynch*
c/o JND Legal Administration
PO Box 91219
Seattle, WA 98111

«ScanString»
Postal Service: Please do not mark barcode

«FirstName» «LastName»
«Address»
«City», «StateCd» «Zip»
«Country»

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. Merrill's records indicate that you are a Class Member. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections. **You have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. **Payments under $10 will not be issued**.

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long-Form Notice available on the Settlement Website explains how to exclude yourself. Requests for exclusion must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of litigation expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days prior to the Settlement Hearing***]. The Long-Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you requested exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information, visit **www.MLRetirementAccountLitigation.com,** which includes the Long-Form Notice, contact the Administrator at info@MLRetirementAccountLitigation.com or 1-833-207-0938, or access the Court docket through the Court's Public Access to Court Electronic Records system at http://ecf.nysd.uscourts.gov/.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

# EXHIBIT A-2

From: info@MLRetirementAccountLitigation.com
To: x
Re: Merrill Lynch Retirement Account Settlement Notice

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer. You are not being sued.***

| UNIQUE ID: | PIN: |
| --- | --- |

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections.

**If you are a Class Member, you have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. Payments under $10 will not be issued.

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long Form Notice available on the Settlement Website explains how to exclude yourself. Requests to opt out of the Class must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of Litigation Expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days***

***prior to the Settlement Hearing***]. The Long Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you request exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information:

Visit www.MLRetirementAccountLitigation.com

email info@MLRetirementAccountLitigation.com

Call 1-833-207-0938

Write *Valelly v. Merrill Lynch,* c/o JND Legal Administration, P.O. Box 91219, Seattle, WA 98111

Access the Court docket through the Court's Public Access to Court Electronic Records ("PACER") system at http://ecf.nysd.uscourts.gov/

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

Unsubscribe

# EXHIBIT A-3

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account at any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement.

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections..

**If you are a Class Member, you have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. **Payments under $10 will not be issued.**

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long-Form Notice available on the Settlement Website explains how to exclude yourself. Requests to opt out of the Class must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of litigation expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days prior to the Settlement Hearing***]. The Long-Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you requested exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information, visit **www.MLRetirementAccountLitigation.com,** which includes the Long-Form Notice, contact the Administrator at info@MLRetirementAccountLitigation.com or 1-833-207-0938, or access the Court docket through the Court's Public Access to Court Electronic Records system at http://ecf.nysd.uscourts.gov/.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

# EXHIBIT A-4

**MERRILL EDGE RETIREMENT ACCOUNT CLASS ACTION SETTLEMENT**

**If you had a Merrill Edge retirement account at any time from December 15, 2016, through March 15, 2020, you may be eligible for benefits from a class action settlement.**

**This Notice explains your rights. Please read it carefully.**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

A class action settlement in the amount of $39,000,000 has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* [“Merrill”], Case No. 1:19-cv-07998-VEC, pending in the United States District Court for the Southern District of New York (the “Court”). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers’ Merrill Edge self-directed retirement accounts swept into deposit accounts at Merrill-affiliated banks through the Retirement Asset Savings Program (“RASP”). Class Members entitled to $10 or more will receive a proportionate share of the Net Settlement Fund based on the Plan of Allocation discussed in Paragraph 5 (below). The Net Settlement Fund shall consist of the **$39,000,000** Settlement Amount minus (i) Notice and Administrative Costs; (ii) Court awarded attorneys’ fees and Litigation Expenses; (iii) any service award payable to Plaintiff; (iv) Taxes; and (v) and any other fees and expenses approved by the Court. If you are a Class Member, your legal rights are affected whether you act or not, so please read this Notice carefully.

The Court will hold a Settlement Hearing on xx xx, 2027, at xx:00 a.m., before the Honorable Valerie Caproni in Courtroom 20C, 500 Pearl Street, New York, NY 10007, to consider whether to approve the Settlement. The hearing date and time are subject to change; consult the Settlement Website for updates.

This notice summarizes the proposed Settlement. For more information, visit www.MLRetirementAccountLitigation.com, contact the Administrator (JND Legal Administration) at info@MLRetirementAccountLitigation.com, or 1-833-207-0938, or access the Court docket through the Court’s Public Access to Court Electronic Records (“PACER”) system at http://ecf.nysd.uscourts.gov/.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| RECEIVE A CLASS CASH PAYMENT | You do not need to file a claim to receive a cash payment. Your share of the Net Settlement Fund will be based on the Plan of Allocation set forth in Paragraph 5 of this Notice. Given the expense of issuing payment, only Class Members whose share of the Net Settlement Fund is $10 or more will receive payment. Payment will be made to those Class Members with existing Merrill Edge retirement accounts directly into their retirement accounts, or by check or electronic transfer directly to those Class Members who no longer maintain their Merrill Edge retirement account. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the | For those Class Members who no longer maintain their Merrill Edge retirement account, the deadline to choose payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. Otherwise there is no deadline to be entitled to receive payment from the Net Settlement Fund. |

| | | |
|---|---|---|
| | "Settlement Website"). The deadline to choose payment by electronic transfer is [***fourteen (14) calendar days after the Settlement Hearing***]. | |
| OPT OUT OF THE CLASS | You may elect to exclude yourself from, or "opt out" of, the Class. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same legal claims in this lawsuit. To exclude yourself, you must send a letter stating that you request to be "excluded from the Class in *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:19-cv-07998-VEC." Your request must include your full name, mailing address, email address, telephone number, and your personal signature. Requests on behalf of more than one Class Member will be deemed invalid. Your request must be mailed to Valelly v. Merrill Lynch, c/o JND Legal Administration, PO Box 91219, Seattle, WA 98111 and postmarked no later than [***twenty-one (21) calendar days prior to the Settlement Hearing***]. **If you previously excluded yourself from the Class, you do not need to do anything further.** | **Requests for exclusion must be postmarked no later than [ ]** |
| OBJECT OR COMMENT | You may write to the Court about why you do or don't like the Settlement or requested attorneys' fees and Litigation Expenses, or the service award sought by the Class Representative Plaintiff. You may also attend the hearing during which the Court will consider the fairness of the Settlement, the amount of attorneys' fees and Litigation Expenses, and the Service Award sought by the Plaintiff, although you have no obligation to do so. **For more information, see Section 10.** | **Objections must be received [*no later than twenty-one (21) days prior to the Settlement Hearing*].** |

## TABLE OF CONTENTS


1. What is this lawsuit about? ........ 5
2. Why is the lawsuit being settled? ........ 5
3. What is the Settlement? ........ 6
4. Am I a member of the Settlement Class? ........ 6
5. What can I get in the Settlement? ........ 7
6. What claims are released by the Settlement? ........ 8
7. How will Class Counsel be paid? ........ 8
8. Will the Settlement Class Representatives receive any additional money? ........ 8

9. Can I exclude myself from the Settlement? .................................................................... 8
10. How do I object to or comment on the Settlement?........................................................... 9
11..When will the Court decide if the Settlement is approved? ............................................. 10
12.. How do I get more information?...................................................................................... 10

## 1. What is this lawsuit about?

On August 27, 2019, Plaintiff filed this lawsuit. Plaintiff alleges that Merrill breached the Merrill Edge Self-Directed Investing Client Relationship Agreement between Merrill and customers with Merrill Edge self-directed retirement accounts by automatically sweeping cash balances in customers' retirement accounts into deposit accounts that paid less than "a reasonable rate" of interest and that Class Members were damaged as a result. Merrill denies all claims asserted against it in the Action and denies all allegations of wrongdoing and liability.

## 2. Why is the lawsuit being settled?

The Court has not decided in favor of either party. Instead, both sides agreed to a Settlement providing a cash benefit to Class Members. Class Counsel agreed to the Settlement to avoid the costs and uncertainty of a trial, which was set to commence on October 13, 2026, and related appeals, while more quickly providing benefits to members of the Class.

## 3. What is the Settlement?

Under the Settlement, Merrill has agreed to pay $39 million into a Settlement Fund to be used to make cash payments ("Cash Payments") to Class Members.

The $39 million Settlement Fund will be used to pay (i) Administrative and Notice Costs; (ii) attorneys' fees and Litigation Expenses awarded by the Court; (iii) any Service Award awarded by the Court; and (iv) *pro rata* Cash Payments to Class Members based on the approximate amount of interest each Class Member would have earned if, based on Plaintiff's allegations, RASP had paid a reasonable rate of interest.

If there are Unclaimed Amounts from checks that are not cashed or from checks or electronic payments that are undeliverable, those funds will be redistributed *pro rata* to Settlement Class Members if such a distribution can be accomplished in a cost-effective manner. If the Unclaimed Amounts can no longer be redistributed in a cost-effective manner, they will be paid to a charitable organization approved by the Court.

## 4. Am I a member of the Class?

The Court previously certified a Class that includes "**all persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020." The Court also appointed Wolf Popper LLP as Class Counsel. If you are a Class Member, and do not request to be excluded from the Class, you will be bound by the Settlement and any Judgment entered in this Action.**

## 5. What can I get in the Settlement?

Unless you exclude yourself from the Settlement or have already excluded yourself from the Class, you are eligible to receive a Cash Payment, unless your *pro rata* share of the Settlement is less than $10. **There is no need to file a claim.** The objective of this Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered damages. The Plan of Allocation

is not a formal damage analysis, and the calculations made in accordance with the Plan may not be equivalent to what Class Members would have recovered after a trial. Nor are the calculations in accordance with the Plan of Allocation estimates of the amounts that will be paid to Eligible Class Members under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Eligible Class Members against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

Your Cash Payment will be based on your "Individual Recognized Claim," which is determined as follows:

a. For each month in which you maintained a Merrill Edge self-directed retirement account, the cash balance on the last Friday of the month will be multiplied by the difference between (a) Plaintiff's estimate of a reasonable annualized rate of interest that should have been paid on your cash balance, minus (b) the annualized rate that was actually paid on that cash balance, (c) multiplied by the calendar days in that month divided by 365 (or 366 for leap years).

b. The Individual Recognized Claim is the sum of each month's calculation.

c. The Individual Recognized Claim amounts will be used to calculate *pro rata* Cash Payments from the Net Settlement Fund based on the amount of your Individual Recognized Claim divided by the aggregate Individual Recognized Claims of all Class Members.

d. Annexed as Exhibit A is a chart broken down by tier[1] of [A] Plaintiff's estimate based on her expert's analysis of a reasonable rate of interest that should have been paid on cash balances broken down by tier and month during the Class Period, [B] the annualized rate that was actually paid on that cash balance, [C] the difference between [A] and [B] multiplied by the calendar days in that month divided by 365 (or 366 for leap years), and [D] an estimate, solely for illustrative purposes, of a hypothetical Class Member's "Individual Recognized Loss" for that month assuming the hypothetical Class Member held a $10,000 cash balance on the last Friday of that month.

***<u>NOTE:</u> You will not receive any payment if your pro rata share of the Net Settlement Fund is less than $10.***

If you wish to receive your Cash Payment electronically instead of by check, please follow the instructions available at the Settlement Website, www. MLRetirementAccountLitigation.com. The amount of your individual Cash Payment depends on many variables that will not be known before the Settlement Hearing, including the amount of attorneys' fees and Litigation Expenses and Service Award awarded, and the amount of Administrative Costs and Notice Costs incurred. Accordingly, neither the parties nor the Administrator can reliably estimate your individual Cash Payment at this time.

## 6. What claims are released by the Settlement?

Unless you exclude yourself from the Settlement or have already excluded yourself from the Class, all of the decisions made by the Court will bind you. That means you will be bound to the terms of the Settlement and accompanying Court orders and cannot bring a lawsuit or be part of another lawsuit against Merrill or its affiliates relating to, among other things, the interest paid on RASP during the Class

[1] Under RASP, Merrill paid Class Members an interest rate based on their relevant tier for that month. Tiers were determined by Merrill based on month-end assets under management (i) up to $250,000 (tier one), (ii) between $250,000 and up to $1,000,000 (tier two), (iii) between $1,000,000 and up to $10,000,000 (tier three), and $10,000,000 and above (tier four).

Period. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Merrill for any alleged harm relating to the interest paid on RASP during the Class Period or the claims that were or could have been alleged relating to the subject matter of the lawsuit—whether or not you are currently aware of those claims.

Paragraph 1.29 of the Settlement Agreement identifies the claims that will be released by Class Members who have not excluded themselves from the Class or the Settlement. **Aside from certain important exceptions and exclusions, "Released Claims" includes all claims that were or could have been brought in the Action relating to the subject matter of the Action. You are encouraged to access the Settlement Agreement and read the specific details of the extent and nature of the release on the Settlement Website.**

## 7. How will Class Counsel be paid?

Class Counsel has prosecuted the Action solely on a contingency basis since 2019. This means that, to date, Counsel has paid for all of the Expenses related to this case and has not been compensated for any of its work on this case. Counsel will ask the Court to award them attorneys' fees of no greater than 30% of the $39 million Settlement Fund, or $11,700,000, and reimbursement for Litigation Expenses no more than $2.1 million.[2] If awarded, such attorneys' fees and Litigation Expenses will be paid out of the Settlement Fund. The Court will determine the amount of attorneys' fees and Litigation Expenses to be paid to Plaintiffs' Counsel. You will not have to separately pay any portion of these amounts yourself. Plaintiffs' Counsel's request for attorneys' fees and Litigation Expenses will be filed no later than thirty-five (35) days prior to the Settlement Hearing and will be available to view on the Settlement Website at www.MLRetirement AccountLitigation.com.

## 8. Will the Settlement Class Representatives receive any additional money?

Class Counsel will also ask the Court for a service award to be paid to the Plaintiff in the amount of no more than $15,000. This payment is designed to compensate the Plaintiff for the time, effort, and risks she undertook in pursuing the Action, gathering and providing documents related to her Merrill accounts, submitting to a lengthy deposition, answering multiple sets of interrogatories during the discovery process, consulting with counsel, reviewing various legal filings, and preparing for trial. This amount will have to be approved by the Court. Any amount approved by the Court will be paid from the Settlement Fund.

## 9. Can I exclude myself from the Settlement?

Class Members were previously given notice that a Class had been certified in the Action and an opportunity to exclude themselves. Class Members are now being given another opportunity to exclude themselves from, or "opt out" of, the Class. If you exclude yourself, you will not be bound by any orders or judgments in this Action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same legal claims in this lawsuit. To exclude yourself, you must mail a letter stating that you request to be "excluded from the Class in *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:19-cv-07998-VEC." Your request must include your full name, mailing address, email address, telephone number, and your personal signature. Requests on behalf of more than one Class Member will be deemed invalid. Your request must be mailed to Valelly v. Merrill Lynch, c/o JND Legal Administration, PO Box 91219, Seattle, WA 98111 and **postmarked** no later than ______, i.e., twenty-one (21) days prior to the Settlement Hearing. **If you previously excluded yourself from the Class, you do not need to do anything further.**

[2] Prior to the Action, Class Counsel entered into a fee sharing agreement with Richard J. Vita, Vita Law Offices P.C., 100 State Street, Suite 900, Boston, Massachusetts 02109, to pay Mr. Vita 15% of any net fees awarded to Class Counsel. Plaintiff consented to the agreement.

## 10. How do I object to or comment on the Settlement?

If you are a Class Member, you can tell the Court what you think of the Settlement. You can object to the Settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. If the Court denies approval of the Settlement, no Settlement benefits will be made available, and the lawsuit will continue. If the Court approves the Settlement, you will still be eligible to receive settlement benefits even if you object to the Settlement.

You may also, but are not required to, appear at the Settlement Hearing (see Section 11 below), either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To appear and speak at the Settlement Hearing, you need to give prior notice to the Court.

To object, you must file a written objection with the Court stating that you object to the Settlement or any portion of counsel's requests. **Your objection must include:**

(1) The case name and number of this Action (*Valelly v. Merrill Lynch*, Case No. 1:19-cv-07998-VEC);
(2) Your full name, current address, telephone number, and email address and, if you are represented by counsel, those of your counsel;
(3) A statement whether the objection applies only to you, to a specific subset of the Class, or to the entire Class;
(4) Identification of your RASP cash balances, interest amounts, and interest rates paid therein during the Class Period, with supporting documentation. You may redact any confidential information such as account numbers, or information you deem irrelevant, such as your investments in stocks or bonds;
(5) A signed statement of the specific grounds for the objection;
(6) A statement of whether you intend to appear at the Settlement Hearing, and if so, whether personally or through counsel.
(7) A detailed description of any evidence you may offer at the Settlement Hearing; and
(8) Copies of any exhibits you may introduce at the Settlement Hearing.

**To be considered by the Court, your written objection must be filed with the Court and mailed and delivered to Class Counsel and counsel for Merrill twenty-one (21) days prior to the Settlement Hearing (the "Objection Deadline").** The Court's address is: Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Class Counsel's address is: Robert C. Finkel, Wolf Popper LLP, 570 Lexington Avenue, 19th Floor New York, NY 10022. Merrill's counsel's address is: Lara Samet Buchwald, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017

If you do not comply with these procedures and the Objection Deadline, you may lose any opportunity to have your objection considered at the Settlement Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the Settlement.

## 11. When will the Court decide if the Settlement is approved?

The Court will hold a hearing on **xx xx, 2027**, to consider whether to approve the Settlement ("Settlement Hearing"). The Settlement Hearing will be held before the Honorable Valerie Caproni at xx:00 a.m., in Courtroom 20C of the United States District Court, 500 Pearl Street, New York, NY 10007. Consult the Settlement Website for updated information on the hearing date and time (which may be moved by the Court).

## 12. How do I get more information?

This Notice is only a summary of the Action and the Settlement. Other important documents can be accessed through the Settlement Website. If you have questions but do not have internet access, you may contact the Administrator. Please note that the Court and Merrill cannot respond to any questions regarding this Notice, the Action, or the proposed Settlement.

Please be advised that Class Counsel's office does not necessarily have information about whether you are a Class Member or the amount of your Cash Payment. Please contact the **Administrator** (contact information on page 1) if you wish to determine whether you are a member of the Class or to obtain information about your payment options. If you wish to communicate directly with Class Counsel about the Settlement or the Action, you may contact Wolf Popper LLP at 570 Lexington Avenue, 19th Floor New York, NY 10022, (212) 759-4600, or outreach@wolfpopper.com.

| | Tier 1 | | | | Tier 2 | | | | Tier 3 | | | | Tier 4 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (v%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] |
| 12/1/2016* | 0.0090 | 0.01 | 0.0000 | $0.00 | 0.0186 | 0.01 | 0.0004 | $0.04 | 0.0225 | 0.01 | 0.0006 | $0.06 | 0.0255 | 0.02 | 0.0003 | $0.03 |
| 1/1/2017 | 0.0251 | 0.01 | 0.0013 | $0.13 | 0.0523 | 0.01 | 0.0036 | $0.36 | 0.0631 | 0.01 | 0.0045 | $0.45 | 0.0715 | 0.02 | 0.0044 | $0.44 |
| 2/1/2017 | 0.0359 | 0.01 | 0.0020 | $0.20 | 0.0748 | 0.01 | 0.0050 | $0.50 | 0.0902 | 0.01 | 0.0062 | $0.62 | 0.1023 | 0.02 | 0.0063 | $0.63 |
| 3/1/2017 | 0.0514 | 0.01 | 0.0035 | $0.35 | 0.1069 | 0.01 | 0.0082 | $0.82 | 0.1289 | 0.01 | 0.0101 | $1.01 | 0.1462 | 0.02 | 0.0107 | $1.07 |
| 4/1/2017 | 0.0771 | 0.01 | 0.0055 | $0.55 | 0.1605 | 0.01 | 0.0124 | $1.24 | 0.1935 | 0.01 | 0.0151 | $1.51 | 0.2194 | 0.02 | 0.0164 | $1.64 |
| 5/1/2017 | 0.0982 | 0.01 | 0.0075 | $0.75 | 0.2043 | 0.01 | 0.0165 | $1.65 | 0.2463 | 0.01 | 0.0201 | $2.01 | 0.2794 | 0.02 | 0.0220 | $2.20 |
| 6/1/2017 | 0.1127 | 0.04 | 0.0060 | $0.60 | 0.2346 | 0.08 | 0.0125 | $1.25 | 0.2828 | 0.09 | 0.0155 | $1.55 | 0.3207 | 0.12 | 0.0163 | $1.63 |
| 7/1/2017 | 0.1366 | 0.14 | 0.0000 | $0.00 | 0.2842 | 0.33 | 0.0000 | $0.00 | 0.3427 | 0.38 | 0.0000 | $0.00 | 0.3886 | 0.47 | 0.0000 | $0.00 |
| 8/1/2017 | 0.1566 | 0.14 | 0.0014 | $0.14 | 0.3259 | 0.33 | 0.0000 | $0.00 | 0.3929 | 0.38 | 0.0012 | $0.12 | 0.4456 | 0.47 | 0.0000 | $0.00 |
| 9/1/2017 | 0.1651 | 0.14 | 0.0021 | $0.21 | 0.3435 | 0.33 | 0.0012 | $0.12 | 0.4142 | 0.38 | 0.0029 | $0.29 | 0.4697 | 0.47 | 0.0001 | $0.01 |
| 10/1/2017 | 0.1628 | 0.14 | 0.0019 | $0.19 | 0.3388 | 0.33 | 0.0008 | $0.08 | 0.4084 | 0.38 | 0.0025 | $0.25 | 0.4632 | 0.47 | 0.0000 | $0.00 |
| 11/1/2017 | 0.1668 | 0.14 | 0.0022 | $0.22 | 0.3472 | 0.33 | 0.0015 | $0.15 | 0.4186 | 0.38 | 0.0032 | $0.32 | 0.4748 | 0.47 | 0.0005 | $0.05 |
| 12/1/2017 | 0.1713 | 0.14 | 0.0027 | $0.27 | 0.3565 | 0.33 | 0.0023 | $0.23 | 0.4298 | 0.38 | 0.0043 | $0.43 | 0.4874 | 0.47 | 0.0016 | $0.16 |
| 1/1/2018 | 0.1893 | 0.14 | 0.0042 | $0.42 | 0.3941 | 0.33 | 0.0055 | $0.55 | 0.4751 | 0.38 | 0.0081 | $0.81 | 0.5389 | 0.47 | 0.0059 | $0.59 |
| 2/1/2018 | 0.2040 | 0.14 | 0.0049 | $0.49 | 0.4246 | 0.33 | 0.0073 | $0.73 | 0.5119 | 0.38 | 0.0102 | $1.02 | 0.5806 | 0.47 | 0.0086 | $0.86 |
| 3/1/2018 | 0.2091 | 0.14 | 0.0059 | $0.59 | 0.4353 | 0.33 | 0.0090 | $0.90 | 0.5248 | 0.38 | 0.0124 | $1.24 | 0.5952 | 0.47 | 0.0107 | $1.07 |
| 4/1/2018 | 0.2291 | 0.14 | 0.0073 | $0.73 | 0.4768 | 0.33 | 0.0121 | $1.21 | 0.5748 | 0.48 | 0.0081 | $0.81 | 0.6520 | 0.61 | 0.0031 | $0.31 |
| 5/1/2018 | 0.2628 | 0.14 | 0.0104 | $1.04 | 0.5470 | 0.33 | 0.0185 | $1.85 | 0.6594 | 0.50 | 0.0136 | $1.36 | 0.7479 | 0.65 | 0.0085 | $0.85 |
| 6/1/2018 | 0.2749 | 0.14 | 0.0111 | $1.11 | 0.5721 | 0.33 | 0.0199 | $1.99 | 0.6898 | 0.56 | 0.0110 | $1.10 | 0.7823 | 0.70 | 0.0064 | $0.64 |
| 7/1/2018 | 0.3001 | 0.14 | 0.0136 | $1.36 | 0.6247 | 0.33 | 0.0251 | $2.51 | 0.7531 | 0.60 | 0.0132 | $1.32 | 0.8541 | 0.75 | 0.0091 | $0.91 |
| 8/1/2018 | 0.3138 | 0.14 | 0.0148 | $1.48 | 0.6531 | 0.33 | 0.0275 | $2.75 | 0.7874 | 0.60 | 0.0161 | $1.61 | 0.8931 | 0.75 | 0.0124 | $1.24 |
| 9/1/2018 | 0.3273 | 0.14 | 0.0154 | $1.54 | 0.6812 | 0.33 | 0.0289 | $2.89 | 0.8212 | 0.60 | 0.0183 | $1.83 | 0.9314 | 0.75 | 0.0151 | $1.51 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/1/2018 | 0.3368 | 0.14 | 0.0167 | $1.67 | 0.7010 | 0.33 | 0.0316 | $3.16 | 0.8451 | 0.60 | 0.0210 | $2.10 | 0.9586 | 0.75 | 0.0180 | $1.80 |
| 11/1/2018 | 0.3764 | 0.14 | 0.0194 | $1.94 | 0.7835 | 0.33 | 0.0373 | $3.73 | 0.9446 | 0.60 | 0.0285 | $2.85 | 1.0714 | 0.75 | 0.0266 | $2.66 |
| 12/1/2018 | 0.3818 | 0.14 | 0.0205 | $2.05 | 0.7946 | 0.33 | 0.0395 | $3.95 | 0.9580 | 0.60 | 0.0306 | $3.06 | 1.0865 | 0.75 | 0.0288 | $2.88 |
| 1/1/2019 | 0.4014 | 0.14 | 0.0222 | $2.22 | 0.8355 | 0.33 | 0.0430 | $4.30 | 1.0072 | 0.60 | 0.0347 | $3.47 | 1.1424 | 0.75 | 0.0336 | $3.36 |
| 2/1/2019 | 0.4196 | 0.14 | 0.0215 | $2.15 | 0.8735 | 0.33 | 0.0417 | $4.17 | 1.0530 | 0.60 | 0.0349 | $3.49 | 1.1943 | 0.75 | 0.0343 | $3.43 |
| 3/1/2019 | 0.4321 | 0.14 | 0.0248 | $2.48 | 0.8994 | 0.33 | 0.0484 | $4.84 | 1.0843 | 0.60 | 0.0413 | $4.13 | 1.2298 | 0.75 | 0.0410 | $4.10 |
| 4/1/2019 | 0.4343 | 0.14 | 0.0242 | $2.42 | 0.9040 | 0.33 | 0.0472 | $4.72 | 1.0899 | 0.60 | 0.0404 | $4.04 | 1.2362 | 0.75 | 0.0402 | $4.02 |
| 5/1/2019 | 0.4336 | 0.14 | 0.0249 | $2.49 | 0.9024 | 0.33 | 0.0487 | $4.87 | 1.0879 | 0.60 | 0.0416 | $4.16 | 1.2339 | 0.75 | 0.0413 | $4.13 |
| 6/1/2019 | 0.4332 | 0.14 | 0.0241 | $2.41 | 0.9017 | 0.33 | 0.0470 | $4.70 | 1.0870 | 0.60 | 0.0402 | $4.02 | 1.2329 | 0.75 | 0.0399 | $3.99 |
| 7/1/2019 | 0.4223 | 0.14 | 0.0240 | $2.40 | 0.8791 | 0.33 | 0.0467 | $4.67 | 1.0598 | 0.60 | 0.0392 | $3.92 | 1.2020 | 0.75 | 0.0386 | $3.86 |
| 8/1/2019 | 0.4134 | 0.05 | 0.0309 | $3.09 | 0.8604 | 0.10 | 0.0646 | $6.46 | 1.0372 | 0.40 | 0.0542 | $5.42 | 1.1765 | 0.55 | 0.0533 | $5.33 |
| 9/1/2019 | 0.3645 | 0.05 | 0.0258 | $2.58 | 0.7586 | 0.09 | 0.0548 | $5.48 | 0.9145 | 0.34 | 0.0473 | $4.73 | 1.0373 | 0.49 | 0.0451 | $4.51 |
| 10/1/2019 | 0.3408 | 0.05 | 0.0247 | $2.47 | 0.7094 | 0.08 | 0.0535 | $5.35 | 0.8552 | 0.25 | 0.0518 | $5.18 | 0.9700 | 0.39 | 0.0491 | $4.91 |
| 11/1/2019 | 0.2779 | 0.05 | 0.0187 | $1.87 | 0.5784 | 0.06 | 0.0426 | $4.26 | 0.6973 | 0.15 | 0.0450 | $4.50 | 0.7909 | 0.25 | 0.0445 | $4.45 |
| 12/1/2019 | 0.2321 | 0.05 | 0.0155 | $1.55 | 0.4832 | 0.06 | 0.0359 | $3.59 | 0.5825 | 0.15 | 0.0367 | $3.67 | 0.6607 | 0.21 | 0.0379 | $3.79 |
| 1/1/2020 | 0.1987 | 0.05 | 0.0126 | $1.26 | 0.4135 | 0.06 | 0.0299 | $2.99 | 0.4985 | 0.15 | 0.0295 | $2.95 | 0.5654 | 0.20 | 0.0310 | $3.10 |
| 2/1/2020 | 0.1797 | 0.05 | 0.0103 | $1.03 | 0.3741 | 0.06 | 0.0249 | $2.49 | 0.4510 | 0.15 | 0.0239 | $2.39 | 0.5115 | 0.20 | 0.0247 | $2.47 |
| 3/1/2020* | 0.1451 | 0.02 | 0.0052 | $0.52 | 0.3019 | 0.03 | 0.0113 | $1.13 | 0.3640 | 0.05 | 0.0129 | $1.29 | 0.4129 | 0.08 | 0.0136 | $1.36 |

Notes:

[C]: ([A]-[B])×Days in Month÷365 (or 366 for leap years), with a minimum value of 0.
*Reflecting proration consistent with Class Period beginning and ending mid-month (December 15, 2016 and March 15, 2020).

[D]: [C]×$10,000.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH VALELLY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendant. | Case No. 19-cv-07998-VEC<br><br>[PROPOSED] FINAL ORDER AND JUDGMENT<br><br>EXHIBIT B |

WHEREAS:

A. On September 30, 2026, Sarah Valelly ("Plaintiff"), on behalf of herself and all other members of the Certified Class, on the one hand, and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), on the other hand, entered into a "Stipulation of Settlement" (the "Stipulation") in the above-entitled litigation (the "Action");

B. Pursuant to the "[Proposed] Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement," entered on ________, ________ (the "Preliminary Approval Order"), the Court scheduled a hearing for ________, 2027, at __:__ _.m. (the "Settlement Hearing") to, among other things: determine whether the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; determine whether a judgment as provided for in the Stipulation should be entered; and rule on Class Counsel's Fee and Expense Application;

C. Pursuant to the Preliminary Approval Order, the Court ordered that the "Postcard Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Postcard Notice") and the "Email Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Email Notice"), substantially in the forms attached to the Preliminary Approval Order as Exhibits A-1 and A-2, be emailed or mailed by first-class mail, postage prepaid, on a date (the "Notice Date") that is on or before forty-nine (49) calendar days after the date of entry of the Preliminary Approval Order to all members of the Class who could be identified through reasonable effort, and that the "Summary Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be transmitted over *PR Newswire* within seven (7)

calendar days of the Notice Date. The Court also ordered that the "Long-Form Notice of Settlement and Motion for Attorneys' Fees and Expenses" (the "Long-Form Notice") substantially in the form attached to the Preliminary Approval Order as Exhibit A-4, be made available on the settlement website

D. The Email Notice, Postcard Notice, Summary Notice, and Long-Form Notice (collectively referred to herein as the "Notice") advised members of the Class of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were postmarked by _______, 2027;

E. The Plaintiff has demonstrated to the Court that the provisions of the Preliminary Approval Order as to notice were complied with;

F. On _________, 2027, Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _________, 2027, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiff's motion for final approval of the Settlement, the declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates and makes a part hereof: the Stipulation filed with the Court on _________, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Excluded from the Certified Class is any Class Member that validly and timely requested exclusion from the Class, as identified on Exhibit A-1 hereto.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) In light of the benefits to the Certified Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Certified Class;

(b) Plaintiff and Class Counsel have adequately represented the Certified Class;

(c) There was no collusion with the Stipulation;

(d) The Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e) The relief provided for the Certified Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Certified Class; (iii) the terms of any proposed award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Class, and Litigation Expenses, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) The proposed Plan of Allocation, as described in the Stipulation and Notice, treats Class Members equitably relative to each other; and

(g) The record is sufficiently developed and complete to have enabled Plaintiff and Merrill to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Plaintiff's Claims and Released Defendant's Claims with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6. The release set forth in Sections 2.2–2.3 of the Stipulation (the "Releases"), together with the definitions contained in Sections 1.1–1.37 relating hereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

7. Upon the Effective Date, and as provided in Section 2.2 of the Stipulation, the Released Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against any and all of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party shares in the Settlement Amount. Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, and as provided in Section 2.3 of the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims against the Released Plaintiff Parties. Nothing contained in the Stipulation of Settlement

or this Judgment shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

9. The Notice given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the constitutional requirements of Due Process, and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

10. The Court hereby finds that the proposed Plan of Allocation, as described in the Stipulation and Notice, is fair, reasonable, and adequate. A separate order shall be entered regarding Class Counsel's application for an award of attorneys' fees and expenses. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fees and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

12. Neither this Judgment, the Stipulation, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiff's Claims or Released Defendant's Claims, or of any liability, negligence, fault, or other wrongdoing of the Released Defendant Parties; or (ii) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties may file the Stipulation and/or the Judgment from this Action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that Merrill has satisfied its financial obligations under the Stipulation by paying or causing to be paid $39,000,000 into the Qualified Settlement Fund, in accordance with Section 3.1 of the Stipulation.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendant, Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Class Members.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Qualified Settlement Fund shall be returned in accordance with Section 12.8 of the Stipulation.

16. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Class Members under the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. This Action and all Released Plaintiff's Claims and Released Defendant's Claims are dismissed with prejudice.

19. There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

DATED this __ day of ______, 2027

________________________________________
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE