**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH VALELLY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendant. | Case No. 19-cv-07998-VEC<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |

WHEREAS, an action is pending before this Court titled *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, Case No. 19-cv-7998-VEC (S.D.N.Y.) (the "Action");

WHEREAS, on September 30, 2026, Sarah Valelly ("Plaintiff"), on behalf of herself and all other members of the Certified Class, on the one hand, and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill" and, together with Plaintiff, the "Parties"), on the other hand, entered into a "Stipulation of Settlement" (the "Stipulation"), *see* Dkt. 397, in the above-entitled litigation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged, or that could have been alleged (as described further in the "Released Plaintiff's Claims"), in Plaintiff's Complaint, filed on August 27, 2019, and Amended Complaint, filed on February 5, 2021, on the merits and with prejudice (the "Settlement");

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below. The Court further finds that the Settlement: (i) is the

result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; and (iv) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

2. Consistent with the Court's prior Opinion & Order regarding class certification, *see* Dkt. 325, and the Stipulation, the Settlement applies to the class which consists of all persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to the Retirement Asset Savings Program at any time during the period December 15, 2016 through March 15, 2020. Wolf Popper LLP, previously approved by the Court as Class Counsel, *see id.*, will remain in its role as such. For avoidance of doubt, all of the Court's prior findings with respect to the certification of the class and appointment of class counsel are incorporated herein by reference.

3. A hearing shall be held before this Court on **March 12, 2027, at 10:00 A.M.** (the "Settlement Hearing"), in Courtroom 20C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Certified Class and should be approved by the Court; (b) determine whether a Judgment should be entered; (c) determine whether the proposed Plan of Allocation as described in the Notice (as defined below) should be approved; (d) determine Class Counsel's application for an award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses; (e) hear any objections by Class Members to the Settlement, the Plan of Allocation, or the award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses;

and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Certified Class.

4. The Court approves the form, substance, and requirements of the "Postcard Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses" (the "Postcard Notice"), and the "Email Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Email Notice"), substantially in the forms annexed hereto as Exhibits A-1 and A-2.

5. The Court approves the form of the "Summary Notice of Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6. The Court approves the form of the "Long-Form Notice of Settlement, and Motion for Attorneys' Fees and Expenses" (the "Long-Form Notice"), substantially in the form annexed hereto as Exhibit A-4.

7. JND Legal Administration (the "Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below.

8. Merrill has advised that contact information for Class Members was already provided to the Administrator in connection with the notice of pendency campaign alerting Class Members of the February 26, 2026 Class Certification Order. Merrill will provide email and mailing address information that is current as of September 30, 2026 for all customers whose accounts remained active through 2026 within fourteen (14) calendar days of this Order. No later than **December 4, 2026** (the "Notice Date"), the Administrator shall cause a copy of the Email Notice to be emailed to all Class Members for whom Merrill provided a valid email address; a copy of the Postcard Notice mailed to all Class Members for whom Merrill provided a valid mailing address and for whom a valid email address is not available or for whom the email

containing the Email Notice is returned as undeliverable; and a copy of the Long-Form Notice to be posted on a case-specific website.

9. Within seven (7) calendar days of the Notice Date, the Administrator shall cause the Summary Notice to be transmitted over *PR Newswire*.

10. At least forty-five (45) calendar days prior to the Settlement Hearing, or **January 26, 2027**, Class Counsel shall serve Merrill's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Certified Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

12. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Certified Class, regardless of whether such Persons obtain by any means any distribution from the Settlement Amount.

13. All Persons falling within the definition of the Certified Class were given the opportunity to be excluded from, or to "opt out" of, the Certified Class before the Parties entered into the Settlement. By agreement of the Parties, all such Persons will now be given another opportunity to be excluded from, or "opt out" of, the Certified Class. Any such Person seeking exclusion must validly request exclusion from the Certified Class (each such request, a "Request for Exclusion") pursuant to the directions set forth in the Long-Form Notice. Requests seeking

exclusion on behalf of more than one Class Member will be deemed invalid. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Long-Form Notice shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Amount, and shall not be bound by the Stipulation or the Final Judgment.

14. Within two (2) business days of receiving any Request for Exclusion, the Administrator shall deliver a copy of each such Request for Exclusion to Class Counsel and Merrill's Counsel. The Administrator shall also provide any written retractions of Requests for Exclusion within two (2) business days of receipt.

15. Any Class Member (or any other Person with standing to be heard) may appear at the Settlement Hearing and object if they have any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and/or Litigation Expenses should not be awarded; provided that any such Class Member (or any other Person with standing to be heard) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by U.S. mail to Wolf Popper LLP, Robert C. Finkel, 570 Lexington Avenue, New York, New York 10022; Davis Polk & Wardwell LLP, Lara Samet Buchwald, 450 Lexington Avenue, New York, New York 10017, no later than twenty-one (21) calendar days prior to the Settlement Hearing, or **February 19, 2027**. Any Class Member who does not make his, her, or its objection in the manner and by the date provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the

Stipulation and the Email Notice, Postcard Notice, Long-Form Notice, and Summary Notice (collectively referred to herein as the "Notice"), or to the award of fees, costs, and expenses to Class Counsel, or Plaintiff, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses to Class Counsel, or Plaintiff, are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witness(es) they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16. Any objections, filings, and other submissions by an objecting Class Member must follow directions set forth in the Long-Form Notice.

17. Any Class Member who does not object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses.

18. No Person who is not a member of the Certified Class or Plaintiff's counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees, and unreimbursed costs and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or **February 5, 2027**, any objections thereto shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing, or **February 19, 2027**, and any reply papers shall be filed and served no later than seven (7) days before the Settlement Hearing, or **March 5, 2027**.

21. The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

22. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, a service award for Plaintiff in connection with her representation of the Certified Class, and Litigation Expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or unreimbursed costs and expenses.

23. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Qualified Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Plaintiff nor Class Counsel nor the Administrator shall have any obligation to repay any amount actually and properly incurred or disbursed pursuant to Section 6.1 of the Stipulation.

24. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, prior agreements, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiff

nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Plaintiff's Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

26. The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video- or teleconference without further notice to Class Members.

27. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without notice to Class Members.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

29. In the event the Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the Action as of August 31, 2026 and the Court will set a new trial schedule for the Action. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

30. If not already performed, Merrill shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Merrill is responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Merrill shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 345, 346, 348, 351, and 398.

**IT IS SO ORDERED.**

**DATED this day of October 7, 2026**

THE HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account at any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer. You are not being sued.*

To receive future notice by email, please contact the Administrator at info@MLRetirementAccountLitigation.com.

*Valelly v. Merrill Lynch*
c/o JND Legal Administration
PO Box 91219
Seattle, WA 98111

«ScanString»
Postal Service: Please do not mark barcode

«FirstName» «LastName»
«Address»
«City», «StateCd» «Zip»
«Country»

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. Merrill's records indicate that you are a Class Member. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections. **You have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. **Payments under $10 will not be issued.**

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long-Form Notice available on the Settlement Website explains how to exclude yourself. Requests for exclusion must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of litigation expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days prior to the Settlement Hearing***]. The Long-Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you requested exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information, visit **www.MLRetirementAccountLitigation.com,** which includes the Long-Form Notice, contact the Administrator at info@MLRetirementAccountLitigation.com or 1-833-207-0938, or access the Court docket through the Court's Public Access to Court Electronic Records system at http://ecf.nysd.uscourts.gov/.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

# EXHIBIT A-2

From: info@MLRetirementAccountLitigation.com
To: x
Re: Merrill Lynch Retirement Account Settlement Notice

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer. You are not being sued.***

| UNIQUE ID: | PIN: |
|---|---|

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections.

**If you are a Class Member, you have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. Payments under $10 will not be issued.

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long Form Notice available on the Settlement Website explains how to exclude yourself. Requests to opt out of the Class must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of Litigation Expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days***

***prior to the Settlement Hearing***]. The Long Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you request exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information:

Visit www.MLRetirementAccountLitigation.com

email info@MLRetirementAccountLitigation.com

Call 1-833-207-0938

Write *Valelly v. Merrill Lynch,* c/o JND Legal Administration, P.O. Box 91219, Seattle, WA 98111

Access the Court docket through the Court's Public Access to Court Electronic Records ("PACER") system at http://ecf.nysd.uscourts.gov/

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

Unsubscribe

# EXHIBIT A-3

**NOTICE OF SETTLEMENT OF CLASS ACTION**

# If you had a Merrill Edge retirement account at any time between December 15, 2016, and March 15, 2020, you are eligible for benefits from a class action settlement.

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

A class action Settlement has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC (S.D.N.Y.). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' self-directed Merrill Edge retirement accounts swept into deposit accounts through the Retirement Asset Savings Program ("RASP"). The Court previously certified a Class of persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020. The proposed Settlement requires Merrill to pay $39 million for the benefit of the Class. The Court will hold a Settlement Hearing on **xx xx, 2027**, to consider whether to approve the Settlement, counsel's requests, and any objections..

**If you are a Class Member, you have the following options:**

*Do Nothing.* If you do nothing, a payment will be made into your existing Merrill Edge retirement account, or by check or electronic transfer if you no longer maintain your account. There is no need to file a claim. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the "Settlement Website"). The deadline for choosing payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. **Payments under $10 will not be issued.**

*Opt Out.* If you are a Class Member, you can ask to be excluded from, or "opt out" of, the Class. If you previously excluded yourself from the Class, you do not need to do anything further. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same claims in this lawsuit. The Long-Form Notice available on the Settlement Website explains how to exclude yourself. Requests to opt out of the Class must be postmarked [***twenty-one (21) days prior to the Settlement Hearing***].

*Object.* You may also object to or comment on the Settlement and/or Class Counsel's requests for attorneys' fees of up to 30% of the Settlement Fund, reimbursement of litigation expenses, and a service award for the Class representative. The deadline to object is [***twenty-one (21) days prior to the Settlement Hearing***]. The Long-Form Notice available on the Settlement Website explains how to object. You or your lawyer, at your own expense, may attend the hearing. Whether you object or not, and unless you requested exclusion, you will be bound by all orders and judgments in the Action.

**How do I get more information?** This Notice summarizes the proposed Settlement. For more information, visit **www.MLRetirementAccountLitigation.com,** which includes the Long-Form Notice, contact the Administrator at info@MLRetirementAccountLitigation.com or 1-833-207-0938, or access the Court docket through the Court's Public Access to Court Electronic Records system at http://ecf.nysd.uscourts.gov/.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS CASE.**

# EXHIBIT A-4

**MERRILL EDGE RETIREMENT ACCOUNT CLASS ACTION SETTLEMENT**

**If you had a Merrill Edge retirement account at any time from December 15, 2016, through March 15, 2020, you may be eligible for benefits from a class action settlement.**

**This Notice explains your rights. Please read it carefully.**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

A class action settlement in the amount of $39,000,000 has been proposed that, if approved by the Court, would resolve the lawsuit *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* ["Merrill"], Case No. 1:19-cv-07998-VEC, pending in the United States District Court for the Southern District of New York (the "Court"). The lawsuit alleges that Merrill failed to pay a reasonable rate of interest on cash balances in customers' Merrill Edge self-directed retirement accounts swept into deposit accounts at Merrill-affiliated banks through the Retirement Asset Savings Program ("RASP"). Class Members entitled to $10 or more will receive a proportionate share of the Net Settlement Fund based on the Plan of Allocation discussed in Paragraph 5 (below). The Net Settlement Fund shall consist of the **$39,000,000** Settlement Amount minus (i) Notice and Administrative Costs; (ii) Court awarded attorneys' fees and Litigation Expenses; (iii) any service award payable to Plaintiff; (iv) Taxes; and (v) and any other fees and expenses approved by the Court. If you are a Class Member, your legal rights are affected whether you act or not, so please read this Notice carefully.

The Court will hold a Settlement Hearing on xx xx, 2027, at xx:00 a.m., before the Honorable Valerie Caproni in Courtroom 20C, 500 Pearl Street, New York, NY 10007, to consider whether to approve the Settlement. The hearing date and time are subject to change; consult the Settlement Website for updates.

This notice summarizes the proposed Settlement. For more information, visit www.MLRetirementAccountLitigation.com, contact the Administrator (JND Legal Administration) at info@MLRetirementAccountLitigation.com, or 1-833-207-0938, or access the Court docket through the Court's Public Access to Court Electronic Records ("PACER") system at http://ecf.nysd.uscourts.gov/.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| RECEIVE A CLASS CASH PAYMENT | You do not need to file a claim to receive a cash payment. Your share of the Net Settlement Fund will be based on the Plan of Allocation set forth in Paragraph 5 of this Notice. Given the expense of issuing payment, only Class Members whose share of the Net Settlement Fund is $10 or more will receive payment. Payment will be made to those Class Members with existing Merrill Edge retirement accounts directly into their retirement accounts, or by check or electronic transfer directly to those Class Members who no longer maintain their Merrill Edge retirement account. Class Members who no longer maintain Merrill Edge retirement accounts are strongly encouraged to choose to receive payment as an electronic transfer (instead of a check) by visiting www.MLRetirementAccountLitigation.com (the | For those Class Members who no longer maintain their Merrill Edge retirement account, the deadline to choose payment by electronic transfer is [***fourteen (14) days after the Settlement Hearing***]. Otherwise there is no deadline to be entitled to receive payment from the Net Settlement Fund. |

| | | |
|---|---|---|
| | "Settlement Website"). The deadline to choose payment by electronic transfer is [***fourteen (14) calendar days after the Settlement Hearing***]. | |
| OPT OUT OF THE CLASS | You may elect to exclude yourself from, or "opt out" of, the Class. If you exclude yourself, you will not be bound by any orders or judgments in this action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same legal claims in this lawsuit. To exclude yourself, you must send a letter stating that you request to be "excluded from the Class in *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:19-cv-07998-VEC." Your request must include your full name, mailing address, email address, telephone number, and your personal signature. Requests on behalf of more than one Class Member will be deemed invalid. Your request must be mailed to Valelly v. Merrill Lynch, c/o JND Legal Administration, PO Box 91219, Seattle, WA 98111 and postmarked no later than [***twenty-one (21) calendar days prior to the Settlement Hearing***]. **If you previously excluded yourself from the Class, you do not need to do anything further.** | **Requests for exclusion must be postmarked no later than [ ]** |
| OBJECT OR COMMENT | You may write to the Court about why you do or don't like the Settlement or requested attorneys' fees and Litigation Expenses, or the service award sought by the Class Representative Plaintiff. You may also attend the hearing during which the Court will consider the fairness of the Settlement, the amount of attorneys' fees and Litigation Expenses, and the Service Award sought by the Plaintiff, although you have no obligation to do so. **For more information, see Section 10.** | **Objections must be received [*no later than twenty-one (21) days prior to the Settlement Hearing*].** |

## TABLE OF CONTENTS


1. What is this lawsuit about? ..... 5
2. Why is the lawsuit being settled? ..... 5
3. What is the Settlement? ..... 6
4. Am I a member of the Settlement Class? ..... 6
5. What can I get in the Settlement? ..... 7
6. What claims are released by the Settlement? ..... 8
7. How will Class Counsel be paid? ..... 8
8. Will the Settlement Class Representatives receive any additional money? ..... 8

9. Can I exclude myself from the Settlement? ..................... 8
10. How do I object to or comment on the Settlement?..................... 9
11..When will the Court decide if the Settlement is approved? ..................... 10
12.. How do I get more information?..................... 10

## 1. What is this lawsuit about?

On August 27, 2019, Plaintiff filed this lawsuit. Plaintiff alleges that Merrill breached the Merrill Edge Self-Directed Investing Client Relationship Agreement between Merrill and customers with Merrill Edge self-directed retirement accounts by automatically sweeping cash balances in customers' retirement accounts into deposit accounts that paid less than "a reasonable rate" of interest and that Class Members were damaged as a result. Merrill denies all claims asserted against it in the Action and denies all allegations of wrongdoing and liability.

## 2. Why is the lawsuit being settled?

The Court has not decided in favor of either party. Instead, both sides agreed to a Settlement providing a cash benefit to Class Members. Class Counsel agreed to the Settlement to avoid the costs and uncertainty of a trial, which was set to commence on October 13, 2026, and related appeals, while more quickly providing benefits to members of the Class.

## 3. What is the Settlement?

Under the Settlement, Merrill has agreed to pay $39 million into a Settlement Fund to be used to make cash payments ("Cash Payments") to Class Members.

The $39 million Settlement Fund will be used to pay (i) Administrative and Notice Costs; (ii) attorneys' fees and Litigation Expenses awarded by the Court; (iii) any Service Award awarded by the Court; and (iv) *pro rata* Cash Payments to Class Members based on the approximate amount of interest each Class Member would have earned if, based on Plaintiff's allegations, RASP had paid a reasonable rate of interest.

If there are Unclaimed Amounts from checks that are not cashed or from checks or electronic payments that are undeliverable, those funds will be redistributed *pro rata* to Settlement Class Members if such a distribution can be accomplished in a cost-effective manner. If the Unclaimed Amounts can no longer be redistributed in a cost-effective manner, they will be paid to a charitable organization approved by the Court.

## 4. Am I a member of the Class?

The Court previously certified a Class that includes "**all persons who had one or more Merrill Edge retirement accounts with cash balances that were swept pursuant to RASP during the period December 15, 2016, through March 15, 2020." The Court also appointed Wolf Popper LLP as Class Counsel. If you are a Class Member, and do not request to be excluded from the Class, you will be bound by the Settlement and any Judgment entered in this Action.**

## 5. What can I get in the Settlement?

Unless you exclude yourself from the Settlement or have already excluded yourself from the Class, you are eligible to receive a Cash Payment, unless your *pro rata* share of the Settlement is less than $10. **There is no need to file a claim.** The objective of this Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered damages. The Plan of Allocation

is not a formal damage analysis, and the calculations made in accordance with the Plan may not be equivalent to what Class Members would have recovered after a trial. Nor are the calculations in accordance with the Plan of Allocation estimates of the amounts that will be paid to Eligible Class Members under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Eligible Class Members against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

Your Cash Payment will be based on your "Individual Recognized Claim," which is determined as follows:

a. For each month in which you maintained a Merrill Edge self-directed retirement account, the cash balance on the last Friday of the month will be multiplied by the difference between (a) Plaintiff's estimate of a reasonable annualized rate of interest that should have been paid on your cash balance, minus (b) the annualized rate that was actually paid on that cash balance, (c) multiplied by the calendar days in that month divided by 365 (or 366 for leap years).

b. The Individual Recognized Claim is the sum of each month's calculation.

c. The Individual Recognized Claim amounts will be used to calculate *pro rata* Cash Payments from the Net Settlement Fund based on the amount of your Individual Recognized Claim divided by the aggregate Individual Recognized Claims of all Class Members.

d. Annexed as Exhibit A is a chart broken down by tier[1] of [A] Plaintiff's estimate based on her expert's analysis of a reasonable rate of interest that should have been paid on cash balances broken down by tier and month during the Class Period, [B] the annualized rate that was actually paid on that cash balance, [C] the difference between [A] and [B] multiplied by the calendar days in that month divided by 365 (or 366 for leap years), and [D] an estimate, solely for illustrative purposes, of a hypothetical Class Member's "Individual Recognized Loss" for that month assuming the hypothetical Class Member held a $10,000 cash balance on the last Friday of that month.

***NOTE:*** ***You will not receive any payment if your pro rata share of the Net Settlement Fund is less than $10.***

If you wish to receive your Cash Payment electronically instead of by check, please follow the instructions available at the Settlement Website, www. MLRetirementAccountLitigation.com. The amount of your individual Cash Payment depends on many variables that will not be known before the Settlement Hearing, including the amount of attorneys' fees and Litigation Expenses and Service Award awarded, and the amount of Administrative Costs and Notice Costs incurred. Accordingly, neither the parties nor the Administrator can reliably estimate your individual Cash Payment at this time.

## 6. What claims are released by the Settlement?

Unless you exclude yourself from the Settlement or have already excluded yourself from the Class, all of the decisions made by the Court will bind you. That means you will be bound to the terms of the Settlement and accompanying Court orders and cannot bring a lawsuit or be part of another lawsuit against Merrill or its affiliates relating to, among other things, the interest paid on RASP during the Class

[1] Under RASP, Merrill paid Class Members an interest rate based on their relevant tier for that month. Tiers were determined by Merrill based on month-end assets under management (i) up to $250,000 (tier one), (ii) between $250,000 and up to $1,000,000 (tier two), (iii) between $1,000,000 and up to $10,000,000 (tier three), and $10,000,000 and above (tier four).

Period. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Merrill for any alleged harm relating to the interest paid on RASP during the Class Period or the claims that were or could have been alleged relating to the subject matter of the lawsuit—whether or not you are currently aware of those claims.

Paragraph 1.29 of the Settlement Agreement identifies the claims that will be released by Class Members who have not excluded themselves from the Class or the Settlement. **Aside from certain important exceptions and exclusions, "Released Claims" includes all claims that were or could have been brought in the Action relating to the subject matter of the Action. You are encouraged to access the Settlement Agreement and read the specific details of the extent and nature of the release on the Settlement Website.**

## 7. How will Class Counsel be paid?

Class Counsel has prosecuted the Action solely on a contingency basis since 2019. This means that, to date, Counsel has paid for all of the Expenses related to this case and has not been compensated for any of its work on this case. Counsel will ask the Court to award them attorneys' fees of no greater than 30% of the $39 million Settlement Fund, or $11,700,000, and reimbursement for Litigation Expenses no more than $2.1 million.[2] If awarded, such attorneys' fees and Litigation Expenses will be paid out of the Settlement Fund. The Court will determine the amount of attorneys' fees and Litigation Expenses to be paid to Plaintiffs' Counsel. You will not have to separately pay any portion of these amounts yourself. Plaintiffs' Counsel's request for attorneys' fees and Litigation Expenses will be filed no later than thirty-five (35) days prior to the Settlement Hearing and will be available to view on the Settlement Website at www.MLRetirement AccountLitigation.com.

## 8. Will the Settlement Class Representatives receive any additional money?

Class Counsel will also ask the Court for a service award to be paid to the Plaintiff in the amount of no more than $15,000. This payment is designed to compensate the Plaintiff for the time, effort, and risks she undertook in pursuing the Action, gathering and providing documents related to her Merrill accounts, submitting to a lengthy deposition, answering multiple sets of interrogatories during the discovery process, consulting with counsel, reviewing various legal filings, and preparing for trial. This amount will have to be approved by the Court. Any amount approved by the Court will be paid from the Settlement Fund.

## 9. Can I exclude myself from the Settlement?

Class Members were previously given notice that a Class had been certified in the Action and an opportunity to exclude themselves. Class Members are now being given another opportunity to exclude themselves from, or "opt out" of, the Class. If you exclude yourself, you will not be bound by any orders or judgments in this Action and will not share in the Settlement. But you will keep your right to sue Merrill separately about the same legal claims in this lawsuit. To exclude yourself, you must mail a letter stating that you request to be "excluded from the Class in *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, Case No. 1:19-cv-07998-VEC." Your request must include your full name, mailing address, email address, telephone number, and your personal signature. Requests on behalf of more than one Class Member will be deemed invalid. Your request must be mailed to Valelly v. Merrill Lynch, c/o JND Legal Administration, PO Box 91219, Seattle, WA 98111 and **postmarked** no later than _____, i.e., twenty-one (21) days prior to the Settlement Hearing. **If you previously excluded yourself from the Class, you do not need to do anything further.**

---

[2] Prior to the Action, Class Counsel entered into a fee sharing agreement with Richard J. Vita, Vita Law Offices P.C., 100 State Street, Suite 900, Boston, Massachusetts 02109, to pay Mr. Vita 15% of any net fees awarded to Class Counsel. Plaintiff consented to the agreement.

## 10. How do I object to or comment on the Settlement?

If you are a Class Member, you can tell the Court what you think of the Settlement. You can object to the Settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. If the Court denies approval of the Settlement, no Settlement benefits will be made available, and the lawsuit will continue. If the Court approves the Settlement, you will still be eligible to receive settlement benefits even if you object to the Settlement.

You may also, but are not required to, appear at the Settlement Hearing (see Section 11 below), either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To appear and speak at the Settlement Hearing, you need to give prior notice to the Court.

To object, you must file a written objection with the Court stating that you object to the Settlement or any portion of counsel's requests. **Your objection must include:**

(1) The case name and number of this Action (*Valelly v. Merrill Lynch*, Case No. 1:19-cv-07998-VEC);
(2) Your full name, current address, telephone number, and email address and, if you are represented by counsel, those of your counsel;
(3) A statement whether the objection applies only to you, to a specific subset of the Class, or to the entire Class;
(4) Identification of your RASP cash balances, interest amounts, and interest rates paid therein during the Class Period, with supporting documentation. You may redact any confidential information such as account numbers, or information you deem irrelevant, such as your investments in stocks or bonds;
(5) A signed statement of the specific grounds for the objection;
(6) A statement of whether you intend to appear at the Settlement Hearing, and if so, whether personally or through counsel.
(7) A detailed description of any evidence you may offer at the Settlement Hearing; and
(8) Copies of any exhibits you may introduce at the Settlement Hearing.

**To be considered by the Court, your written objection must be filed with the Court and mailed and delivered to Class Counsel and counsel for Merrill twenty-one (21) days prior to the Settlement Hearing (the "Objection Deadline").** The Court's address is: Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Class Counsel's address is: Robert C. Finkel, Wolf Popper LLP, 570 Lexington Avenue, 19th Floor New York, NY 10022. Merrill's counsel's address is: Lara Samet Buchwald, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017

If you do not comply with these procedures and the Objection Deadline, you may lose any opportunity to have your objection considered at the Settlement Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the Settlement.

## 11. When will the Court decide if the Settlement is approved?

The Court will hold a hearing on **xx xx, 2027**, to consider whether to approve the Settlement ("Settlement Hearing"). The Settlement Hearing will be held before the Honorable Valerie Caproni at xx:00 a.m., in Courtroom 20C of the United States District Court, 500 Pearl Street, New York, NY 10007. Consult the Settlement Website for updated information on the hearing date and time (which may be moved by the Court).

## 12. How do I get more information?

This Notice is only a summary of the Action and the Settlement. Other important documents can be accessed through the Settlement Website. If you have questions but do not have internet access, you may contact the Administrator. Please note that the Court and Merrill cannot respond to any questions regarding this Notice, the Action, or the proposed Settlement.

Please be advised that Class Counsel's office does not necessarily have information about whether you are a Class Member or the amount of your Cash Payment. Please contact the **Administrator** (contact information on page 1) if you wish to determine whether you are a member of the Class or to obtain information about your payment options. If you wish to communicate directly with Class Counsel about the Settlement or the Action, you may contact Wolf Popper LLP at 570 Lexington Avenue, 19th Floor New York, NY 10022, (212) 759-4600, or outreach@wolfpopper.com.

| | Tier 1 | | | | Tier 2 | | | | Tier 3 | | | | Tier 4 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (v%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] | But-For Annual RASP Interest Rate (%) [A] | Actual Annual RASP Interest Rate (%) [B] | Monthly Estimated Incremental Rate (%) [C] | Monthly Estimated Claim for $10,000 Balance in RASP Account ($) [D] |
| 12/1/2016* | 0.0090 | 0.01 | 0.0000 | $0.00 | 0.0186 | 0.01 | 0.0004 | $0.04 | 0.0225 | 0.01 | 0.0006 | $0.06 | 0.0255 | 0.02 | 0.0003 | $0.03 |
| 1/1/2017 | 0.0251 | 0.01 | 0.0013 | $0.13 | 0.0523 | 0.01 | 0.0036 | $0.36 | 0.0631 | 0.01 | 0.0045 | $0.45 | 0.0715 | 0.02 | 0.0044 | $0.44 |
| 2/1/2017 | 0.0359 | 0.01 | 0.0020 | $0.20 | 0.0748 | 0.01 | 0.0050 | $0.50 | 0.0902 | 0.01 | 0.0062 | $0.62 | 0.1023 | 0.02 | 0.0063 | $0.63 |
| 3/1/2017 | 0.0514 | 0.01 | 0.0035 | $0.35 | 0.1069 | 0.01 | 0.0082 | $0.82 | 0.1289 | 0.01 | 0.0101 | $1.01 | 0.1462 | 0.02 | 0.0107 | $1.07 |
| 4/1/2017 | 0.0771 | 0.01 | 0.0055 | $0.55 | 0.1605 | 0.01 | 0.0124 | $1.24 | 0.1935 | 0.01 | 0.0151 | $1.51 | 0.2194 | 0.02 | 0.0164 | $1.64 |
| 5/1/2017 | 0.0982 | 0.01 | 0.0075 | $0.75 | 0.2043 | 0.01 | 0.0165 | $1.65 | 0.2463 | 0.01 | 0.0201 | $2.01 | 0.2794 | 0.02 | 0.0220 | $2.20 |
| 6/1/2017 | 0.1127 | 0.04 | 0.0060 | $0.60 | 0.2346 | 0.08 | 0.0125 | $1.25 | 0.2828 | 0.09 | 0.0155 | $1.55 | 0.3207 | 0.12 | 0.0163 | $1.63 |
| 7/1/2017 | 0.1366 | 0.14 | 0.0000 | $0.00 | 0.2842 | 0.33 | 0.0000 | $0.00 | 0.3427 | 0.38 | 0.0000 | $0.00 | 0.3886 | 0.47 | 0.0000 | $0.00 |
| 8/1/2017 | 0.1566 | 0.14 | 0.0014 | $0.14 | 0.3259 | 0.33 | 0.0000 | $0.00 | 0.3929 | 0.38 | 0.0012 | $0.12 | 0.4456 | 0.47 | 0.0000 | $0.00 |
| 9/1/2017 | 0.1651 | 0.14 | 0.0021 | $0.21 | 0.3435 | 0.33 | 0.0012 | $0.12 | 0.4142 | 0.38 | 0.0029 | $0.29 | 0.4697 | 0.47 | 0.0001 | $0.01 |
| 10/1/2017 | 0.1628 | 0.14 | 0.0019 | $0.19 | 0.3388 | 0.33 | 0.0008 | $0.08 | 0.4084 | 0.38 | 0.0025 | $0.25 | 0.4632 | 0.47 | 0.0000 | $0.00 |
| 11/1/2017 | 0.1668 | 0.14 | 0.0022 | $0.22 | 0.3472 | 0.33 | 0.0015 | $0.15 | 0.4186 | 0.38 | 0.0032 | $0.32 | 0.4748 | 0.47 | 0.0005 | $0.05 |
| 12/1/2017 | 0.1713 | 0.14 | 0.0027 | $0.27 | 0.3565 | 0.33 | 0.0023 | $0.23 | 0.4298 | 0.38 | 0.0043 | $0.43 | 0.4874 | 0.47 | 0.0016 | $0.16 |
| 1/1/2018 | 0.1893 | 0.14 | 0.0042 | $0.42 | 0.3941 | 0.33 | 0.0055 | $0.55 | 0.4751 | 0.38 | 0.0081 | $0.81 | 0.5389 | 0.47 | 0.0059 | $0.59 |
| 2/1/2018 | 0.2040 | 0.14 | 0.0049 | $0.49 | 0.4246 | 0.33 | 0.0073 | $0.73 | 0.5119 | 0.38 | 0.0102 | $1.02 | 0.5806 | 0.47 | 0.0086 | $0.86 |
| 3/1/2018 | 0.2091 | 0.14 | 0.0059 | $0.59 | 0.4353 | 0.33 | 0.0090 | $0.90 | 0.5248 | 0.38 | 0.0124 | $1.24 | 0.5952 | 0.47 | 0.0107 | $1.07 |
| 4/1/2018 | 0.2291 | 0.14 | 0.0073 | $0.73 | 0.4768 | 0.33 | 0.0121 | $1.21 | 0.5748 | 0.48 | 0.0081 | $0.81 | 0.6520 | 0.61 | 0.0031 | $0.31 |
| 5/1/2018 | 0.2628 | 0.14 | 0.0104 | $1.04 | 0.5470 | 0.33 | 0.0185 | $1.85 | 0.6594 | 0.50 | 0.0136 | $1.36 | 0.7479 | 0.65 | 0.0085 | $0.85 |
| 6/1/2018 | 0.2749 | 0.14 | 0.0111 | $1.11 | 0.5721 | 0.33 | 0.0199 | $1.99 | 0.6898 | 0.56 | 0.0110 | $1.10 | 0.7823 | 0.70 | 0.0064 | $0.64 |
| 7/1/2018 | 0.3001 | 0.14 | 0.0136 | $1.36 | 0.6247 | 0.33 | 0.0251 | $2.51 | 0.7531 | 0.60 | 0.0132 | $1.32 | 0.8541 | 0.75 | 0.0091 | $0.91 |
| 8/1/2018 | 0.3138 | 0.14 | 0.0148 | $1.48 | 0.6531 | 0.33 | 0.0275 | $2.75 | 0.7874 | 0.60 | 0.0161 | $1.61 | 0.8931 | 0.75 | 0.0124 | $1.24 |
| 9/1/2018 | 0.3273 | 0.14 | 0.0154 | $1.54 | 0.6812 | 0.33 | 0.0289 | $2.89 | 0.8212 | 0.60 | 0.0183 | $1.83 | 0.9314 | 0.75 | 0.0151 | $1.51 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/1/2018 | 0.3368 | 0.14 | 0.0167 | $1.67 | 0.7010 | 0.33 | 0.0316 | $3.16 | 0.8451 | 0.60 | 0.0210 | $2.10 | 0.9586 | 0.75 | 0.0180 | $1.80 |
| 11/1/2018 | 0.3764 | 0.14 | 0.0194 | $1.94 | 0.7835 | 0.33 | 0.0373 | $3.73 | 0.9446 | 0.60 | 0.0285 | $2.85 | 1.0714 | 0.75 | 0.0266 | $2.66 |
| 12/1/2018 | 0.3818 | 0.14 | 0.0205 | $2.05 | 0.7946 | 0.33 | 0.0395 | $3.95 | 0.9580 | 0.60 | 0.0306 | $3.06 | 1.0865 | 0.75 | 0.0288 | $2.88 |
| 1/1/2019 | 0.4014 | 0.14 | 0.0222 | $2.22 | 0.8355 | 0.33 | 0.0430 | $4.30 | 1.0072 | 0.60 | 0.0347 | $3.47 | 1.1424 | 0.75 | 0.0336 | $3.36 |
| 2/1/2019 | 0.4196 | 0.14 | 0.0215 | $2.15 | 0.8735 | 0.33 | 0.0417 | $4.17 | 1.0530 | 0.60 | 0.0349 | $3.49 | 1.1943 | 0.75 | 0.0343 | $3.43 |
| 3/1/2019 | 0.4321 | 0.14 | 0.0248 | $2.48 | 0.8994 | 0.33 | 0.0484 | $4.84 | 1.0843 | 0.60 | 0.0413 | $4.13 | 1.2298 | 0.75 | 0.0410 | $4.10 |
| 4/1/2019 | 0.4343 | 0.14 | 0.0242 | $2.42 | 0.9040 | 0.33 | 0.0472 | $4.72 | 1.0899 | 0.60 | 0.0404 | $4.04 | 1.2362 | 0.75 | 0.0402 | $4.02 |
| 5/1/2019 | 0.4336 | 0.14 | 0.0249 | $2.49 | 0.9024 | 0.33 | 0.0487 | $4.87 | 1.0879 | 0.60 | 0.0416 | $4.16 | 1.2339 | 0.75 | 0.0413 | $4.13 |
| 6/1/2019 | 0.4332 | 0.14 | 0.0241 | $2.41 | 0.9017 | 0.33 | 0.0470 | $4.70 | 1.0870 | 0.60 | 0.0402 | $4.02 | 1.2329 | 0.75 | 0.0399 | $3.99 |
| 7/1/2019 | 0.4223 | 0.14 | 0.0240 | $2.40 | 0.8791 | 0.33 | 0.0467 | $4.67 | 1.0598 | 0.60 | 0.0392 | $3.92 | 1.2020 | 0.75 | 0.0386 | $3.86 |
| 8/1/2019 | 0.4134 | 0.05 | 0.0309 | $3.09 | 0.8604 | 0.10 | 0.0646 | $6.46 | 1.0372 | 0.40 | 0.0542 | $5.42 | 1.1765 | 0.55 | 0.0533 | $5.33 |
| 9/1/2019 | 0.3645 | 0.05 | 0.0258 | $2.58 | 0.7586 | 0.09 | 0.0548 | $5.48 | 0.9145 | 0.34 | 0.0473 | $4.73 | 1.0373 | 0.49 | 0.0451 | $4.51 |
| 10/1/2019 | 0.3408 | 0.05 | 0.0247 | $2.47 | 0.7094 | 0.08 | 0.0535 | $5.35 | 0.8552 | 0.25 | 0.0518 | $5.18 | 0.9700 | 0.39 | 0.0491 | $4.91 |
| 11/1/2019 | 0.2779 | 0.05 | 0.0187 | $1.87 | 0.5784 | 0.06 | 0.0426 | $4.26 | 0.6973 | 0.15 | 0.0450 | $4.50 | 0.7909 | 0.25 | 0.0445 | $4.45 |
| 12/1/2019 | 0.2321 | 0.05 | 0.0155 | $1.55 | 0.4832 | 0.06 | 0.0359 | $3.59 | 0.5825 | 0.15 | 0.0367 | $3.67 | 0.6607 | 0.21 | 0.0379 | $3.79 |
| 1/1/2020 | 0.1987 | 0.05 | 0.0126 | $1.26 | 0.4135 | 0.06 | 0.0299 | $2.99 | 0.4985 | 0.15 | 0.0295 | $2.95 | 0.5654 | 0.20 | 0.0310 | $3.10 |
| 2/1/2020 | 0.1797 | 0.05 | 0.0103 | $1.03 | 0.3741 | 0.06 | 0.0249 | $2.49 | 0.4510 | 0.15 | 0.0239 | $2.39 | 0.5115 | 0.20 | 0.0247 | $2.47 |
| 3/1/2020* | 0.1451 | 0.02 | 0.0052 | $0.52 | 0.3019 | 0.03 | 0.0113 | $1.13 | 0.3640 | 0.05 | 0.0129 | $1.29 | 0.4129 | 0.08 | 0.0136 | $1.36 |

Notes:

[C]: ([A]-[B])×Days in Month÷365 (or 366 for leap years), with a minimum value of 0.
*Reflecting proration consistent with Class Period beginning and ending mid-month (December 15, 2016 and March 15, 2020).

[D]: [C]×$10,000.